

|  |  |
|---|---|
|  | **U.S. Department of Justice** |
|  |  |
|  | *United States Attorney* |
|  | *Eastern District of New York* |
| CRH/JMH/EHS | *271 Cadman Plaza East* |
| F. #2017R00906 | *Brooklyn, New York 11201* |

August 5, 2021

<u>By Email and Electronic File Sharing</u>

Paul A. Goldberger
Renee Melinda Wong
c/o Goldberger & Dubin PC
401 Broadway, Suite 306
New York, New York 10013

   Re: <u>United States v. Congying Zheng</u>
     <u>Criminal Docket No. 21-265 (PKC)</u>

Dear Counsel:

  Enclosed please find additional discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure, supplementing our production dated May 25, 2021. The government also requests reciprocal discovery from the defendant. Pursuant to Rule 16.1 of the Federal Rules of Criminal Procedure, the government remains available to confer further about pretrial discovery at a mutually convenient time.

  The materials provided with today's production are being provided subject to the protective order agreed to by the parties and entered by the Court on June 18, 2021. <u>See</u> ECF No. 70 ("the Protective Order").

  Today's production will be delivered via the USAFx platform. We recommend that you download a copy of the production for your archives as soon as practicable. Please do not hesitate to contact us if you have any difficulty accessing or downloading the production.

  A forensic report relating to iCloud accounts associated with defendants Michael McMahon, Yong Zhu, and others is enclosed, bearing Bates numbers CZ-000564 through CZ-000567. Selected items drawn from iCloud accounts associated with the defendant are also enclosed, bearing Bates numbers CZ-000568 through CZ-000576.

  Travel and visa records obtained from Customs and Border Protection ("CBP"), and associated with co-defendants Hu Ji, Li Minjun, Tu Lan, and Zhu Feng, as well as other co-conspirators, are enclosed, bearing Bates numbers CZ-000577 through CZ-000700. These items

have been designated as "sensitive discovery material" as that term is defined in the Protective Order.

Records obtained from Embassy Suites (Elizabeth, New Jersey) and the Edison Hotel (New York, New York), associated with lodging obtained by various co-defendants, are enclosed bearing Bates numbers CZ-000701 through CZ-000709.

Records obtained from GoDaddy.com in connection with an electronic account associated with defendant Michael McMahon are enclosed, bearing Bates numbers CZ-000710 through CZ-000825.

Correspondence from the New Jersey Motor Vehicle Commission is enclosed, bearing Bates numbers CZ-000826 through CZ-000827.

The folder bearing Bates number CZ-000828 contains records obtained from Oath, Inc., associated with an AOL electronic account associated with defendant Michael McMahon.

Records obtained and correspondence received from TDBank in connection with financial accounts associated with defendant Michael McMahon, bearing Bates numbers CZ-000829 through CZ-001655. These items have been designated as "sensitive discovery material" as that term is defined in the Protective Order.

Records obtained from Thumbtack, Inc., an Internet services provider, are enclosed, bearing Bates numbers CZ-001656 through CZ-001684; these records are associated with an account belonging to defendant Michael McMahon at Thumbtack.

Records obtained from United Airlines, Inc., in connection with travel by various defendants and other relevant individuals are enclosed, bearing Bates numbers CZ-001685 through CZ-001847. Please note that these records have been designated as "sensitive discovery material" as that term is defined in the Protective Order.

A forensic report relating to certain video material described in the superseding indictment (ECF No. 76, see ¶¶ 50-54) is enclosed, along with the underlying contents, all contained within the folder bearing Bates number CZ-001848. A narrative report summarizing this material is also enclosed, bearing Bates number CZ-001849 through CZ-001851. Please note that these materials have been designated as "sensitive discovery material" as that term is defined in the Protective Order.

Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of

the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

                                        Very truly yours,

                                        JACQUELYN M. KASULIS
                                        Acting United States Attorney

                    By:    /s/ J. Matthew Haggans
                                        Craig R. Heeren
                                        J. Matthew Haggans
                                        Ellen H. Sise
                                        Assistant U.S. Attorneys
                                        (718) 254-7000

Enclosures (via USAFx)
cc:    Clerk of the Court (PKC) (by ECF) (without enclosures)