**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:21-cr-00265 (PKC) (S-1) |
|                  Plaintiff, | *Filed electronically* |
|     v. | |
| HI JI, | |
| LI MINJUN, | |
| TU LAN, | |
| ZHU FENG, | |
|                  also known as "Johnny Zhu," | |
| KUANG ZEBIN, | |
|                  also known as "Vincent Kuang," | |
| MICHAEL MCMAHON, | |
| ZHAI YONGQIANG, | |
| ZHENG CONGYING and | |
| ZHU YONG, | |
|                  also known as "Jason Zhu, | |
|                  Defendants. | |

**BRIEF IN SUPPORT OF DEFENDANT MICHAEL MCMAHON'S MOTION TO DISMISS COUNTS I, II, III, AND IV OF THE SUPERSEDING INDICTMENT, AND TO CHALLENGE VENUE AS TO COUNTS II AND IV OF THE SUPERSEDING INDICTMENT**

**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500

**Law Offices of Brian J. Neary**
21 Main Street
Court Plaza South, Suite 305
Hackensack, New Jersey 07601
(973) 596-4500
*Attorneys for defendant Michael McMahon*

*On the brief:*
Lawrence S. Lustberg, Esq.
Genna A. Conti, Esq.

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .............................................................................................................................. 3

I.     COUNTS I, II, III AND IV OF THE SUPERSEDING INDICTMENT MUST BE
       DISMISSED AGAINST MR. MCMAHON. ................................................................... 3

       1.     Interstate Stalking (Count IV)............................................................................ 5

       2.     Acting as An Agent of a Foreign Government Without Prior Notification
              to the Attorney General (Count II).......................................................... 8

       3.     Conspiracy (Counts I and III). ........................................................................... 9

II.    ALTERNATIVELY, COUNTS II AND IV OF THE SUPERSEDING
       INDICTMENT SHOULD BE DISMISSED AGAINST MR. MCMAHON FOR
       IMPROPER VENUE. ..................................................................................................... 11

CONCLUSION ........................................................................................................................ 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Russell v. United States*,
    369 U.S. 749 (1962)..................................................................................3

*Travis v. United States*,
    364 U.S. 631 (1961)................................................................................13

*United States v. Aleynikov*,
    737 F. Supp. 2d 173 (S.D.N.Y. 2010)..........................................3, 8, 10

*United States v. Anderson*,
    328 U.S. 699 (1946)................................................................................13

*United States v. Beech-Nut Nutrition Corp.*,
    871 F.2d 1181 (2d Cir. 1989)...........................................................13, 14

*United States v. Bel-Mar Labs., Inc.*,
    284 F. Supp. 875 (E.D.N.Y. 1968) ........................................................3

*United States v. Bezmalinovic*,
    962 F. Supp. 435 (S.D.N.Y. 1997) .......................................................12

*United States v. Cabrales*,
    524 U.S. 1 (1998)........................................................................12, 13, 14

*United States v. Chow*,
    993 F.3d 125 (2d Cir. 2021)...................................................................13

*United States v. Chung*,
    659 F.3d 815, 823 (9th Cir. 2011) ..........................................................8

*United States v. Coplan*,
    703 F.3d 46 (2d Cir. 2012).....................................................................12

*United States v. Courtois*,
    No. S81 Cr. 53-CSH, 1981 WL 1639 (S.D.N.Y. June 5, 1981) .............9

*United States v. Davis*,
    689 F.3d 179 (2d Cir. 2012)...................................................................14

*United States v. Dupree*,
    870 F.3d 62 (2d Cir. 2017).................................................................3, 4

*United States v. Duran*,
    596 F.3d 1283 (11th Cir. 2010) ..............................................................................8

*United States v. Gonzalez*,
    686 F.3d 122 (2d Cir. 2012)................................................................................3, 4

*United States v. Gonzalez*,
    No. CR 2009-0718(SJ)(MDG), 2011 WL 1405111 (E.D.N.Y. Mar. 23, 2011)....................13

*United States v. Johnson*,
    323 U.S. 273 (1944)...........................................................................................13

*United States v. Jones*,
    483 F.3d 60 (2d Cir. 2006)...................................................................................10

*United States v. Kim*,
    246 F.3d 186 (2d Cir. 2001).................................................................................14

*United States v. Lange*,
    No. 10-CR-968 (DLI), 2012 WL 511448 (E.D.N.Y. Feb. 15, 2012) ......................................13

*United States v. Laurent*,
    861 F. Supp. 2d 71 (E.D.N.Y. 2011) ...............................................................................4

*United States v. Marsalis*,
    314 F. Supp. 3d 462 (E.D.N.Y. 2018) ................................................................................3

*United States v. Mennuti*,
    639 F.2d 107 (2d Cir. 1981)...........................................................................4, 8, 9

*United States v. Pacione*,
    738 F.2d 567 (2d Cir. 1984)...............................................................................4, 8

*United States v. Pirro*,
    212 F.3d 86 (2d Cir. 2000)................................................................................4, 8

*United States v. Praddy*,
    725 F.3d 147 (2d Cir. 2013)................................................................................10

*United States v. Purcell*,
    967 F.3d 159 (2d Cir. 2020)............................................................................13, 14

*United States v. Ramirez*,
    420 F.3d 134 (2d Cir. 2005)................................................................................13

*United States v. Rodriguez-Moreno*,
    526 U.S. 275 (1999)...........................................................................................12

*United States v. Rowe*,
    313 F.3d 271 (2d Cir. 2005)................................................................................11

*United States v. Saavedra*,
    223 F.3d 85 (2d Cir. 2000)........................................................................12

*United States v. Seeger*,
    303 F.2d 478 (2d Cir. 1962)......................................................................3

*United States v. Shepard*,
    No. CR 10-1032-TUC-CKJ, 2012 WL 113027 (D. Ariz. Jan. 13, 2012) ................7

*United States v. Shrader*,
    737 F. Supp. 2d 589 (S.D.W.V. 2010)........................................................7

*United States v. Svoboda*,
    347 F.3d 371 (2d Cir. 2003)......................................................................10

*United States v. Tabb*,
    949 F.3d 81 (2d Cir. 2020)........................................................................10

*United States v. Tzolov*,
    642 F.3d 314 (2d Cir. 2011)......................................................................13

**Statutes**

18 U.S.C. § 2 ......................................................................................................2

18 U.S.C. § 371 ....................................................................................... *passim*

18 U.S.C. § 951(a) .............................................................................2, 5, 8, 14

18 U.S.C. § 951(d) ...............................................................................................8

18 U.S.C. § 1512(c)(2) .........................................................................................2

18 U.S.C. § 1512(k) ..............................................................................................2

18 U.S.C. § 2261A ................................................................................................7

18 U.S.C. § 2261A(1)(B) ..........................................................................2, 5, 14

18 U.S.C. § 3551 ...............................................................................................1, 2

26 U.S.C. § 7206(1) .............................................................................................4

**Other Authorities**

Blume, The Place of Trial of Criminal Cases: Constitutional Vicinage and Venue,
    43 Mich.L.Rev. 59 (1944).......................................................................12

**Rules**

Fed. R. Crim. P. 7(c)(1) ................................................................................................3

Fed. R. Crim. P. 12(b)(1) .............................................................................................4

Fed. R. Crim. P. 18 ....................................................................................................12

**Treatises**

2 Charles Alan Wright, Federal Practice and Procedure § 301 (3d ed. 2000) .............................12

**Constitutional Provisions**

Sixth Amendment ....................................................................................................12

U.S. Const. art. III, § 2, cl. 3 .....................................................................................12

## PRELIMINARY STATEMENT

Defendant Michael McMahon is "a 53-year-old U.S. citizen" and "a licensed private detective in New Jersey." ECF No. 77, ¶ 6. "Beginning in approximately September 2016, the defendant ZHU YONG, together with [Co-Conspirator #1] and others, hired [Mr. McMahon] to investigate and surveil John Doe #1." *Id.*, ¶ 18. Mr. McMahon performed lawful investigative services in connection with the matter; specifically, Mr. McMahon "conduct[ed] surveillance of John Doe #1", "obtain[ed] John Doe #1's banking information", obtained "information regarding John Doe #1 and his family", located John Doe #1's father, "performed surveillance in the vicinity of the house belonging of Jane Doe #1's relatives", and "monitored the meeting of John Doe #1 and his father." *Id.*, ¶¶ 19, 21, 26, 27. Notably, Mr. McMahon did not perform any investigative services outside of the District of New Jersey and never entered the Eastern District of New York in connection with this matter.

Mr. McMahon was suddenly arrested on October 28, 2020 and charged in a two-count criminal complaint with Conspiracy to Act as an Agent of a Foreign Government Without Prior Notification to the Attorney General in violation of 18 U.S.C. § 371 and with Conspiracy to Engage in Interstate Stalking in violation of 18 U.S.C. § 371. *See* ECF No. 1. On May 15, 2021, a Grand Jury sitting in the Eastern District of New York returned an indictment charging defendants Hu Ji, Li Minjun, Zhu Feng (also known as "Johnny Zhu"), Michael McMahon, Zheng Congying, and Zhu Yong (also known as "Jason Zhu") with Conspiracy to Act as an Agent of a Foreign Government Without Prior Notification to the Attorney General in violation of 18 U.S.C. § 371 and 18 U.S.C. § 3551 (Count I) and with Conspiracy to Engage in Interstate Stalking in violation of 18 U.S.C. § 371 and 18 U.S.C. § 3551 (Count II). *See* ECF No. 54. Thereafter, on July 21, 2021, a Grand Jury sitting in the Eastern District of New York returned a Superseding Indictment charging defendants Hu Ji, Li Minjun, Tu Lan, Zhu Feng (also known as "Johnny Zhu"), Kuang

Zebin (also known as "Vincent Kuang"), Michael McMahon, Zhai Yongqiang, Zheng Conguing and Zhu Yong (also known as "Jason Zhu") with Conspiracy to Act as an Agent of a Foreign Government Without Prior Notification to the Attorney General in violation of 18 U.S.C. § 371 and 18 U.S.C. § 3551 (Count I), Acting as an Agent of a Foreign Government Without Prior Notification to the Attorney General in violation of 18 U.S.C. § 951(a), 18 U.S.C. § 2, and 18 U.S.C. § 3551 (Count II), Conspiracy to Engage in Interstate Stalking in violation of 18 U.S.C. § 371 and 18 U.S.C. § 3551 (Count III), and Stalking in violation of 18 U.S.C. § 2261A(1)(B), 18 U.S.C. § 2, and 18 U.S.C. § 3551 (Count IV).[1] *See* ECF No. 77.

On September 27, 2021, Mr. McMahon was arraigned and on November 22, 2021, the Court held a status conference, during which the Court Ordered Mr. McMahon to file any Motion to Sever, Dismiss, and/or Challenge Venue by December 10, 2021.  This brief is respectfully submitted in support of defendant Michael McMahon's Motion to Dismiss Counts I, II, III, and IV of the Superseding Indictment and to Challenge Venue as to Counts II and IV of the Superseding Indictment.

For the reasons set forth below, Mr. McMahon respectfully moves to dismiss Counts I, II, III, and IV of the Superseding Indictment.  As discussed herein, the Superseding Indictment fails to set forth the essential facts necessary to state a cause of action against Mr. McMahon.  That is, the Superseding Indictment does not allege that Mr. McMahon "travel[ed] in interstate or foreign commerce" or that Mr. McMahon "engage[d] in conduct that cause[d], attempt[ed] to cause and would be reasonably expected to cause John Doe #1 and Jane Doe #1 substantial emotional distress" as necessary to establish a violation of 18 U.S.C. § 2261A(1)(B); that Mr. McMahon

---

[1] The Superseding Indictment also charges defendants Tu Lan and Zhu Feng (also known as "Johnny Zhu") with Obstruction of Justice in violation of 18 U.S.C. § 1512(c)(2), 18 U.S.C. § 2, and 18 U.S.C. § 3551 (Count V) and Conspiracy to Obstruct Justice in violation of 18 U.S.C. § 1512(k) and 18 U.S.C. § 3551 (Count VI).

"agreed to operate within the United States subject to the direction or control of a foreign government or official" as necessary to establish a violation of 18 U.S.C. § 951(a); or that Mr. McMahon "knowing[ly] and willful[ly]" entered into an agreement with another to commit "an offense against the United States" as necessary to establish a violation of 18 U.S.C. § 371. Moreover, the Superseding Indictment fails to establish venue as to Counts II and IV of the Superseding Indictment, as Mr. McMahon never left the State of New Jersey in conducting his investigative services in connection with the events alleged in the Superseding Indictment.

## ARGUMENT

### I.     COUNTS I, II, III AND IV OF THE SUPERSEDING INDICTMENT MUST BE DISMISSED AGAINST MR. MCMAHON.

It is well established that "[i]ndictments must contain both 'a plain, concise, and definite written statement of the essential facts constituting the offense charged' and a 'citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.'" *United States v. Marsalis*, 314 F. Supp. 3d 462, 464 (E.D.N.Y. 2018) (quoting Fed. R. Crim. P. 7(c)(1)). "The statements of essential facts and statutory citation are separate requirements, and a deficiency in the factual allegations cannot be cured by a statutory citation in the same count." *United States v. Dupree*, 870 F.3d 62, 70 (2d Cir. 2017) (quoting *United States v. Gonzalez*, 686 F.3d 122, 128 (2d Cir. 2012)). "Indeed, 'an important corollary purpose' of the requirement that an indictment state the elements of an offense 'is to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had.'" *United States v. Aleynikov*, 737 F. Supp. 2d 173, 176 (S.D.N.Y. 2010) (quoting *Russell v. United States*, 369 U.S. 749, 768 (1962)); *see also United States v. Bel-Mar Labs., Inc.*, 284 F. Supp. 875, 884 (E.D.N.Y. 1968) ("As a corollary purpose, the charging document must also inform the court of the facts alleged so that the court may decide whether they would be sufficient to support a conviction."); *United States v. Seeger*, 303 F.2d 478, 482 (2d Cir. 1962) ("The object of the

3

indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." (citation omitted)).

Fed. R. Crim. P. 12(b)(1), governing pretrial motions, provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  Under this provision, a defendant may seek the dismissal of a charge "that does not state an offense under the charged statute." *United States v. Laurent*, 861 F. Supp. 2d 71, 109 (E.D.N.Y. 2011); *see also Dupree*, 870 F.3d at 70 ("An indictment that does not set out all of the essential elements of the offense charged is defective." (quoting *United States v. Gonzalez*, 686 F.3d 122, 127 (2d Cir. 2012))).  Specifically, "[d]ismissal is required where the conduct alleged in the indictment as a factual basis for the offense is not actually prohibited by the language of the statute."  *Id.*  For example, in *United States v. Pirro*, 212 F.3d 86, 88, 91, 93 (2d Cir. 2000), the Second Circuit upheld the District Court's holding that the indictment, which alleged that the defendant "willfully and knowingly made and subscribed a false 1992 tax return for [p]roperties in violation of [26 U.S.C. §] 7206(1)," "failed to sufficiently allege the second element of a section 7206(1) violation, namely a material falsehood or an omission that amounted to a material falsehood," as "the indictment fail[ed] to allege the essential facts constituting the offense charged."  *See also United States v. Pacione*, 738 F.2d 567, 572 (2d Cir. 1984) (affirming district court's dismissal of the indictment charging the defendant "with violations of the extortionate credit transactions statute" where "the totality of facts asserted by the government to be provable against [the defendant did] not establish a violation of the statute" as the defendant made no "threats of any sort to anyone"); *United States v. Mennuti*, 639 F.2d 107, 113 (2d Cir. 1981)

(upholding district court's pre-trial dismissal of an indictment on the ground that the government's proposed proof would not establish a crime within the terms of the statute).

Here, Counts I and III of the Superseding Indictment charge Mr. McMahon with Conspiracy in violation of 18 U.S.C. § 371, Count II charges Mr. McMahon with Acting as an Agent of a Foreign Government Without Prior Notification to the Attorney General in violation of 18 U.S.C. § 951(a), and Count IV charges Mr. McMahon with Stalking in violation of 18 U.S.C. § 2261A(1)(B).  However, the Superseding Indictment does not allege the essential facts that constitute the offenses charged against Mr. McMahon; rather, the facts alleged only amount to lawful conduct that Mr. McMahon is permitted to engage in as a licensed private investigator, and thus, Counts I, II, III and IV of the Superseding Indictment must be dismissed.

### 1.    Interstate Stalking (Count IV).

Count IV of the Superseding Indictment charges Mr. McMahon with interstate stalking under 18 U.S.C. § 2261A(1)(B).  To establish that Mr. McMahon engaged in interstate stalking, the Government must show that Mr. McMahon "travel[ed] in interstate or foreign  commerce . . . with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, and in the course of, or as a result of, such travel or presence engage[d] in conduct that cause[d], attempt[ed] to cause, or would be reasonably expected to cause substantial emotional distress to" that person, that person's immediate family member, or that person's spouse or intimate partner.  Here, the key missing factual elements from the Superseding Indictment are that Mr. McMahon either "travel[ed] in interstate or foreign commerce" or "engage[d] in conduct that cause[d], attempt[ed] to cause, or would be reasonably expected to cause substantial emotional distress to" that person, that person's immediate family member, or that person's spouse or intimate partner.  18 U.S.C. § 2261A(1)(B).

5

*First*, – and most fundamental to the charge of interstate stalking – is that the Superseding Indictment nowhere alleges that Mr. McMahon "travel[ed] in interstate or foreign commerce." 18 U.S.C. § 2261A(1)(B). Rather, each and every act allegedly performed by Mr. McMahon as asserted in the Superseding Indictment occurred within the State of New Jersey. Specifically, the Superseding Indictment alleges that shortly after September 2016, "the defendant MICHAEL MCMAHON began to investigate John Doe #1 and his family, including by conducting surveillance of John Doe #1." ECF No. 77, ¶ 19. The Superseding Indictment goes on to allege that "[d]uring the evening of April 5, 2017, certain co-conspirators brought John Doe #1's father to a house in New Jersey that belonged to Jane Doe #1's relatives" and that "[a]t or about the same time, the defendant MICHAEL MCMAHON performed surveillance in the vicinity of the house belonging to Jane Doe #1's relatives to determine the present locations of members of John Doe #1's family, including John Doe #1[.]" *Id.* at ¶ 26. Moreover, the Superseding Indictment provides that "[t]he next day, on or about April 6, 2017, John Doe #1 met his father at a public location, before they returned together to John Doe #1's residence. The defendant MICHAEL MCMAHON and other co-conspirators monitored the meeting of John Doe #1 and his father." *Id.* at ¶ 27. Since the surveillance conducted by Mr. McMahon as described in the Superseding Indictment occurred exclusively in New Jersey and the Superseding Indictment is silent as to any activity performed by Mr. McMahon that occurred outside of the State of New Jersey, the Superseding Indictment fails to set forth the most fundamental element of interstate stalking – that Mr. McMahon traveled in interstate or foreign commerce – and Count IV of the Superseding Indictment must be dismissed.[2]

---

[2] The discovery received by Mr. McMahon thus far also does not demonstrate that Mr. McMahon engaged in any interstate travel whatsoever.

*Second*, no facts are contained in the Superseding Indictment to support the Government's bare statutory citation that Mr. McMahon engaged in conduct "that caused, attempted to cause and would be reasonably expected to cause John Doe #1 and Jane Doe #1 substantial emotional distress." ECF No. 77, ¶ 65. That is, the Superseding Indictment alleges that Mr. McMahon conducted surveillance and searches to obtain information, including banking information, international travel information, and personal identifying information, of several individuals. *See* ECF No. 77, ¶¶ 19, 21, 26, 27. It is not irregular – let alone a criminal offense – for Mr. McMahon to conduct surveillance and searches for information in connection with his investigation, as this conduct falls squarely within the scope of his lawful services as a licensed private investigator.

Perhaps more significantly for purposes of this motion, the Superseding Indictment fails to allege at any point that the subjects of Mr. McMahon's investigation were even aware that Mr. McMahon was conducting surveillance; conducting a covert operation, as the Superseding Indictment specifically alleges, *see* ECF No. 77, ¶ 23 (alleging that the co-conspirators ensured "that the scheme remained covert"), Mr. McMahon could not have caused the distress required by the statute to a subject who did not know what he was doing. *See United States v. Shepard*, No. CR 10-1032-TUC-CKJ, 2012 WL 113027, at *9 (D. Ariz. Jan. 13, 2012) ("To violate 18 U.S.C. § 2261A, a defendant . . . must actually cause substantial emotional distress to another person."); *see also United States v. Shrader*, 737 F. Supp. 2d 589, 595 (S.D.W.V. 2010) ("The text of Section 2261A(2) indicates that the criminal act is not just the course of conduct, but also the impact of the course of conduct onto the 'person.' Without the requisite emotional distress or fear by the 'person,' a defendant's course of conduct alone will not allow for a conviction under Section 2261A(2).").

In sum, the Superseding Indictment contains no allegation – and, by its allegations, undermines any contention – that Mr. McMahon went beyond his lawfully permitted activities

"that caused, attempted to cause and would be reasonably expected to cause John Doe #1 and Jane Doe #1 substantial emotional distress," ECF No. 77, ¶ 65, and, as such Count IV of the Superseding Indictment must be dismissed.

### 2. Acting as An Agent of a Foreign Government Without Prior Notification to the Attorney General (Count II).

Count II of the Superseding Indictment alleges that Mr. McMahon acted as an agent of a foreign government without prior notification to the Attorney General. To establish that Mr. McMahon violated 18 U.S.C. § 951(a), the Government must show that Mr. McMahon "act[ed] in the United States as an agent of a foreign government without prior notification to the Attorney General . . . ." The term "agent of a foreign government" is defined as "an individual who agrees to operate within the United States subject to the direction or control of a foreign government or official[.]" 18 U.S.C. § 951(d). Although the Government need not show that Mr. McMahon was aware of the requirement to register as an agent of a foreign government, *see United States v. Duran*, 596 F.3d 1283, 1292 (11th Cir. 2010), the Government "must prove that . . . Defendant acted pursuant to an agreement to operate subject to direction or control of China," *United States v. Chung*, 659 F.3d 815, 823 (9th Cir. 2011).

As discussed, it is well established that a trial court may dismiss an indictment that "fails to allege the essential facts constituting the offense charged." *Aleynikov*, 737 F. Supp. 2d at 176 (citation omitted); *see also Pirro*, 212 F.3d at 91, 93 (affirming dismissal where Government's proposed proof would not establish a crime within the terms of the statute); *Pacione*, 738 F.2d at 572 (affirming district court's dismissal of the indictment charging the defendant "with violations of the extortionate credit transactions statute" where "the totality of facts asserted by the government to be provable against [the defendant did] not establish a violation of the statute" as the defendant made no "threats of any sort to anyone"); *Mennuti*, 639 F.2d at 113 (upholding

district court's pre-trial dismissal of an indictment on the ground that the government's proposed proof would not establish a crime within the terms of the statute).

Here, a review of the Superseding Indictment reveals that it does not include any factual allegation that Mr. McMahon "agree[d] to operate within the United States subject to the direction or control of a foreign government or official[.]"  *Id.*  Rather, the facts alleged in the Superseding Indictment show only that Mr. McMahon agreed to investigate and conduct surveillance, as he is legally permitted to do as a licensed private investigator – not that Mr. McMahon agreed to, or was even aware, that the investigation was at the direction or control of a foreign government or official.  *See* ECF No. 77, ¶ 18 ("Beginning in approximately September 2016, the defendant ZHU YONG, together with a co-conspirator . . . and others, hired the defendant MICHAEL MCMAHON to investigate and surveil John Doe #1."); *id.*, ¶¶ 58(a), 63(a) ("On or about and between September 26, 2016 and October 5, 2016, ZHU YONG retained MCMAHON to investigate and locate John Doe #1 and Jane Doe #1."); *id.*, ¶ 21 ("On or about March 27, 2017, the defendant HU JI contacted the defendant MICAHEL MCMAHON and advised MCMAHON that John Doe #1's father was traveling from the PRC to the United States, asked MCMAHON (in English) to 'trace' the father and locate John Doe #1's address and offered to pay MCMAHON in cash for his assistance.  MCMAHON accepted the offer.").  Since the Superseding Indictment fails to set forth any allegation that Mr. McMahon agreed to, or was even aware, that he was conducting his investigative services on behalf of the PRC, Count II of the Superseding Indictment must be dismissed against Mr. McMahon.

### 3.    Conspiracy (Counts I and III).

Finally, Count I of the Superseding Indictment alleges that Mr. McMahon entered into a conspiracy to act as an agent of a foreign government without prior notification to the Attorney General in violation of 18 U.S.C. § 371 and Count III alleges that Mr. McMahon entered into a

conspiracy to engage in interstate stalking in violation of 18 U.S.C. § 371. Since, for the reasons set forth *supra*, the substantive counts of the Superseding Indictment must be dismissed against Mr. McMahon, the conspiracy counts must also be dismissed. *See United States v. Courtois*, No. S81 Cr. 53-CSH, 1981 WL 1639, at *19 (S.D.N.Y. June 5, 1981) ("The substantive counts having been dismissed for legal insufficiency, it necessarily follows that the conspiracy count must also be dismissed. A conspiracy count will not lie under 18 U.S.C. § 371 if the actions forming the subject matter of the conspiracy do not themselves constitute substantive crimes.").

And, even if, *arguendo*, the substantive counts of the Superseding Indictment were legally sufficient, the Superseding Indictment does not set forth the essential facts to establish that Mr. McMahon entered into a conspiracy. To establish a *prima facie* case of conspiracy under 18 U.S.C. § 371, the Government must present evidence of "(1) an agreement among two or more persons, the object of which is an offense against the United States; (2) the defendant's knowing and willful joinder in that conspiracy; and (3) commission of an overt act in furtherance of the conspiracy by at least one of the alleged co-conspirators." *United States v. Svoboda*, 347 F.3d 371, 276 (2d Cir. 2003). Indeed, "[t]he essence of a conspiracy is an agreement by two or more persons to commit an unlawful act." *United States v. Tabb*, 949 F.3d 81, 88 (2d Cir. 2020); *see also United States v. Praddy*, 725 F.3d 147, 153 (2d Cir. 2013) ("The essence of the crime of conspiracy, of course, 'is the *agreement* . . . to commit one or more unlawful acts.'" (quoting *United States v. Jones*, 483 F.3d 60, 72 (2d Cir. 2006))). And, as discussed *supra*, I.2, a trial court may dismiss an indictment that "fails to allege the essential facts constituting the offense charged." *Aleynikov*, 737 F. Supp. 2d at 176 (citation omitted).

The Superseding Indictment fails to set forth any factual assertion that Mr. McMahon knowingly and willfully entered into an agreement with another to commit an offense against the United States. Indeed, the Superseding Indictment alleges that Mr. McMahon was hired by Zhu

Yong (also known as "Jason Zhu") and a co-conspirator "to investigate and surveil John Doe #1," ECF No. 77, ¶ 18, that Mr. McMahon was "retained . . . to investigate and locate John Doe #1 and Jane Doe #1," *id.*, ¶¶ 58(a), 63(a), and that Mr. McMahon "accepted [an] offer" from defendant Hu Ji (also known as "Eric Yan") "to 'trace' [John Doe #1's] father and John Doe #1's address" who "offered to pay [Mr. McMahon] in cash for his assistance," *id.*, ¶ 21.  Accordingly, the Superseding Indictment alleges only that Mr. McMahon accepted an agreement and was retained to perform lawful investigative services for which he is licensed, including conducting surveillance and obtaining information in connection with an individual – not that he knowingly and willfully entered into an agreement to engage in an unlawful scheme on behalf of the PRC to repatriate an individual.  Accordingly, Counts I and III of the Superseding Indictment, alleging that Mr. McMahon entered into a conspiracy to act as an agent of a foreign government without prior notification to the Attorney General and to commit interstate stalking under 18 U.S.C. § 371 must be dismissed.

In sum, Counts I, II, III, and IV of the Superseding Indictment must be dismissed against Mr. McMahon.

## II.     ALTERNATIVELY, COUNTS II AND IV OF THE SUPERSEDING INDICTMENT SHOULD BE DISMISSED AGAINST MR. MCMAHON FOR IMPROPER VENUE.

Alternatively, Mr. McMahon moves to dismiss Counts II and IV of the Superseding Indictment because venue is improper in the Eastern District of New York.  The conduct engaged in by Mr. McMahon allegedly constituting the essential elements of Counts II and IV of the Superseding Indictment occurred exclusively outside of the Eastern District of New York.  Indeed, the only locations set forth in the Superseding Indictment as it relates to the essential conduct

elements of Counts II and IV engaged in by Mr. McMahon occurred in the District of New Jersey; thus Counts II and IV of the Superseding Indictment must be dismissed.[3]

"[V]enue in federal criminal cases is controlled by a complicated interplay of constitutional provisions, statutes, and rules." *United States v. Rowe*, 313 F.3d 271, 277 (2d Cir. 2005) (quoting 2 Charles Alan Wright, Federal Practice and Procedure § 301 (3d ed. 2000)); *see also United States v. Bezmalinovic*, 962 F. Supp. 435, 436 (S.D.N.Y. 1997) (recognizing that the question of venue in a criminal case is one of constitutional dimension). As the Supreme Court has observed:

> Proper venue in criminal proceedings was a matter of concern to the Nation's founders. Their complaints against the King of Great Britain, listed in the Declaration of Independence, included his transportation of colonists "beyond the Seas to be tried."

*United States v. Cabrales*, 524 U.S. 1, 6 & n.1 (1998).[4] *See also United States v. Saavedra*, 223 F.3d 85, 88 (2d Cir. 2000) (discussing the historical and constitutional underpinnings of the venue requirement). For this reason, '[t]he Constitution twice safeguards the defendant's venue right.'" *Cabrales*, 524 U.S. at 6; *see also United States v. Coplan*, 703 F.3d 46, 76 (2d Cir. 2012) (same). Thus, Article III requires that "[t]he trial of all Crimes . . . shall be held in the State where the said

---

[3] Mr. McMahon does not assert that venue is improper as to Counts I and III of the Superseding Indictment given the allegation in the Superseding Indictment that "[o]n or about April 7, 2017, with the rendition operation in progress, the defendant TU LAN departed from John F. Kennedy International Airport, in Queens, New York, on a flight to Beijing, PRC." *See* ECF No. 77, ¶ 29.

[4] "The Declaration recited among injuries and usurpations attributed to the King: 'transporting us beyond Seas to be tried for pretended offences.'" *Cabrales*, 524 U.S. at 6 n.1 (quoting The Declaration of Independence, para. 21 (1776)). "A complaint of the same tenor appeared earlier, in the 1769 'Virginia Resolves.'" *Id.* (citing Blume, The Place of Trial of Criminal Cases: Constitutional Vicinage and Venue, 43 Mich.L.Rev. 59, 64 (1944)). "Parliament had decreed that colonists charged with treason could be tried in England." *Id.* (citing 16 Parliamentary History of England from Earliest Period to the Year 1803, at 476–510 (T. Hansard ed. 1813)). "In response, the Virginia House of Burgesses unanimously passed a resolution condemning the practice of sending individuals 'beyond the Sea, to be tried' as 'highly derogatory of the Rights of British subjects.'" *Id.* (citing Journals of the House of Burgesses of Virginia, 1766–1769, 214 (J. Kennedy ed.1906)).

Crimes shall have been committed."  U.S. Const. art. III, § 2, cl. 3.  In addition, the Sixth Amendment requires that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed."  These commands are codified in Federal Rule of Criminal Procedure 18, which provides that a "prosecution shall be had in a district in which the offense was committed."  *United States v. Rodriguez-Moreno*, 526 U.S. 275, 278 (1999).

The "venue requirement is principally a protection for the [criminal] defendant."  *Cabrales*, 524 U.S. at 9; *see also Travis v. United States*, 364 U.S. 631, 634 (1961) (cautioning that "venue provisions in Acts of Congress should not be so freely construed as to give the Government the choice of 'a tribunal favorable' to it."  (quoting *United States v. Johnson*, 323 U.S. 273, 275 (1944))).  "When a defendant challenges venue by way of a pre-trial motion to dismiss the indictment" the Government has the burden to "show that the indictment alleges facts sufficient to support venue."  *United States v. Lange*, No. 10-CR-968 (DLI), 2012 WL 511448, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *United States v. Gonzalez*, No. CR 2009-0718(SJ)(MDG), 2011 WL 1405111, at *1 (E.D.N.Y. Mar. 23, 2011)).  Moreover, "venue must be proper with respect to each count" and each count must be reviewed separately.  *United States v. Tzolov*, 642 F.3d 314, 318 (2d Cir. 2011) (quoting *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1188 (2d Cir. 1989)); *see also United States v. Chow*, 993 F.3d 125, 143 (2d Cir. 2021) ("[V]enue must be proper with respect to each count.").

If Congress does not explicitly designate the location in which it considers a crime to occur, the *locus delicti* of the offense charged in an indictment, that is, the place where the offense arose, "must be determined from the nature of the crime alleged and the location of the act or acts constituting it."  *Cabrales*, 524 U.S. at 6-7 (quoting *United States v. Anderson*, 328 U.S. 699, 703 (1946)); *see also Tzolov*, 642 F.3d at 318 ("When federal statute defining an offense does not

specify how to determine where the crime was committed, '[t]he *locus delicti* must be determined from the nature of the crime alleged and the location of the act or acts constituting it."). This is because "[v]enue is proper only where the acts constituting the offense – the crime's 'essential conduct elements' – took place." *United States v. Purcell*, 967 F.3d 159, 186 (2d Cir. 2020) (quoting *United States v. Ramirez*, 420 F.3d 134, 138 (2d Cir. 2005)); *see also Tzolov*, 642 F.3d at 318 (same). At the very least, some part of the crime actually charged in the indictment must have been committed in the district where the case is to be tried. *See Cabrales*, 524 U.S. at 7-8 (holding that a money laundering prosecution was improperly venued in Missouri because the defendant was actually charged in the indictment only with money laundering activity that occurred in Florida, but was not charged with having participated in the unlawful conduct in Missouri which generated the laundered funds in question); *Beech-Nut Nutrition Corp.*, 871 F.2d at 1189-90 (holding, in prosecution for introducing adulterated and misbranded apple juice into interstate commerce, that venue was not proper in the Eastern District of New York because the conduct that occurred in that district was "not part of the offense of introducing the offending juice into commerce but . . . merely prior and preparatory to that offense").

The Second Circuit "has set forth a two-step inquiry for analyzing venue." *Id.*; *see also United States v. Kim*, 246 F.3d 186, 191 (2d Cir. 2001) (recognizing that, to determine whether venue is proper, "the Supreme Court directed courts to first identify the conduct constituting the offense and then determine where that conduct occurred"). First, the Court must "seek to 'identify the conduct constituting the offense' based on the language of the statute." *Purcell*, 967 F.3d at 186 (quoting *United States v. Davis*, 689 F.3d 179, 185 (2d Cir. 2012)). Second, the Court must "discern the location of the commission of the criminal acts." *Id.* (quoting *Davis*, 689 F.3d at 185).

Here, as discussed *supra*, Count II of the Superseding Indictment charges Mr. McMahon with Acting as an Agent of a Foreign Government Without Prior Notification to the Attorney

General in violation of 18 U.S.C. § 951(a), and Count IV of the Superseding Indictment charges

Mr. McMahon with Stalking in violation of 18 U.S.C. § 2261A(1)(B). However, the conduct

engaged in by Mr. McMahon that is allegedly the basis for Counts II and IV of the Superseding

Indictment occurred solely within the District of New Jersey – there is no allegation that Mr.

McMahon ever entered the Eastern District of New York. Specifically, the Indictment alleges the

following:

- "Beginning in approximately September 2016, the defendant ZHU YONG, together with a co-conspirator . . . hired the defendant MICHAEL MCMAHON to investigate and surveil John Doe #1." ECF No. 77, ¶ 18.

- "Shortly thereafter, the defendant MICHAEL MCMAHON began to investigate John Doe #1 and his family, including by conducting surveillance of John Doe # 1[5] and obtaining John Doe #1's banking information. These activities were initially directed by the defendant ZHU YONG and later by the defendant HU JI and ZHU FENG. In the fall of 2016, MCMAHON sent HU JI information regarding John Doe #1 and his family. In or about November 2016, MCMAHON emailed HU JI and provided information about Jane Doe #1's international travel. Later, in or about December 2016, MCMAHON emailed HU JI information concerning Jane Doe #2's date of birth Social Security number and banking information." *Id.*, ¶ 19.

- "On or about October 27, 2016, HU JI, MCMAHON and ZHU YONG met at a restaurant in Paramus, New Jersey." *Id.*, ¶¶ 58(c); 63(c).

- "During the evening of April 5, 2017, certain co-conspirators brought John Doe #1's father to a house in New Jersey that belonged to Jane Doe #1's relatives. At or about the same time, the defendant MICHAEL MCMAHON performed surveillance in the vicinity of the house belonging to Jane Doe #1's relatives . . . ." *Id.*, ¶ 26.

- "The next day, on or about April 6, 2017, John Doe #1 met his father at a public location, before they returned together to John Doe #1's residence. The defendant MICHAEL MCMAHON and other co-conspirators monitored the meeting of John Doe #1 and his father.[6] That same day, the defendant ZHU FENG requested that

---

[5] The surveillance conducted by Mr. McMahon described in paragraph 19 of the Superseding Indictment occurred in Short Hills, New Jersey.

[6] The surveillance conducted by Mr. McMahon described in paragraph 27 of the Superseding Indictment also occurred in Short Hills, New Jersey.

MCMAHON run a database check for a license plate number and an address associated with John Doe #1.  MCMAHON provided that info."  *Id.*, ¶ 27.

Thus, every single fact alleged in the Superseding Indictment relating to Mr. McMahon occurred in the District of New Jersey: the Superseding Indictment does not allege that Mr. McMahon ever entered, conducted communications with an individual in, or otherwise had any connection to the Eastern District of New York.  Accordingly, venue is improper in the Eastern District of New York as to Counts II and IV of the Superseding Indictment as to Mr. McMahon, and Counts II and IV of the Indictment must be dismissed against Mr. McMahon.

## CONCLUSION

For the foregoing reasons, Mr. McMahon respectfully requests that the Court grant the relief requested herein.

Respectfully submitted,
**GIBBONS P.C.**
*Attorneys for Defendant*
*Michael McMahon*

By:     /s/ Lawrence S. Lustberg
        Lawrence S. Lustberg, Esq.

Date: December 10, 2021