```
                                                                    1

 1   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2   ------------------------------x
                                             21-CR-265(PKC)
 3   UNITED STATES OF AMERICA,
                                             United States Courthouse
 4            Plaintiff,                     Brooklyn, New York

 5            -against-                      June 13, 2022
                                             11:00 a.m.
 6   MICHAEL McMAHON, YONG ZHU
     and CONGYING ZHENG,
 7
              Defendants.
 8
     ------------------------------x
 9
            TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
10                BEFORE THE HONORABLE PAMELA K. CHEN
                     UNITED STATES DISTRICT JUDGE
11

12   APPEARANCES

13   For the Government:       UNITED STATES ATTORNEY'S OFFICE
                               Eastern District of New York
14                             271 Cadman Plaza East
                               Brooklyn, New York 11201
15                             BY:  CRAIG R. HEEREN, ESQ.
                                    ELLEN HANLEY SISE, ESQ.
16                             Assistant United States Attorneys

17
     For the Defendant:        GIBBONS, PC
18   Michael McMahon           One Riverfront Plaza
                               Newark, New Jersey 07102-5310
19                             BY:  LAWRENCE S. LUSTBERG, ESQ.
                                    GENNA AUTUMN CONTI, ESQ.
20

21   For the Defendant:        KEVIN KERVENG TUNG P.C.
     Yong Zhu                  136-20 38th Avenue - Suite 3D
22                             Flushing, New York 11354
                               BY:  KEVIN K. TUNG, ESQ.
23

24   For the Defendant:        GOLDBERGER & DUBIN PC
     Congying Zheng            401 Broadway - Suite 306
25                             New York, New York 10013
                               BY:  PAUL A. GOLDBERGER, ESQ.
```

*LINDA D. DANELCZYK, RPR, CSR, CCR*
*Official Court Reporter*

```
 1
    Also Present:              TUO HUANG, INTERPRETER
 2                             MARJORY ZUK, INTERN
                               WILL SCOPA, INTERN
 3

 4  Court Reporter:            LINDA D. DANELCZYK, RPR, CSR, CCR
                               Phone:  718-613-2330
 5                             Fax:    718-804-2712
                               Email:  LindaDan226@gmail.com
 6

 7  Proceedings recorded by mechanical stenography.  Transcript
    produced by computer-aided transcription.
 8

 9                    *     *     *     *     *

10            (In open court.)

11            (All rise.)

12            THE COURT:  Have seat, everyone.

13            THE COURTROOM DEPUTY:  Criminal cause for a status

14  conference.  Docket 21-CR-265.  United States versus McMahon,

15  et al.

16            Will the parties please state your appearances for

17  the record, starting with the government.

18            MR. HEEREN:  Good morning, Your Honor.  Craig Heeren

19  on behalf of the United States.

20            With me is my colleague, Ellen Sise, as well as two

21  interns from our summer program, Marjory Zuk and Will Scopa.

22            THE COURT:  Good morning to all of you.

23            MR. LUSTBERG:  Good morning, Your Honor.  Lawrence

24  S. Lustberg Gibbons, P.C. on behalf of defendant Michael

25  McMahon.  Mr. McMahon's here.
```

1          MS. CONTI:  Good morning, Your Honor.  Genna Conti,
2   Gibbons, P.C., on behalf of defendant Michael McMahon.
3          THE COURT:  How are we doing, court reporter?
4          Remember, folks, go a little bit slower.  Remember
5   you have the mask on.
6          Good morning to all of you.
7          MR. TUNG:  Kevin Tung on behalf of the defendant
8   Yong Zhu.  Mr. Zhu is sitting next to me -- standing next to
9   me.
10         THE COURT:  Good morning to both of you.
11         MR. GOLDBERGER:  Paul Goldberger, Your Honor, for
12  Congying Zheng, who is standing here.
13         THE COURT:  Good morning to both of you as well.
14         And then let's have our interpreter be sworn in.
15         THE COURTROOM DEPUTY:  Please raise your right hand.
16         (Whereupon, TUO HUANG was sworn as interpreter.)
17         THE INTERPRETER:  Yes.
18         THE COURTROOM DEPUTY:  Please state your name.
19         THE INTERPRETER:  First name T-U-O, last name,
20  H-U-A-N-G.  Mandarin Chinese.
21         THE COURT:  Good morning.
22         THE INTERPRETER:  Good morning, Your Honor.
23         THE COURT:  You can be seated as well.
24         Everyone can remain seated during the conference so
25  that you can use the microphone.

1           And let me hear from the government as to the
2   status.
3           MR. HEEREN:  Yes, Your Honor.  Thank you.
4           We are proceeding as planned to trial in the end of
5   January of 2023.
6           In terms of the discovery, the government has -- we
7   believe we've largely completed discovery.  There are a few
8   small items related to the victims that we expect to be
9   turning over within the next month.
10          There is an ongoing investigation, so we will
11  maintain sort of our vigor in reviewing materials, and if
12  anything else is discoverable we'll, of course, turn over
13  promptly.
14          But we got out a substantial production in May of
15  this year that I think turned over the last of the significant
16  items, as well as responded to a request from one of the
17  counsel over there.
18          Beyond that, and beyond the pretrial motions and
19  stuff, the government has nothing more at this time.
20          THE COURT:  Okay.
21          I should note that, as everyone knows, there is a
22  pending proceeding related to CIPA materials.  And as the
23  parties know, because I've met with various different parties
24  so far regarding that application, I will make a decision on
25  that in fairly due course.

1         So I will be ruling on that motion pretty soon,
2    after I have one more meeting that's been scheduled with one
3    of the defendants' counsels.
4         Regarding the trial date, we are going to have to
5    move it back.
6         As the parties are aware, because of the pandemic,
7    there is a backlog of trials throughout the courthouse, and
8    we've had to adopt a court-wide calendaring system or a master
9    calendaring system.
10        That's partially responsible for my having to move
11   other trials.  I have back-to-back trials starting from a
12   couple of weeks from now through January.  And I had to move a
13   fairly large trial relating to defendants in the FIFA
14   prosecution to January.
15        And I won't bore you with the reasons about why that
16   happened.  But unfortunately that's a five-week trial that I
17   had to slot into January.  That was the soonest date I could
18   get all the parties and myself on the same schedule.
19        The effect of that, of course, is that the trial in
20   this case has to be moved back.
21        In looking at my trial schedule largely, and the
22   overall, I guess, court schedule, the master calendar, the
23   date -- the earliest date that we could come up with is May --
24        Fida, tell me the date?
25        THE COURTROOM DEPUTY:  27th.

1                THE COURT:  May 27th.
2                Is that right, Fida?
3                THE COURTROOM DEPUTY:  22nd.
4                THE COURT:  22nd.  Sorry.  That's a two.  22nd.
5                I do want to explain that there are various factors
6     that --
7                THE COURTROOM DEPUTY:  Sorry, Judge, that's not
8     going to work.  We're going have to do May 30th.
9                THE COURT:  Okay.
10               (Discussion was had off the record.)
11               THE COURT:  Let me ask the parties again because we
12    are having, even now, a scheduling issue.
13               Remind me, government, how long did you -- do you
14    estimate the trial will last?
15               MR. HEEREN:  I think we had said previously three or
16    four weeks.  Somebody can correct me if that's wrong, but I
17    think four weeks is actually a very conservative estimate.  I
18    think three weeks would be fine, four weeks to be on the safe
19    side.
20               THE COURT:  Interesting.  Okay.
21               MR. HEEREN:  I'm also, obviously, I'm always in
22    favor of reserving more time to create less issues.  So if the
23    Court, you know, you've seen the CIPA and stuff, and I think
24    everybody has a full sense of the case now.  If others
25    disagree, I'm fine with more.

1      THE COURT: Well, obviously I trust the government,
2 or I trust your estimate more than mine. But I would think
3 actually three weeks should be enough but, again, I don't know
4 all the ins and outs of the case.
5      But from my vantage point, I think we can get this
6 trial done in three weeks, however, it never makes sense to
7 underestimate, because everyone has to clear their calendars.
8      I think we could start, however, the week of the
9 22nd, even if we don't sit, for example, on that Friday,
10 because that's the Friday before Memorial Day.
11      (Discussion was had off the record.)
12      THE COURT: So we're going to schedule it to start
13 on the 22nd, two-two, of May, anticipating that we won't sit
14 on that Friday, nor the following Monday, which are Memorial
15 Day -- is the Memorial Day weekend, effectively.
16      Now I'm open to hearing if you think maybe we should
17 just try to avoid that holiday all together, because it may
18 make it more difficult to find a jury or pick a jury.
19      We could start right after the Memorial Day weekend,
20 on that Tuesday. I don't know if anyone has any thoughts on
21 that one way or the other. It might be the safer bet, quite
22 honestly, so that we just avoid the holiday all together or
23 losing jurors.
24      (Indiscernible.)
25      THE COURTROOM DEPUTY: Can you please use the

1  microphone.
2         THE COURT:  Have a seat, Mr. Goldberger, and use the
3  microphone.
4         MR. GOLDBERGER:  My suggestion, Judge, was to start
5  after the Memorial Day weekend, I think that makes more sense
6  than playing around with the days before and then...
7         THE COURT:  Right.
8         You know, sadly in this moment in time, perhaps
9  we're all a little COVID shy, because one of the risks with
10 any break in a trial is that someone gets exposed or infected.
11        I'm hoping by May of next year this is not an issue,
12 but past hopes like that have not proven to the bear any
13 fruit.
14        So I think we should err on the side of caution,
15 unless anyone objects, and plan on starting the day after
16 Memorial Day, which is, I think --
17        You said the 30th, right, Fida?
18        THE COURTROOM DEPUTY:  Yes.
19        THE COURT:  Okay.  So that would be a Tuesday.
20        We would start with jury selection on that date.
21        I'm not going to tell you how it's going to work,
22 because right now it's conducted very differently than what
23 many of you are used to pre-COVID.  But by May 2023, things
24 could be entirely different.
25        The one question I'll ask, though, is how many

1    alternates -- I forget how many we had decided on before,

2    probably six, I'm guessing, for a trial of this length.

3              So once again we'll plan on six alternates.  And I

4    suspect, if I didn't, I'll come up with a formula, to give a

5    proportionally increased number of peremptory challenges to

6    the defense and then to the government.

7              I think in past trials where I've had three

8    defendants, for example, I've raised the number of

9    peremptories to I think 15 on the defense side and maybe 15 --

10   I forget what it is, it's like a two-thirds increase or a

11   one-third increase, but I'll come up with something, to allow

12   for more challenges on both sides.

13             And then otherwise we'll adjust the rest of the

14   pretrial schedule with respect to proposed *voir dire* and

15   requests to charge, as well as *in limine* motions.

16             We obviously have a lot of time to work with now for

17   all of those things to be addressed in advance of trial.

18             Going back to what I started to say was that some of

19   the factors that are considered court-wide, as well as on my

20   own docket, with respect to prioritizing trials, have to do

21   the age of the case, as well as whether the defendants are in

22   custody or not.  So obviously there's a priority for trials

23   involving defendants who are in custody.

24             This case also happens to be newer, or more recently

25   indicted than my other cases that I have on my docket ready

1  for trial, and so that's why we're pushing this trial back a
2  few months to accommodate all the other trials that I have to
3  get done, and the overall court-wide schedule.
4              Is there anything that the defense would like to
5  address at this time?
6              MR. LUSTBERG:  Judge, just very briefly.  Lawrence
7  S. Lustberg on behalf of Mr. McMahon.
8              Two things.  First, I agree with Mr. Heeren that we
9  have received all the discovery.  The government's been very
10 cooperative.
11             We -- I alerted Mr. Heeren to an issue regarding
12 some *Brady* material that we'll follow up on, that may or may
13 not bear fruit, but we're continuing to work cooperatively
14 together with regard to that.
15             We do have a motion that we anticipate filing, Your
16 Honor, that would require a hearing with regard to -- I don't
17 want to overstate it, but potential issues of prosecutorial
18 misconduct having to do with Ms. Zheng Congying.
19             Mr. McMahon is a defendant.  I believe we previewed
20 this a bit for the Court during our ex parte session.  We're
21 open to -- obviously we have a lot of time now, but we would
22 be prepared to file that.  I'm sure the government will oppose
23 it.
24             We -- we're prepared to file that within 45 days or
25 so, so it think that would be helpful to the Court, but I also

1   don't want to interfere on peoples, you know, summer
2   vacations, given that we have so much time.
3              So that I just wanted the Court to know is coming,
4   and I've alerted the government just this morning as well.
5              THE COURT:  All right.  I think 45 days for filing
6   the motion should be fine.  And I prefer to deal with such a
7   potentially momentous decision earlier rather than later for
8   everyone's sake, especially your clients.
9              So 45 days from now roughly is?
10             MR. LUSTBERG:  July, it would be the 28th.
11             THE COURTROOM DEPUTY:  July 28th.
12             THE COURT:  Well done.
13             I'll give the government the same amount of time, if
14  only to get over the summer period, so they can respond in
15  September.  I think that should take us to about
16  mid-September.
17             THE COURTROOM DEPUTY:  September 12th.
18             THE COURT:  Why don't we add another week, just to
19  make sure that the government doesn't -- or that the somewhat
20  unexpected motion doesn't interrupt any travel plans or summer
21  holiday plans.
22             MR. HEEREN:  Your Honor, that sounds fine.  I
23  actually don't think it will interrupt holiday plans.
24  Ms. Sise and I are both on trial in the beginning of
25  September.

1    I think that that deadline is fine.  I just noted if
2    the motion -- if the response ends up being more complex than
3    we anticipated, we'll notify the Court, since we have a bit
4    more time.
5             It seems like something, at least in the first
6    instance, I anticipate we're going to say there's no need for
7    a hearing, there's nothing there.  But if there's more to it,
8    we'll notify the Court and seek leave for more time, given our
9    schedule.
10             THE COURT:  All right.
11             MR. LUSTBERG:  And, Judge, we'll obviously be
12   flexible in consenting to whatever the government needs.
13             We would like the opportunity, depending on the
14   government's response, to actually file a reply brief.
15             THE COURT:  Right, I was going to schedule two weeks
16   for the reply.
17             MR. LUSTBERG:  That's fine, Judge.
18             THE COURTROOM DEPUTY:  September 26th.
19             THE COURT:  Mr. Heeren and Ms. Sise, are you in
20   trial together?
21             MR. HEEREN:  No, I'm on the Barrack trial before
22   Judge Cogan, and Ms. Sise is before Judge Amon on a terrorism
23   trial.
24             THE COURT:  All right.  Well, things are picking up
25   indeed in terms of trial.

1              All right, I appreciate everyone's flexibility on
2     that.
3              Anything else from you, Mr. Lustberg?
4              MR. LUSTBERG:  No, nothing more.  Thank you.
5              THE COURT:  Okay.
6              Anything else from the other defendants at this
7     time?
8              MR. GOLDBERGER:  No, Your Honor.
9              MR. TUNG:  No, Your Honor.
10             THE COURT:  Okay, terrific.
11             So I'll exclude the time from now until May 30 as
12    being in the interest of justice, because of the inability to
13    try the case before then; in part because of my schedule, and
14    then in part because of the overall court-wide trial schedule,
15    and then also now we have pending -- an anticipated pending
16    motion, from now until May to late September.
17             Anything else from the government?
18             MR. HEEREN:  No, Your Honor.  Thank you.
19             THE COURT:  All right.
20             One second.
21             (Discussion was had off the record.)
22             THE COURT:  Oh, so the only other thing we do need
23    to schedule is the final pretrial conference.
24             And as I said, we'll just adjust the other schedules
25    I mentioned for jury charge, et cetera, based on the same

1    timing as before.  So that will be in a docket order.

2            But final pretrial conference, Fida, when should we

3    do that?

4            THE LAW CLERK:  Judge, I don't think we set a motion

5    schedule before.

6            THE COURT:  Oh, we didn't set one before?

7            THE LAW CLERK:  No.

8            THE COURT:  Oh, okay.

9            So I'm advised that we didn't set a schedule for

10   filing motions *in limine*.

11           If I could get those 30 days beforehand so I could

12   resolve them before we get close to trial.  Because sometimes,

13   obviously, they can significantly affect trial preparation for

14   the parties.

15           Thirty days before, Fida, would be beginning of May?

16           THE LAW CLERK:  Friday, April 29.

17           THE COURT:  Okay, Friday, April 29, for the filing

18   of motions *in limine*.

19           THE COURTROOM DEPUTY:  I think it's April 22nd.

20           THE LAW CLERK:  Oh, that's right.

21           MR. HEEREN:  I think the 29th is a Saturday, unless

22   I'm looking at my calendar wrong.

23           THE COURTROOM DEPUTY:  29th is a Friday, the 30th

24   is -- I'm sorry, we're in 2022.  You're right.

25           So May 1st.

1  THE COURT:  Okay.  You know, let's do one thing.
2  Let's move it back one week.  I want to make sure we have
3  enough time to get these done.
4  So let's go into April.
5  THE COURTROOM DEPUTY:  April 24th.
6  THE COURT:  Okay.  So let's make the motions
7  themselves due April 24.  Both sides will have two weeks to
8  respond.  And that will give --
9  THE COURTROOM DEPUTY:  May 8th.
10  THE COURT:  -- me enough time to try to resolve
11  them, perhaps even before I see you at the final pretrial
12  conference.  That would be ideal.
13  Fida, let's just set a final pretrial conference.
14  THE COURTROOM DEPUTY:  Sure.
15  Final pretrial conference date, May 23 at 10 a.m.
16  THE COURT:  And then I guess while we're all
17  together, why don't I just set the date for the filing of the
18  requested charge, proposed *voir dire*, along with a list of
19  unique spellings.  So names and terms so that we can give that
20  to our court reporters.
21  Why don't we make that actually the May 1st date.
22  It's earlier than I normally get it, but I think it would be
23  nice to get these instructions in particular in advance, and
24  since we do have the luxury of time, we'll do that.
25  If for any reason it becomes problematic, you folks

1  will let us know, okay?  All right.  We will probably have a
2  lot of spellings.
3          Also, one other thing is, it would be helpful if
4  everyone agreed on the convention for names; last name first,
5  or as is the traditional Chinese way or vice versa, or per the
6  western system.
7          All right, thank you, everyone.  Much appreciated.
8  And stay safe and we'll see you soon.
9          MR. LUSTBERG:  Okay, Your Honor.
10         MR. HEEREN:  Thank you, Your Honor.
11
12         (Whereupon, the matter was concluded.)
13
14                  *   *   *   *   *
15
16
17 I certify that the foregoing is a correct transcript from the
   record of proceedings in the above-entitled matter.
18
19    s/ Linda D. Danelczyk                October 14, 2022
20      LINDA D. DANELCZYK                       DATE
21
22
23
24
25