UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
UNITED STATES OF AMERICA

                Plaintiff,

  -against-

HU JI,
LI MINJUN,
TU LAN,
ZHU FENG,
      also known as "Johnny Zhu,"
KUANG ZEBIN
MICHAEL MCMAHON
ZHUAI YONGQIANG
ZHENG GONGYING AND
ZHU YONG,
      also known as "Jason Zhu,"

                Defendants.

-----------------------------------------------------------------------x

Index No:21-CR-265 (PKC)

**MOTION IN LIMINE TO EXCLUDE STATEMENTS AND EVIDENCE OBTAINED IN VIOLATION OF DEFENDANT'S MIRANDA RIGHTS.**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ZHU YONG'S MOTION IN LIMINE TO EXCLUDE STATEMENS AND EVIDENCE**

COMES NOW, Kevin K. Tung P.C., the counsel of ZHU YONG in the above-captioned and numbered cause, and files this Motion in Limine, respectfully requesting that the Court exclude certain evidence obtained in violation of the Defendant's Miranda rights, and in support thereof, would show the Court the following:

### INTRODUCTION

The purpose of this motion is to exclude statements and evidence obtained in violation of defendant Yong Zhu's Miranda rights.

On 10/28/2020, Defendant Zhu Yong was arrested and interrogated by FBI Agents, in which certain statements were obtained by the FBI Agents in violation of his right to counsel under

1

the Miranda rule. (Bates number: YZ0000002). Due to the violation of Zhu Yong's Miranda right, the statements illegally obtained by the government on 10/28/2020 should be excluded from the trial.

**FACTUAL BACKGROUND**

The defendant ZHU YONG, also known as "Jason Zhu," a 64-year-old PRC citizen and a U.S. LPR, resided in Connecticut and Flushing, New York. (S-1 Indictment, Dkt.76, ¶¶ 9). Defendant Zhu Yong was charged with Conspiracy to Act as an Agent of a Foreign Government Without Prior Notification to the Attorney General, Acting as an Agent of a Foreign Government Without Prior Notification to the Attorney General, Conspiracy to Engage in Interstate Stalking, and Stalking. (S-1 Indictment, Dkt.76)

Sometime around September 2016, ZHU YONG was alleged to hire Defendant McMahon to investigate and surveil an individual, John Doe-1, a PRC citizen who resides in the United States. (S-1 Indictment, Dkt.76, at ¶¶ 18.) The government alleges that this activity is part of an international effort coordinated by the PRC government that was known as "Operation Fox Hunt" and "Operation Skynet", which locates and repatriates alleged Chinese "fugitives" who have fled to foreign countries. (S-1 Indictment, Dkt.76, at ¶ 14.) The government further alleges that the defendant MICHAEL MCMAHON, who was directed by ZHU YONG, began to investigate John Doe #1 and his family, including by conducting surveillance of John Doe #1 and obtaining John Doe # 1's banking information. (S-1 Indictment, Dkt.76, at ¶ 19.)

On 10/28/2020, Defendant Zhu Yong was arrested, and he was interrogated. Based on the interview video (Bates number: YZ0000002), at the beginning of the interrogation, Zhu Yong repeatedly requested to speak a lawyer, but the FBI Agent pretended not to hear and chose to avoid the topic in order to continue questioning.

At 8:58:55 a.m (the video time is 2:30), The Agent handed Yong Zhu a Chinese version of the Miranda rights. After glancing at it, Defendant Yong Zhu told the translator that he wanted to request to speak a lawyer. The translator told him that you have the right to have a lawyer, and Zhu Yong said that I want to have a lawyer right now. Then the translator told the FBI Agent: " he asks that he has the right to have a lawyer, so he…" The FBI Agent answered:" So this form is an advice of your right. In order for us to ask you question, you need to understand your right." The FBI Agent did not immediately stop the interrogation. At 9:00:40 a.m (the video time is 04:15), Defendant Yong Zhu told the translator that let us wait until I get a lawyer before we talk further, and I cannot understand anything right now. The translator told the FBI Agent that he mentioned that I want to have a lawyer. Again, the FBI Agent did not immediately stop the interrogation. At 9:01:35 a.m (the video time is 05:05), Defendant Yong Zhu told his translator that he wanted to find a lawyer and the Defendant Yong Zhu even made a gesture of making a phone call. The translator then translated his words and conveyed them to the FBI Agent. Still, the FBI Agent did not immediately stop the interrogation. Finally, the FBI Agent talked Defendant Yong Zhu out of retaining an attorney first before answering the questions of the FBI Agent. During the interrogation, at no time Zhu Yong intelligently and knowingly relinquished his right to counsel. In short, Defendant Yong Zhu clearly expressed his desire to consult with a lawyer on three separate occasions to the FBI Agent, but the FBI Agent chose to ignore Defendant Yong Zhu's request to have an attorney to represent him before conducting the interrogation.

## **LEGAL ARGUMENT**

"If the individual states that he wants an attorney, the interrogation must cease until an attorney is present. At that time, the individual must have an opportunity to confer with the attorney and to have him present during any subsequent questioning." *Miranda v. Arizona*, 384 U.S. 436,

3

474, 86 S. Ct. 1602, 1628 (1966). Therefore, once the individual invokes his right to have the representation by an attorney, the interrogation must end until an attorney for the individual present. "When an accused has invoked his right to have counsel present during a custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights." *Edwards v. Arizona*, 451 U.S. 477, 478, 101 S. Ct. 1880, 1881 (1981). "An accused, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." *Id*.

In this case, Defendant Yong Zhu unequivocally communicated his desires to consult with an attorney on three separate occasions, with his translator accurately conveying Defendant's intention to the FBI Agent. Despite being aware of the repeated Defendant's requests for legal representation, the FBI Agent opted to disregard his wishes and persisted with the interrogation. Importantly, Defendant Yong Zhu never informed the FBI Agent that he no longer wanted a lawyer or wished to waive his rights. As *Miranda* requires, law enforcement officers must cease questioning upon a defendant's request for counsel, which was not adhered to in this instance. Consequently, Mr. Zhu Yong's Miranda rights were violated, warranting the exclusion of the statements illegally obtained on October 28, 2020, from the trial.

## **CONCLUSION**

Miranda rights requires when a defendant requests for a lawyer, the interrogation must cease until the presence of a lawyer. However, in the instant case, the FBI Agent did not stop questioning, when Defendant Yong Zhu clearly requested for a lawyer. Therefore, Yong Zhu's Miranda right was violated. As a result, any statements obtained on October 28, 2020, should be

excluded from the trial. In addition, due to our inability to access additional evidence provided by the government recently or in near future, we reserve the right to further file a supplemental motion in limine to exclude any evidence permitted by law.

                                        Respectfully submitted.

                                        KEVIN KERVENG TUNG, P.C.
                                        Attorneys for the defendant Zhu Yong

                                        By: Kevin K. Tung, Esq.
                                        Queens Crossing Business Center
                                        136-20 38th Avenue, Suite 3D
                                        Flushing, NY 11354
                                        (718) 939-4633

Dated: Queens, New York
       April 10, 2023