UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

       - against -                          No. 21-CR-265 (S-1) (PKC) (CLP)

HU JI,
LI MINJUN,
TU LAN,
ZHU FENG,
    also known as "Johnny Zhu,"
MICHAEL MCMAHON,
ZHAI YONGQIANG,
ZHENG CONGYING and
ZHU YONG,
    also known as "Jason Zhu,"

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## DEFENDANT CONGYING ZHENG'S PROPOSED VOIR DIRE QUESTIONS

A.    Concerning the prospective jurors and their households:

    (1)    Name;

    (2)    Place of birth;

    (3)    Residential neighborhood(not street address) and length of time in that area;

    (4)    Marital status;

    (5)    Nature and extent of education;

    (6)    Number and ages of children;

    (7)    Name, age and relationship of members of prospective juror's household;

    (8)    Occupation and employment of the prospective juror, the juror's spouse and children and members of the juror's household;

    (9)      Involvement as a party or a witness in a civil lawsuit or a criminal case;

    (10)    Relationship, friendship or association with a law enforcement officer, a lawyer or any person affiliated with the courts;

    (11)    Physical or mental condition affecting ability to serve on a jury;

    (12)    Reasons the prospective juror believes he or she cannot or should not serve as a juror;

    (13)    Relationship, friendship or association with the parties, the attorneys and prospective witnesses of the particular case to be heard.

    (14)    Has the juror been victim of a crime? Will this affect the ability to be fair and impartial in this case?

    (15)    Has the juror been victim of stalking or harassment, or know someone who has?

    (16)    Have you previously served as a juror on a civil or criminal case?

            a.      If civil, do you understand that the burden of proof is higher in a criminal case, preponderance vs. beyond a reasonable doubt?

            b.      Did that jury reach a verdict?

    (17)    Do you have any hobbies? What are they?

B.    Concerning Specifics of this Case:

    (1)      The law provides that you, as the trier of the facts may not make any inference because a defendant chooses not to testify

            a.      Do you feel a need to hear "both sides of the story" before you can make a decision on the facts?

    b. If a defendant does not testify, would you feel that he is trying to hide something?

(2) Do you understand that it is the government that has the burden of proving the defendant's guilt beyond a reasonable doubt, and that the defendant has no obligation to provide any evidence or to prove anything?

(3) You may notice the defendant will be using the services of an interpreter.  Will that fact affect your ability to be fair and impartial in this matter?

(4) Would you tend to give more (or less) weight to the testimony of someone in law enforcement over that of a civilian witness? Will you be able to hold any such witnesses to the same standard and any other witness?

(5) What are your opinions regarding the diplomatic relationship between the United States and the People's Republic of China

Dated: Brooklyn, New York
    May 1, 2023

                Respectfully submitted,

                s/ *Renee M. Wong*

                Renee M. Wong, Esq.

Defense counsel (By ECF)