UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA

      - against -                              No. 21-CR-265 (S-1) (PKC)

HU JI,
LI MINJUN,                                    DEFENDANT CONGYING ZHENG
TU LAN,                                         REQUEST TO CHARGE
ZHU FENG,
   also known as "Johnny Zhu,"
MICHAEL MCMAHON,
ZHAI YONGQIANG,
ZHENG CONGYING and
ZHU YONG,
   also known as "Jason Zhu,"

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## PRELIMINARY STATEMENT

Defendant Congying Zheng respectfully requests that the Court include the following instructions in its charge to the jury. In addition, the Defendant Zheng also requests leave to offer amended or additional instructions as may become appropriate.

1

REQUEST NO. 1

<u>WITHDRAWAL AS A DEFENSE TO CONSPIRACY</u>

One of the defendants, Congying Zheng, has raised the defense that he withdrew from the conspiracy charged in Count One and Count Three.

Withdrawal can be a defense to a conspiracy charge. But Congying Zheng has the burden of proving to you that he did in fact withdraw. Any withdrawal must be complete and it must be done in good faith. A person can withdraw from a conspiracy by taking some affirmative steps to terminate or abandon his participation in and efforts to promote the conspiracy. In other words, the defendant must have demonstrated some type of positive action that disavowed or defeated the purpose of the conspiracy. Proof that the defendant merely ceased conspiratorial activity is not enough.

Where a defendant by his conspiratorial actions sets in motion events that are designed to have effect beyond the period of his active participation, the defendant's affirmative act of withdrawal must be aimed at weakening or undermining the foreseeable consequences of his own participation in the conspiracy.

For example, a defendant may withdraw from a conspiracy by wholly depriving his prior efforts of effectiveness in the commission of the crime or making appropriate efforts to prevent the commission of a crime or by doing acts that are inconsistent with the objects of the conspiracy and making reasonable efforts to communicate those acts to his coconspirators.

The defendant has the burden of proving that he withdrew from the conspiracy by a preponderance of the evidence. In determining whether the defendant withdrew from the conspiracy, you may consider the relevant testimony of all of the witnesses regardless of who called them, and all the relevant exhibits received in evidence, regardless of who produced them. However, it is important to remember that the fact that the defendant has raised this defense does not relieve the government of its burden of proving each and every element of the crime of conspiracy.

If you find Mr. Zheng has proven by a preponderance of the evidence that he withdrew from the charged conspiracy, then you must acquit him of the charge in Count One and Count Three.

Adapted from *United States v. Hoskins*, Cr. No. 3:12-cr-238 (JBA)(D. Conn), 2019 WL 3996675, *affirmed,* 44 F.4th 140 (2d Cir.)

## CONCLUSION

Defendant Congying Zheng respectfully requests that the Court include the foregoing in its instructions to the jury. In addition, the Mr. Zheng requests the opportunity to submit further instructions or to amend those submitted, as appropriate.

Dated:        Brooklyn, New York
                May 1, 2023

                                                  Respectfully submitted,

                                                  s/ *Renee M. Wong*

                                                  Renee M. Wong, Esq.

Defense counsel (By ECF)