UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
UNITED STATES OF AMERICA

                                  Plaintiff,       Index No:21-CR-265 (PKC)

     -against-

                                        **DEFENDANT'S RESPONSE**
HU JI,                                   **TO THE PROSECUTION'S**
LI MINJUN,                             **OPPOSITION TO MOTION**
TU LAN,                                  **TO EXCLUDE**
ZHU FENG,                          **STATEMENTS AND**
        also known as "Johnny Zhu,"    **EVIDENCE**
KUANG ZEBIN
MICHAEL MCMAHON
ZHUAI YONGQIANG
ZHENG GONGYING AND
ZHU YONG,
        also known as "Jason Zhu,"

                          Defendants.

--------------------------------------------------------------------x

       COMES NOW, Kevin K. Tung P.C., the counsel of ZHU YONG in the above-captioned

and numbered case, and files Response to the Prosecution's opposition, respectfully requesting

that the Court reject the prosecution's opposition, and exclude certain evidence obtained in

violation of the Defendant's Miranda rights, and in support thereof, would show the Court the

following:

# INTRODUCTION

       The purpose of this response is to respond to the prosecution's opposition to motion to

exclude statements and evidence, and to request the Court to exclude statements and evidence

obtained in violation of defendant Zhu Yong's Miranda rights.

       On 10/28/2020, Defendant Zhu Yong was arrested and interrogated by FBI Agents, in

which certain statements were obtained by the FBI Agents in violation of his right to counsel

under the Miranda rule. (Bates number: YZ0000002, See also the transcript of interview).

# FACTUAL BACKGROUND

Here are the facts that the Prosecution also does not dispute:

The defendant ZHU YONG, also known as "Jason Zhu," a 64-year-old PRC citizen and a U.S. LPR, resided in Connecticut and Flushing, New York. (S-1 Indictment, Dkt.76, at para 9). Defendant Zhu Yong was charged with Conspiracy to Act as an Agent of a Foreign Government Without Prior Notification to the Attorney General, Acting as an Agent of a Foreign Government Without Prior Notification to the Attorney General, Conspiracy to Engage in Interstate Stalking, and Stalking. (S-1 Indictment, Dkt.76)

On 10/28/2020, Defendant Zhu Yong was arrested and interrogated. Based on the interview video and transcript, and the opposition from the Prosecution, at the beginning of the interrogation, Zhu Yong asked for an attorney for three times.

First time: Video time at 2:21-444; see also transcript at 2:26-28; The interpreter told the Agent:" Well, he (Zhu Yong) asked –he said that he has a right to have a lawyer. He ask about --." The Agents heard that, but they did not stop the interrogation.

Second time: Video time at 4:08-20; see also transcript at 3:13-15; Zhu Yong told the agents through the interpreter:" "I don't know what you're going to ask. And he mention I could have a lawyer here." The Agents heard that, but they did not stop the interrogation.

Third time: Video time at 5:08; see also transcript at 3:27. Zhu Yong stated through its interpreter: "But I need to find a lawyer." A fact that the prosecution deliberately ignored is that when Zhu Yong expressed the desire to find a lawyer, he also made a gesture of making a phone call. The Agents noticed that, but they did not stop the interrogation.

# LEGAL ARGUMENT

### 1. <u>Legal Standard</u>

"If the individual states that he wants an attorney, the interrogation must cease until an attorney is present. At that time, the individual must have an opportunity to confer with the attorney and to have him present during any subsequent questioning." *Miranda v. Arizona*, 384 U.S. 436, 474, 86 S. Ct. 1602, 1 628 (1966). Therefore, once the individual invokes his right to have the representation by an attorney, the interrogation must end until an attorney for the individual present. "When an accused has invoked his right to have counsel present during a custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights." *Edwards v. Arizona*, 451 U.S. 477, 478, 101 S. Ct. 1880, 1881 (1981). "An accused, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." *Id*. If the individual cannot obtain an attorney and he indicate that he wants one before speaking to police, they must respect his decision to remain silent. Any statements obtained during custodial interrogation conducted in violation of these rules may not be admitted against the accused, at least during the state's case in chief. *Fare v. Michael C*., 442 U.S. 707, 709, 99 S. Ct. 2560, 2563 (1979).

Therefore, once the defendant requests for an attorney, the interrogation must cease, and any statements obtained afterwards should be excluded.

### 2. <u>The Defendant Clearly Invoked His Right to An Attorney</u>

Invocation of the Miranda right to counsel "requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney."

*Davis v. United States*, 512 U.S. 452, 459, 114 S. Ct. 2350, 2355 (1994) (quoting *McNeil v. Wisconsin*, 501 U.S. at 178.) Although a suspect need not "speak with the discrimination of an Oxford don," post, at 476 (SOUTER, J., concurring in judgment), he must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney. *Id.*

In the landmark decision of *Davis v. United States*, 512 U.S. 452, the Supreme Court differentiated the circumstances under which specific statements could reasonably be construed as expressing a desire for legal counsel, while others could not. The Court determined that the statement "maybe I should talk to a lawyer" does not sufficiently invoke the right to an attorney, thus allowing the police officer to continue the interrogation.

The Prosecution contends that the present case is analogous to *Davis*, thereby justifying the continuation of the interrogation. However, this assertion is incorrect, given that Zhu Yong unambiguously communicated his desire to consult an attorney on three separate occasions. Initially, Zhu Yong acknowledged his right to an attorney, subsequently stating that he could have an attorney, and ultimately expressing his need to find an attorney, even accompanying the statement with a phone call gesture. Each of these instances would be adequate for a reasonable police officer to interpret as a request for an attorney, particularly the final instance. Unlike the ambiguous "maybe I should talk to a lawyer" statement in Davis, Zhu Yong's expressions were unequivocal.

In conclusion, the present case is distinguishable from *Davis*, as Zhu Yong clearly and unambiguously communicated his desire to consult with an attorney on three separate occasions. Therefore, the Prosecution's argument is without merit, and the interrogation should have ceased upon Zhu Yong's invocation of his right to counsel.

### 3.  <u>The Defendant's Miranda Waiver Was Not Knowingly and Voluntarily</u>

The Prosecution's assertion that Zhu Yong's waiver of Miranda rights was knowing and

voluntarily is erroneous, as the totality of the circumstances surrounding the interrogation

demonstrates that Zhu Yong was misled and deceived by the agents.

If the interrogation continues without the presence of an attorney and a statement is

taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and

intelligently waived his privilege against self-incrimination and his right to retained or appointed

counsel. The Supreme Court of the United States has always set high standards of proof for the

waiver of constitutional rights. *Miranda v. Arizona*, 384 U.S. 436, 439, 86 S. Ct. 1602, 1609

(1966). The question whether the accused waived his rights is not one of form, but rather

whether the defendant in fact knowingly and voluntarily waived the rights delineated in the

Miranda case. Thus, the determination whether statements obtained during custodial

interrogation are admissible against the accused is to be made upon an inquiry into the totality of

the circumstances surrounding the interrogation, to ascertain whether the accused in fact

knowingly and voluntarily decided to forgo his rights to remain silent and to have the assistance

of counsel. *Fare v. Michael C.*, 442 U.S. 707, 709, 99 S. Ct. 2560, 2563 (1979). The waiver

inquiry has two distinct dimensions: waiver must be voluntary in the sense that it was the product

of a free and deliberate choice rather than intimidation, coercion, or deception, and made with a

full awareness of both the nature of the right being abandoned and the consequences of the

decision to abandon it. *Berghuis v. Thompkins*, 560 U.S. 370, 370, 130 S. Ct. 2250, 2255 (2010).

However, the Prosecution failed to meet the burden.

Zhu Yong was confused and misled by the agents, leading him to believe that he had no

alternative but to sign the waiver form. Upon being read his Miranda rights, Zhu Yong

comprehended their implications and sought to invoke his right to counsel. However, the agents

failed to cease the interrogation or provide him with an attorney. Instead, they disregarded his

request and persisted in explaining his Miranda rights. This sequence of events occurred three

times.

As an older foreign individual with limited education, Zhu Yong exerted his utmost effort

to assert his rights by requesting an attorney on three separate occasions. Despite these attempts,

his requests for legal representation were consistently ignored by the agents, rendering the

requests seemingly futile. Given the apparent ineffectiveness of his requests for counsel, Zhu

Yong felt compelled to relinquish this right and sign the waiver. As a result, the waiver cannot be

deemed voluntarily and knowingly.

4. **<u>After The Defendant Invoked His Right to Counsel, The Agents Cannot
   Continue Interrogation, Unless the Accused Himself Initiates Further
   Communication</u>**

The Prosecution's argument that the defendant's invocation of his right to counsel was

invalidated by his alleged reinitiation of contact with the agents is fundamentally flawed. The

circumstances indicate that the agents failed to cease the interrogation when Zhu Yong requested

an attorney, and Zhu Yong merely responded to the ongoing questioning.

As established in *Edwards v. Arizona*, 451 U.S. 477, 478, 101 S. Ct. 1880, 1881 (1981),

once a suspect has invoked their right to counsel during a custodial interrogation, a valid waiver

of that right cannot be demonstrated solely by the suspect's response to further police-initiated

questioning, even if they have been informed of their rights. The Court emphasized that "an

accused, having expressed his desire to deal with the police only through counsel, is not subject

to further interrogation by the authorities until counsel has been made available to him, unless

the accused himself initiates further communication, exchanges, or conversations with the police." *Id.*

As previously argued, Zhu Yong unambiguously invoked his right to counsel on three separate occasions. Consequently, he should not have been subjected to further interrogation until counsel was provided, unless he initiated further communication with the police. However, during the interrogation, counsel was not made available, and the officers persisted in their questioning despite Zhu Yong's requests. At no point did the interrogation cease, nor did Zhu Yong proactively initiate communication with the agents.

Thus, the Prosecution's contention that a valid waiver was established due to Zhu Yong reinitiating contact with the agents lacks merit and should be dismissed.

### 5. An Evidentiary Hearing Is Required

Although there is a videotape of the interrogation, the defense and the prosecution have a material factual dispute concerning whether the defendant clearly requested an attorney and whether the waiver was valid. Consequently, an evidentiary hearing is necessary to resolve these factual disputes.

"An evidentiary hearing on a motion to suppress is ordinarily required if 'the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question.'" *United States v. Watson*, 404 F.3d 163, 167 (2d Cir. 2005) (quoting *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992)). In this case, the moving paper meets these requirements, warranting an evidentiary hearing, because the moving paper provides a detailed and comprehensive explanation of when, where, and how Zhu Yong's Miranda rights were violated.

The videotape alone is insufficient to determine the material factual dispute, necessitating an evidentiary hearing to provide the court with a comprehensive understanding of the situation. The hearing would enable the court to subpoena relevant parties, such as the police officers, interpreters, and the defendant, allowing for a more accurate assessment of the facts and circumstances surrounding the interrogation and waiver.

Considering the material factual disputes and the need for a comprehensive understanding of the situation, an evidentiary hearing is both warranted and crucial to ensure a fair and accurate resolution of the motion to suppress evidence.

# CONCLUSION

For the foregoing reasons, this Court should grant the Defendant's motion to suppress evidence and exclude the statements obtained in violation of Zhu Yong's Miranda rights. In light of the material factual disputes and the need for a comprehensive understanding of the situation, an evidentiary hearing is both warranted and crucial to ensure a fair and accurate resolution of the motion to suppress evidence. The Court should consider the totality of the circumstances, including the Defendant's unequivocal request for an attorney, the improper continuation of the interrogation, and the involuntary and unknowing waiver of his Miranda rights. The integrity of the criminal justice system depends on the protection of constitutional rights, and the suppression of evidence obtained in violation of those rights is essential to uphold that integrity.

Dated: May 1, 2023

      Flushing, New York

                Respectfully submitted.

                KEVIN KERVENG TUNG, P.C.
                Attorneys for the defendant

                _____
                By: Kevin K. Tung, Esq.
                Queens Crossing Business Center
                136-20 38th Avenue, Suite 3D
                Flushing, NY 11354
                (718) 939-4633