CRH/MAA/IC
F. #2018R01309

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -                              No. 21-CR-265 (S-1) (PKC)

MICHAEL MCMAHON,
ZHENG CONGYING and
ZHU YONG,
    also known as "Jason Zhu,"

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## THE GOVERNMENT'S REQUEST TO CHARGE

BREON PEACE
United States Attorney
Eastern District of New York

Craig R. Heeren
Meredith A. Arfa
Irisa Chen
Assistant United States Attorneys

Christine Bonomo
Trial Attorney
National Security Division
    (Of Counsel)

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................... 1

I.   GENERAL INSTRUCTIONS ............................................................................... 2

REQUEST NO. 1   GENERAL REQUESTS ................................................................ 2

REQUEST NO. 2   TESTIMONY OF DEFENDANT (IF APPLICABLE) ................................ 3

REQUEST NO. 3   INTERVIEWS OF WITNESSES (IF APPLICABLE) ................................ 4

REQUEST NO. 4   EXPERT WITNESSES ................................................................... 5

REQUEST NO. 5   TESTIMONY OF COOPERATING WITNESSES...................................... 6

REQUEST NO. 6   PERSONS NOT ON TRIAL............................................................. 9

REQUEST NO. 7   NO DUTY TO CALL WITNESSES, PRODUCE EVIDENCE, OR TO USE PARTICULAR INVESTIGATIVE TECHNIQUES......................................... 10

REQUEST NO. 8   ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED............... 12

REQUEST NO. 9   EVIDENCE OBTAINED PURSUANT TO SEARCHES.......................... 13

REQUEST NO. 10  TRANSLATIONS......................................................................... 14

REQUEST NO. 11  CHARTS AND SUMMARIES.......................................................... 15

REQUEST NO. 12  CAUTIONARY AND LIMITING INSTRUCTIONS (IF APPLICABLE)  16

II.   INSTRUCTIONS RELATING TO THE ALLEGED CRIMES .................................... 17

REQUEST NO. 13  THE INDICTMENT ..................................................................... 17

REQUEST NO. 14  VENUE ..................................................................................... 19

REQUEST NO. 15  KNOWLEDGE AND INTENT ...................................................... 21

REQUEST NO. 16  COUNT TWO: ACTING AS ILLEGAL AGENTS OF A FOREIGN GOVERNMENT....................................................................................... 23

REQUEST NO. 17  COUNT FOUR: INTERSTATE STALKING ............................................. 27

REQUEST NO. 18  AIDING AND ABETTING .......................................................... 30

REQUEST NO. 19  CO-CONSPIRATOR LIABILITY................................................... 33

REQUEST NO. 20  CONSPIRACY GENERALLY ....................................................... 35

REQUEST NO. 21  COUNT ONE: CONSPIRACY TO ACT AS ILLEGAL AGENTS OF A FOREIGN GOVERNMENT ...................................................................... 41

REQUEST NO. 22  COUNT THREE: CONSPIRACY TO ENGAGE IN INTERSTATE STALKING............................................................................................. 43

PRELIMINARY STATEMENT

The Government respectfully requests that the Court include the attached instructions in its charge to the jury.   In addition, the Government also requests leave to offer amended or additional instructions as may become appropriate.   The Government notes that a copy of its request to charge was provided to counsel and all mutually agreed upon edits have been incorporated into the Government's request to charge.

## I.    **GENERAL INSTRUCTIONS**

REQUEST NO. 1

GENERAL REQUESTS

The Government respectfully requests that the Court charge the jury in its usual manner on the following subjects:

a.  Function of the Court and the Jury;

b.  Circumstantial Evidence and Direct Evidence;

c.  Function of Indictment and What Is Not Evidence;

d.  Credibility of Witnesses and Discrepancies in Testimony;

e.  Testimony of Law Enforcement Witnesses;

f.  Permissible Inferences Drawn from the Evidence;

g.  Stipulations;

h.  Objections;

i.  Transcripts;

j.  Equality of the Prosecution and the Defense Before the Court;

k.  Burden of Proof and Reasonable Doubt;

l.  Presumption of Innocence;

m.  Individual Consideration of Each Defendant

n.  No Questioning Wisdom of Law, and Basing Verdict on Sympathy or Prejudice Prohibited;

o.  Considerations of Punishment not the Province of the Jury;

p.  Selection of a Foreperson;

q.  Jury Communications with Lawyers and the Court;

r.  Right to See Exhibits and to Have Testimony Read During Deliberations;

s.  Duty to Consult and Need for Unanimity; and

t.  Deliberations.

The Government also requests that copies of the Indictment and the jury instructions be provided to the jurors during their deliberations.

REQUEST NO. 2

<u>TESTIMONY OF DEFENDANT (IF APPLICABLE)</u>

As I have mentioned, in a criminal case, a defendant cannot be required to testify. Our Constitution provides that he has the right to elect not to testify and that may not be held against him or considered in your deliberations in any way.    However, if a defendant chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.    In this case, [the defendants all] [Mr. McMahon] [Mr. Zheng] [Mr. Zhu] decided to testify.    You should examine and evaluate [their] [his] testimony just as you would the testimony of any witness with an interest in the outcome of this case.

<u>Authority</u>

Adapted from the Jury Charge of the Hon. Pamela K. Chen in <u>United States v. Davis Burgos-Collazo</u>, No. 20-CR-492 (hereafter "<u>Burgos-Collazo</u>") (attached hereto as Exhibit 1); <u>see</u> <u>United States v. Jenkins</u>, No. 19-610(L), 2022 WL 3130737, at *1 (2d Cir. Aug. 5, 2022).

3

REQUEST NO. 3

INTERVIEWS OF WITNESSES (IF APPLICABLE)

There was testimony at trial that the attorneys for the Government interviewed witnesses when preparing for and during the course of the trial.   There is nothing inappropriate about such meetings. Attorneys have an obligation to prepare their case as thoroughly as possible and, in the discharge of that responsibility, to interview witnesses.

Authority

Adapted from Burgos-Collazo and the Jury Charge of the Hon. Pamela K. Chen in United States v. Full Play Group, S.A., et al., No. 15-CR-252 (S-3) (hereafter "Full Play") (attached hereto as Exhibit 2); see also United States v. Brady, et al., No. 92-CR-792 (ILG).

4

REQUEST NO. 4

<u>EXPERT WITNESSES</u>

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.   A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training.   Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.   You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.   You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.   Nor should you substitute it for your own reason, judgment and common sense.   The determination of the facts in this case rests solely with you.

<u>Authority</u>

Adapted from <u>Full Play</u> and <u>Burgos-Collazo</u>; <u>see</u> L. Sand, et al., Modern Federal Jury Instructions (hereafter "Sand") § 7.01, Instruction 7-21.

5

REQUEST NO. 5

<u>TESTIMONY OF COOPERATING WITNESSES</u>

During this trial, you heard testimony from one or more witnesses that were involved in one or more crimes for which the defendants are charged, which you may have heard called a "cooperating witness."   The Government argues, as it is permitted to do, that it must take the witness as it finds him, and experience will tell you that the Government sometimes must rely on the testimony of a witness who admits to participating in criminal activity to show criminal behavior by others.   For that reason, the law allows the use of accomplice and co-conspirator testimony.   Indeed, it is the law in federal court that such testimony may be enough, standing alone, for conviction if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

Because of the interest a cooperating witness may have in testifying, however, the testimony must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony, if any, to believe.

Like the testimony of any other witness, the testimony of a cooperating witness should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of the witness's recollection, his background and the extent to which his testimony is or is not corroborated by other evidence in the case.

I have given you some general considerations on credibility, and I will not repeat them all here.   Instead, I will say a few things that you may want to consider during your deliberations on the subject of cooperating witnesses. You should ask yourselves whether these witnesses would benefit more by lying or by telling the truth? Was their testimony made up in any

6

way because they believed or hoped they would somehow receive favorable treatment by testifying falsely?   Or did they believe their interests would be served by testifying truthfully?   If you believe a witness was motivated by hopes of personal gain, was this motivation one that would cause him to lie or would cause him or her to tell the truth.   Did this motivation color his testimony at all?

If you think the cooperating witness's testimony was false, you should reject it. However, if after a cautious and careful examination of the cooperating witness's testimony you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any other witness, the issue of credibility need not, but can, be decided in an all-or nothing fashion.   Even if you find that a witness testified falsely in one part, you still may accept the witness's testimony in other parts, or you may disregard all the testimony.   That is a determination left entirely for you, the jury.

You heard evidence that a government witness has pleaded guilty to charges arising out of some of the same facts that are at issue in this case.   That evidence is before you solely to assist you in evaluating the credibility of that witness.   You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendants on trial before you from the fact that a prosecution witness pleaded guilty to crimes.   The decision of that witness to plead guilty was a personal decision that witness made about his own guilt.   It may not be used by you in any way as evidence against or unfavorable to the defendants.

Finally, in relation to cooperating witnesses, you have also heard testimony in this case about who will decide the sentence of such a witness.   The question of punishment of a

cooperating witness is a duty that rests exclusively upon the sentencing court, and you should not

think about that except as it may affect the witness's credibility.

<u>Authority</u>

    Adapted from the Jury Charge of the Hon. Denny Chin in <u>United States v. Dieuverson Caille</u>, No. 20-CR-547 (hereafter "<u>Caille</u>") (attached hereto as Exhibit 3) and the Jury Charge of the Hon. Nicholas G. Garaufis in <u>United States v. Asainov</u>, 19-CR-402 (hereafter "<u>Asainov</u>") (attached hereto as Exhibit 4); Sand, § 7.01, Instruction 7-14.

REQUEST NO. 6

<u>PERSONS NOT ON TRIAL</u>

During this trial, you have heard evidence about the involvement of other persons in the events related to this case. You may not draw any inference, favorable or unfavorable, toward the Government or the Defendants from the fact that certain persons are not on trial before you. That these individuals are not on trial before you is not your concern. You should neither speculate as to the reason these people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case.    Nor should you draw any inference from the fact that any other person is not present at this trial.    Your concern is solely the Defendants on trial before you.

<u>Authority</u>

Adapted from <u>Full Play</u> and the Jury Charge of the Hon. Pamela K. Chen in <u>United States v. Tawanna Hilliard</u>, No. 19-CR-358 (hereafter "<u>Hilliard</u>") (attached hereto as Exhibit 6).

9

REQUEST NO. 7

## NO DUTY TO CALL WITNESSES, PRODUCE EVIDENCE, OR TO USE PARTICULAR INVESTIGATIVE TECHNIQUES

Although the Government bears the burden of proof beyond a reasonable doubt, and although a reasonable doubt can arise from lack of evidence, you are instructed that there is no legal requirement that the Government use any specific investigative techniques or pursue every investigative lead to prove its case.   The Government, its agents, and employees are not on trial, and law enforcement techniques are not your concern. Therefore, although you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.   Additionally, the law does not require that all things mentioned during the course of the trial be produced as exhibits.   Your concern is to determine whether or not, on the evidence or lack of evidence, each of the Defendant's guilt has been proved beyond a reasonable doubt.

In this regard, I also charge you that all persons who may have been present at any time or place mentioned in the case, or who may appear to have some knowledge of the issues in this case, need not be called as witnesses.   Both the Government and the defense have the same right to subpoena witnesses to testify on their behalf.   There is no duty on either side, however, to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.   I remind you, however that because the law presumes that each Defendant is innocent, the burden of proving his guilt beyond a reasonable doubt is on the Government throughout the trial.   Defendants do not have the burden of proving their innocence or of producing any evidence or calling any witnesses at all.

10

<u>Authority</u>

Adapted from the Jury Charge of the Hon. Pamela K. Chen in <u>United States v. Brendan Hunt</u>, No. 19-CR-358 (hereafter "<u>Hunt</u>") (attached hereto as Exhibit 6); Sand, § 4.01, Instruction 4-4. § 6.04, Instruction 6-7; <u>see</u> <u>generally</u> <u>United States v. Erb</u>, 543 F.2d 438, 444-45 (2d Cir.) (discussing propriety of missing witness charges), cert. denied, 429 U.S. 981 (1976)).

REQUEST NO. 8

ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED

The law does not require the Government to produce all available evidence or call as witnesses all persons involved in the case who may have been present at any relevant time or place, or who may appear to have some knowledge of a matter at issue in the trial.    Nor does the law require any party to produce as exhibits all papers and objects mentioned during the course of the trial.    You are always entitled, however, to consider any lack of evidence in determining whether the Government has met its burden of proof beyond a reasonable doubt.

Authority

Adapted from the Jury Charge of the Hon. Brian M. Cogan in United States v. Al Farekh, No. 15-CR-268 (hereafter "Farekh") (attached hereto as Exhibit 7); see also E. Devitt & C. Blackmar, Federal Jury Practice and Instructions, § 72.11 (3d ed. 1977).

12

REQUEST NO. 9

<u>EVIDENCE OBTAINED PURSUANT TO SEARCHES</u>

During the trial in this case, you have heard evidence concerning a variety of investigative techniques and methods of collecting evidence.    Evidence was properly admitted in this case and may be considered by you. Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence consideration along with all the other evidence in the case in determining whether the Government has proved each of the Defendants guilty beyond a reasonable doubt.

<u>Authority</u>

Adapted from <u>Burgos-Collazo</u>.

13

REQUEST NO. 10

<u>TRANSLATIONS</u>

During the trial, you have also heard from some witnesses who testified in Mandarin or Cantonese, and whose testimony was translated into English.   You have also been shown documents that were partially or entirely written in Chinese, and you were provided with English translations of those documents or portions of documents.   The interpreters translated the witnesses' testimony, and the parties agreed on the English translations of the documents, recordings and records.   Chinese-to-English translations of that evidence have been admitted into evidence.   All jurors must consider the same evidence.   If any of you speak Mandarin or Cantonese or read Chinese, you must all base your decision on the evidence presented in the English translation.   These translations are evidence, not just guides, and I instruct you to consider them just like any other evidence in this case.

<u>Authority</u>

Adapted from the Jury Charge of the Hon. Ann M. Donnelly in <u>United States v. Zhong</u>, No. 16-CR-641 (hereafter "<u>Zhong</u>") (attached hereto as Exhibit 8).

14

REQUEST NO. 11

CHARTS AND SUMMARIES

The parties presented certain evidence in the form of charts and summaries.    These charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence.    They are no better than the documents upon which they are based.    You are entitled to consider the charts, schedules, and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

Authority

Adapted from Full Play; Sand, § 5.05, Instructions 5-12, 5-13.

REQUEST NO. 12

<u>CAUTIONARY AND LIMITING INSTRUCTIONS (IF APPLICABLE)</u>

During the trial in this case, I admitted particular items of evidence for a limited purpose and I instructed you on the purposes for which that particular evidence can and cannot be considered.   I remind you that evidence admitted for a limited purpose can be considered by you only for that particular purpose and not for any other purpose.

<u>Authority</u>

Adapted from Sand, Pattern Instruction (1st Cir.), Instruction 3.07.

## II.     <u>INSTRUCTIONS RELATING TO THE ALLEGED CRIMES</u>

REQUEST NO. 13

<u>THE INDICTMENT</u>

The Defendants are charged in an Indictment, which is just a formal accusation by the Government.   The Indictment is not evidence and you may not consider it as evidence.   It simply contains the charges that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt.   You must not think of the Indictment as any evidence of the guilt of the Defendants, or draw any conclusions whatsoever about the guilt of the Defendants just because they have been indicted.

The Indictment in this case contains four separate counts, or separate offenses, and you will be called upon to render a separate verdict on each of them.   I will go over them in detail, but let me summarize them now.

Count One charges the Defendants with conspiracy to act as agents of a foreign government without prior notification to the Attorney General of the United States.

Count Two charges the Defendants with each acting as agents of a foreign government without prior notification to the Attorney General of the United States.

Count Three charges the Defendants with conspiracy to engage in interstate stalking.

Count Four charges the Defendants with each engaging in interstate stalking.

You must consider each count separately, and you must return a verdict based only upon the evidence as it relates to that specific count.   Whether you find a defendant guilty or not guilty as to one offense should not affect your verdict as to any other counts.   You have to

17

consider each count separately and return a separate verdict of guilty or not guilty on each count and as to each defendant.

There are two other points I want to make about the Indictment.    The Indictment charges "in or about" and "on or about" and "between" certain dates.    The proof need not establish with certainty the exact date of an alleged offense.    It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the dates alleged.

You will also see that the Indictment uses the word "and" where my instructions will use the word "or."    This is a result of how the Government formalizes its charges, and it is not a statement of the law.    Where my instructions use the word "or," that "or" is controlling over any other contradictory phrasing in the Indictment.

I have summarized the counts in the Indictment simply to give you an overview of the charges.    In your deliberations, you should refer to the exact text of the Indictment.

<u>Authority</u>

Adapted from <u>Full Play</u>.

REQUEST NO. 14

<u>VENUE</u>

In addition to the elements of the crimes charged that I have described for you, you must decide whether each of the charged crimes occurred, in whole or in part, within the Eastern District of New York.    This is a concept known as "venue."    You are instructed that the Eastern District of New York includes the following counties:    Kings (also known as Brooklyn), Queens, Richmond (also known as Staten Island), Nassau, and Suffolk.    In addition, the Eastern District of New York includes the waters within New York and Bronx Counties, which include the waters surrounding the island of Manhattan that separate Manhattan from the other boroughs of New York City and from the State of New Jersey, as well as the air space above the district or the waters in the district.

To establish that venue for each of the charged crimes is appropriate in the Eastern District of New York, the Government must prove that some act in furtherance of the crime occurred here.    This means that with respect to each of the crimes charged, even if other acts were committed outside this district or if the crime was completed elsewhere, venue is established in the Eastern District of New York so long as some act in furtherance of the crime took place in this district.    Indeed, a Defendant need not personally have been present in the district for venue to be proper.    Venue turns on whether any part of the crime or any act in furtherance of the offense was committed in the district.

In a conspiracy, such as the conspiracy charged in Counts One and Three, actions of co-conspirators, as well as actions caused by co-conspirators, are sufficient to confer venue if it was reasonably foreseeable to the defendant that the acts would occur in the Eastern District of New York.

19

Venue can be conferred in a number of different ways. Venue can be conferred based on physical presence or conduct, and passing through a district, including through or over waters, is sufficient to confer venue. Venue can also be properly based on electronic impulses, including email communications and electronic transfers of funds such as banking transfers, passing through a district. Venue lies in any district where electronic communications are sent or received and any district through which electronic communications are routed. Venue is also proper where a telephonic communication in furtherance of a crime was made and where it was received. The Government need not prove all of these bases of venue; any one is sufficient.

While the Government's burden as to everything else in the case is proof beyond a reasonable doubt, a standard that I have already explained to you, venue need only be proved by the lesser standard of "preponderance of the evidence." To prove something by a preponderance of the evidence means simply to prove that the fact is more likely true than not true.

<u>Authority</u>

Adapted from <u>Full Play</u> and the Jury Charge of the Hon. Margo K. Brodie in <u>United States v. Ng Chong Hwa</u>, No. 18-CR-538 (S-2) (hereafter "<u>Ng</u>") (attached hereto as Exhibit 9).

20

REQUEST NO. 15

<u>KNOWLEDGE AND INTENT</u>

Because the Indictment charges four separate counts, and because these charges require you to consider the concepts of knowledge and intent, and specific words that describe different types of knowledge and intent, I will tell you now about those concepts before I address each of the four charges specifically.

<u>1. Knowingly</u>

A person acts "knowingly" if he acts intentionally and voluntarily and not because of ignorance, mistake, accident or carelessness.   Whether a defendant acted knowingly may be proven by his conduct and by all the facts and circumstances surrounding the case.

<u>2. Intentionally</u>

A person acts "intentionally" when he acts deliberately and purposefully.   That is, to be intentional, a defendant's acts must have been the product of his conscious, objective decision rather than the product of a mistake or accident.   You may infer that a person ordinarily intends all natural and probable consequences of an act knowingly done.   It is sufficient that a defendant intentionally engages in conduct that the law forbids.   The Government is not required to prove that a defendant is aware of the law that actually forbids his conduct.

The issues of knowledge and intent require you to make a determination about a defendant's state of mind, something that can rarely be proved directly.   Willful intent or guilty knowledge may be inferred from the secretive or irregular manner in which a transaction is carried out.   A wise and careful consideration of all the circumstances shown by the evidence and the exhibits in the case may, however, permit you to make a determination as to the defendant's state of mind.   Indeed, experience has taught that frequently actions speak louder and more clearly

than words, and in your everyday affairs, you are frequently called upon to determine a person's state of mind from their words and actions in given circumstances.    You are asked to do the same here.

### 3. Conscious Avoidance

In determining whether a defendant acted knowingly, you may also consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him.    If you find beyond a reasonable doubt that the defendant acted with (or that the defendant's ignorance was solely and entirely the result of) a conscious purpose to avoid learning the truth, then this element may be satisfied.    However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish or mistaken. It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

Authority

Adapted from Full Play, Burgos-Collazo and Zhong; see also Sand, § 3A.01, Instructions 3A-1, 3A-2, 3A-4, § 6.06, Instructions 6-19; United States v. Wedd, 993 F.3d 104, 118–119 (2d Cir. 2021) ("A district court may provide a conscious avoidance jury instruction only if two requirements are satisfied: '(1) the defendant asserts the lack of some specific aspect of knowledge required for conviction and (2) the appropriate factual predicate for the charge exists, i.e. the evidence is such that a rational juror may reach the conclusion beyond a reasonable doubt that the defendant was [(a)] aware of a high probability of the fact in dispute and [(b)] consciously avoided confirming that fact.'"(citation omitted)); United States v. Kozeny, 667 F.3d 122, 134 (2d Cir. 2011) ("[C]onscious avoidance may be established where[] a defendant's involvement in the criminal offense may have been so overwhelmingly suspicious that the defendant's failure to question the suspicious circumstances establishes the defendant's purposeful contrivance to avoid guilty knowledge." (internal quotation marks and alteration omitted)).

22

REQUEST NO. 16

<u>COUNT TWO: ACTING AS ILLEGAL AGENTS OF A FOREIGN GOVERNMENT</u>

I will first start with Counts Two and Four, which charge the Defendants with acting as illegal agents of a foreign government and interstate stalking.    I will then provide you with the instructions for Counts One and Three, which each allege a conspiracy to commit those crimes.

Count Two charges the Defendants, MICHAEL MCMAHON, ZHENG CONGYING and ZHU YONG, also known as "Jason Zhu," with acting as agents of a foreign government without prior notification to the Attorney General of the United States.    The relevant language of the statute, Title 18, United States Code, Section 951, provides that:

> Whoever, other than a diplomatic or consular officer or attaché, acts in the United States as an agent of a foreign government without prior notification to the Attorney General . . . shall be [guilty of a crime].

The Indictment reads as follows with regard to Count Two:

> In or about and between September 2016 and December 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants . . . MICHAEL MCMAHON, . . . ZHENG CONGYING and ZHU YONG, also known as "Jason Zhu," together with others, did knowingly act in the United States as agents of a foreign government, to wit: the [government of the People's Republic of China (also known as "China" or the "PRC")], without prior notification to the Attorney General of the United States, as required by law.

To prove a violation of the crime charged in Count Two of the Indictment, the Government must establish each of the following elements beyond a reasonable doubt:

<u>First</u>, the defendant acted as an agent of a foreign government or official, specifically of China;

<u>Second</u>, the defendant failed to notify the Attorney General that he would be acting as an agent of the government or an official of China in the United States prior to so acting;

23

**Third**, the defendant acted knowingly; and

**Fourth**, the defendant acted, at least in part, in the United States.

I will now define certain relevant terms and explain further about each element.

Definitions

The term "foreign government" includes any person or group of persons exercising authority in fact or by law or right over any country, other than the United States, or over any part of such country, and includes any subdivision of any such group or agency to which such sovereign authority or functions are directly or indirectly delegated.

The term "agent of a foreign government" means an individual, other than a diplomatic or consular officer or attaché, who agrees to operate within the United States subject to the direction or control of a foreign government or foreign government official.

To establish that a defendant is an "agent of a foreign government," the Government must prove that the defendant acted pursuant to an agreement to operate subject to the direction or control of China, and that China or a Chinese official or officials directed or controlled the defendant's actions.    To be an "agent of a foreign government," a person must do more than act in parallel with a foreign government's interests or independently pursue a mutual goal.    However, a foreign government or official's involvement in the relationship does not need to mirror an employer's control over the workings of an employee, with a foreign government dictating both a desired end and the more granular means of performance.    Nor must there be any legal duty to comply with the foreign government's directives.    A lesser degree of direction or control is sufficient.    A person who agrees to act subject to a more hands-off form of direction also would be acting as an "agent of a foreign government."

24

The agency relationship between a defendant and a foreign government may be established either by direct contact between the agent and foreign government or through an intermediary or intermediaries.   An agreement to act as an agent of a foreign government need not be contractual or formalized, nor must payment or other compensation be received.   The law also does not require that an agent be effective or successful, or that the act of any particular motive.   The actions taken on behalf of a foreign government do not have to be done in secret. Moreover, given the often clandestine nature of this type of conduct, and the difficulty of proving explicit agreements generally, such an agreement may be proven by circumstantial evidence, a concept I have explained to you before.

You do not need to find that a defendant was an agent during the entire time period specified in the Indictment.   If all jurors agree that it has been shown beyond a reasonable doubt that a defendant was an agent of China at any time within that period, and the Government has proven beyond a reasonable doubt all other elements of the offense as set forth in these instructions, then you must find that defendant guilty.

To find a defendant guilty of this offense, you must find that the defendant knew that he was acting as an agent of the government or an official of China and knew that he had not provided prior notification to the Attorney General.   I have already instructed you on what "knowingly" means, and you should apply that instruction here.   It is not necessary, however, for the Government to prove that a defendant knew that there was a law that required him to provide notification to the Attorney General.   Ignorance of the law is not a defense to this crime.

Notification is required to be made by the agent in the form of a letter, faxed message, or telex addressed to the Attorney General, prior to commencing the services in the United States on behalf of the foreign government.   The notification must include the name or

25

names of the agents, the address or addresses of the agents, the identity of the foreign government or foreign official for whom the agent is acting, a brief description of the activities to be conducted for the foreign government or foreign official, and the anticipated duration of the activities. Notification to any other United States Government official is not sufficient to satisfy the notification requirement; notification must be to the Attorney General.

<u>Authority</u>

Adapted from the Jury Charge of the Hon. Edward M. Chen in <u>United States v. Abouammo</u>, No. 19-CR-621 (N.D. Cal.) (hereafter "<u>Abouammo</u>") (attached hereto as Exhibit 10) and Hon. Elaine E. Bucklo in <u>United States v. Turner</u>, No. 13-CR-572 (N.D. Ill.) (hereafter "<u>Turner</u>") (attached hereto as Exhibit 11); <u>see</u> 18 U.S.C. § 951(a); 28 C.F.R. §§ 73.1; <u>see also</u> <u>United States v. Hu Ji, et al.</u>, No. 21-CR-265 (PKC), 2022 WL 595259, at *4 (E.D.N.Y. 2022); <u>United States v. Ying Lin</u>, No. 15-CR-601 (DLI), 2018 WL 3416524, at *3 (E.D.N.Y. July 11, 2018); <u>United States v. Rafiekian</u>, 991 F.3d 529, 538-44 (4th Cir. 2021); <u>United States v. Duran</u>, 596 F.3d 1283, 1292 (11th Cir. 2010); <u>United States v. Campa</u>, 529 F.3d 980, 999 (11th Cir. 2008); <u>United States v. Dumeisi</u>, 424 F.3d 566, 581-82 (7th Cir. 2005); <u>United States v. Chung</u>, 659 F.3d 815, 823 (9th Cir. 2011); <u>United States v. Butenko</u>, 384 F.2d 554, 565 (3d Cir. 1967); <u>United States v. Hung</u>, 629 F.2d 908, 912 (4th Cir. 1980).

REQUEST NO. 17

<u>COUNT FOUR: INTERSTATE STALKING</u>

Count Four of the Indictment charges the Defendants with engaging in interstate stalking in violation of federal law.    Specifically, Count Four of the indictment charges that:

> In or about and between September 2016 and December 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants . . . MICHAEL MCMAHON, ZHENG CONGYING and ZHU YONG, also known as "Jason Zhu," together with others, did knowingly and intentionally travel in interstate and foreign commerce, with the intent to harass and intimidate, and place under surveillance with the intent to harass and intimidate one or more persons, to wit: [John Doe-1] and [Jane Doe-1], and in the course of, and as a result of, such travel, engaged in conduct that caused, attempted to cause and would be reasonably expected to cause [John Doe-1] and [Jane Doe-1] substantial emotional distress.

The statute relevant to the charge is Title 18 of the United States Code, Section 2261A(1)(B), which provides in relevant part:

> ". . . Whoever travels in interstate or foreign commerce . . . , with the intent to . . . harass, intimidate, or place under surveillance with intent to . . . harass, or intimidate another person, and in the course of, or as a result of, such travel or presence engages in conduct that— . . .
>
> (B) causes, attempts to cause or would reasonably be expected to cause substantial emotional distress to a person . . . [shall be guilty of a crime.]"

In order to prove a defendant guilty of interstate stalking, the Government must prove beyond a reasonable doubt each one of the following three elements:

<u>First</u>, that the defendant traveled in interstate or foreign commerce as charged in the indictment;

<u>Second</u>, that the defendant traveled in interstate commerce with the intent to harass or place under surveillance with intent to harass, or intimidate [John Doe-1] or [Jane Doe-1]; and

27

Third, that in the course of or as a result of such travel, the defendant caused, attempted to cause, or reasonably expected to cause substantial emotional distress to [John Doe-1] or [Jane Doe-1] or a member of either [John Doe-1]'s or [Jane Doe-1]'s immediate family.

I will explain each of these elements to you in more detail.

First Element: Interstate Travel

The first element which the Government must prove beyond a reasonable doubt is that the Defendant traveled in interstate or foreign commerce as charged in the Indictment.

Travel in interstate or foreign commerce simply means travel between two states or between the United States and a foreign country.

Second Element: Intent to Harass or Intimidate

The second element which the Government must prove beyond a reasonable doubt is that the Defendant traveled in interstate commerce with the intent to harass, intimidate or place under surveillance with intent to harass, or intimidate [John Doe-1] or [Jane Doe-1].    Harass means to annoy persistently, or to create an unpleasant or hostile situation.

Direct proof of a person's intent is almost never available.    It would be a rare case where it could be shown that a person wrote or stated that as of a given time he or she committed an act with a particular intent.    Such direct proof is not required.    The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon the Defendant's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Third Element: Victim Placed in Reasonable Fear

The third element which the Government must prove beyond a reasonable doubt is that in the course of or as a result of such travel, the defendant engaged in conduct the result of

28

which caused, attempted to cause or would be reasonably expected to cause substantial emotional distress to [John Doe-1] or [Jane Doe-1] or an immediate family member.

To establish this element, the Government must prove that as a result of the Defendant's conduct during or after the travel in interstate commerce, [John Doe-1] or [Jane Doe-1] or an immediate family member of [John Doe-1] or [Jane Doe-1] suffered substantial emotional distress as a result of the Defendant's conduct and that a reasonable person in [John Doe-1]'s or [Jane Doe-1]'s position, or the position of an immediate family member of [John Doe-1] or [Jane Doe-1], would have experienced substantial emotional distress under those circumstances, or that the defendant attempted or reasonably expected to cause that emotional distress.

The term "substantial emotional distress" has its ordinary meaning. Substantial means important enough to be of consequence and concern to a reasonable person. Emotion means of the mind, that is, feelings, spirit or psyche. Distress means greatly troubled mind, mental stress or strain or mental anxiety.

The term "immediate family member" means a spouse, parent, brother, sister, child, ward, or any other person living in [John Doe-1]'s or [Jane Doe-1]'s household and related to [John Doe-1] or [Jane Doe-1] by blood or marriage.

<u>Authority</u>

Adapted from the Jury Charges of the Hon. Jack B. Weinstein in <u>United States v. Nagel</u>, No. 10-CR-511 (hereafter "<u>Nagel</u>") (attached hereto as Exhibit 12); Sand, § 63.03, Instructions 63-14, 63-15, 63-16, 63-17, 63-18.

REQUEST NO. 18

<u>AIDING AND ABETTING</u>

The Defendants are charged in Counts Two and Four with being principals who committed the alleged crime, which is also called direct liability.    The Defendants are also charged in Counts Two and Four with two other theories of liability—aiding and abetting and co-conspirator liability.    Even if you find that the Government has not proven beyond a reasonable doubt that a defendant directly acted as an agent of a foreign government in the United States without notifying the Attorney General, or directly engaged in interstate stalking, you must also consider whether the Government has met its burden of proving a defendant's guilt by considering these other theories, which are called aiding-and-abetting liability and co-conspirator liability. The Government may establish a defendant's guilt of Count Two and Four through any one of these theories—direct liability, aiding-and-abetting liability or co-conspirator liability.

With regard to aiding and abetting liability, the relevant statute provides:

Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal.

It is not necessary to find that the defendant personally committed the crimes charged in Counts Two and Four as long as the Government proves that he aided and abetted another person in doing so.    This is so because under the law, a person who aids and abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Therefore, you may find the Defendant guilty of the offenses charged if you find beyond a reasonable doubt that the Government has proven that another person committed the offense and that the Defendant aided or abetted that person in the commission of the offense.

30

In order to find the Defendant guilty of aiding and abetting a crime, you must first find that another person committed that crime.    Nobody can be convicted of aiding and abetting the criminal act of another if no crime was committed by the other person in the first place.    But if you do find that a crime was committed, then you must determine whether the Defendant aided or abetted the commission of that crime.

To aid or abet another to commit a crime, a defendant must do two things.    First, he must knowingly associate himself in some way with the crime, and second, he must participate in the crime by doing some act to help make the crime succeed.

To establish that the Defendant knowingly associated himself with the crime, the Government must establish that the defendant knew and intended that the crimes charged would be committed.

To establish that the Defendant participated in the commission of the crime, the Government must prove that the Defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about the crime.    The Defendant's mere presence where a crime is being committed, even coupled with knowledge by the Defendant that a crime is being committed, is not sufficient to establish aiding and abetting.    One who has no knowledge that a crime is being committed or is about to committed, but inadvertently does something that aids in the commission of that crime is not an aider or abettor.    An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of a crime, ask yourself these questions:

Did he participate and intend to participate in the crime?

31

Did he knowingly associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.   If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty under that theory.

<u>Authority</u>

Adapted from <u>Hilliard</u>; <u>see</u> <u>also</u> Sand, § 11.01, Instructions 11-1 and 11-2.

REQUEST NO. 19

<u>CO-CONSPIRATOR LIABILITY</u>

Another way in which you should evaluate the guilt of the Defendants for Counts Two and Four, even if you do not find that the Government has satisfied its burden of proof with respect to direct liability or aiding-and-abetting liability, is called "co-conspirator liability."

If you find beyond a reasonable doubt that a defendant was a member of the conspiracy charged in Count One of the Indictment then you may, but are not required to, find that defendant guilty of the substantive crime charged against him in Count Two.    Likewise, if you find beyond a reasonable doubt that a defendant was a member of the conspiracy charged in Count Three of the Indictment then you may, but are not required to, find that defendant guilty of the substantive crime charged against him in Count Four.    To do so, however, you must first find, beyond a reasonable doubt, each of the following elements as to Counts Two and Four:

<u>First</u>, the substantive crime charged in Counts Two and Four was committed;

<u>Second</u>, the person or persons you find actually committed the crime were members of the conspiracy you found to have existed;

<u>Third</u>, the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

<u>Fourth</u>, the defendant was a member of that conspiracy at the time the substantive crime was committed; and

<u>Fifth</u>, the defendant could have reasonably foreseen that the substantive crime might be committed by his co-conspirators.

33

If you find all five of these elements to exist beyond a reasonable doubt, then you may find a defendant guilty of Counts Two and Four, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the substantive crimes committed pursuant to that conspiracy.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find that defendant guilty of the substantive crime, unless the Government proves, beyond a reasonable doubt, that the defendant personally committed the substantive crime charged in Counts Two and Four, or aided and abetted the commission of the substantive crime charged in Counts Two and Four.

<u>Authority</u>

Adapted from <u>Farekh</u> and <u>Zhong</u>; <u>see also</u> Sand, § 19.03, Instruction 19-13; <u>Pinkerton v. United States</u>, 328 U.S. 640, 66 S. Ct. 1180, 90 L. Ed. 1489 (1946); <u>United States v. Gallego</u>, 191 F.3d 156 (2d Cir. 1999).

34

REQUEST NO. 20

<u>CONSPIRACY GENERALLY</u>

Counts One and Three in the Indictment allege that the Defendants participated in criminal conspiracies.

A conspiracy is an agreement by two or more persons to accomplish some unlawful objective.    It is sometimes referred to as a criminal partnership.    The crime of conspiracy is separate from the crime the alleged conspirators agreed to commit.    A conspiracy is in and of itself a crime.    If a conspiracy exists, even if it fails to achieve its purpose, it is still a punishable crime.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy did not succeed.    That is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct and increases the likelihood of success of a particular criminal venture.

In order to prove the crime of conspiracy charged in Counts One and Three of the Indictment, the Government must establish the following elements of the crime of conspiracy beyond a reasonable doubt:

<u>First</u>:        two or more persons entered into the particular unlawful agreement charged in the conspiracy count that you are considering;

<u>Second</u>:    the defendant knowingly and intentionally became a member of the conspiracy; and

<u>Third:</u>      that an overt act was committed in furtherance of the conspiracy.

The <u>first</u> element requires that the Government prove that at least two conspirators had a meeting of the minds and that they agreed to work together to accomplish the object of the charged conspiracy.    You need not find that the alleged members of the conspiracy met together

35

and entered into any express or formal agreement.    To establish a conspiracy, the Government is not required to prove that the conspirators sat around a table and entered into a solemn contract orally or in writing, stating that they have formed a conspiracy to violate the law, setting forth details of the plan, the means by which the unlawful project is to be carried out, or the part to be played by each conspirator.

Common sense would suggest that when people do, in fact, undertake to enter into a conspiracy, much is left to an unexpressed understanding.    A conspiracy, by its very nature, is almost invariably secret in both origin and execution.    Therefore, it is sufficient for the Government to show that the conspirators somehow came to a mutual understanding, even if unspoken, to accomplish an unlawful act by means of a joint plan or common scheme.

Because conspiracy is usually characterized by secrecy, you may infer its existence from the circumstances and the conduct of the parties and others involved.    In the context of conspiracy cases, actions can speak louder than words.    So, in determining whether an agreement existed, you may consider the actions and statements of all of these persons in deciding to act together for the accomplishment of an unlawful purpose.    In short, you may consider all of the evidence before you and the reasonable inferences that may be drawn from all the evidence.

The second element requires that the Government prove that the Defendant was a member of that conspiracy.    That is, you must determine whether the Defendant knowingly and intentionally became a participant in the conspiracy.    I've already instructed you as to the terms knowingly and intentionally, and you should apply those instructions here.    In deciding whether a Defendant was a participant in or a member of a conspiracy, you must consider whether, based upon all of the evidence, the Defendant knowingly and intentionally joined that conspiracy.    That is, he participated in it, with knowledge of its purpose, and with the specific intention of furthering

36

one or more of its objectives.    Proof of financial interest in the outcome of the scheme is not essential.    Although if you find that a defendant did have a financial interest in the outcome of a scheme, you may consider that as evidence of a Defendant's motive to join the conspiracy.

A Defendant's knowledge is a matter of inference from the facts proved.    To become a member of a conspiracy a Defendant need not have known the identities of every member, nor need he have been apprised of all of their activities.    A Defendant need not have been fully informed of all of the details or the scope of the conspiracy in order to justify an inference of knowledge on his part.

A Defendant need not have joined in all of a conspiracy's unlawful objectives.    A conspirator's guilt is not measured by the extent or duration of his participation.    In other words, the law does not require a Defendant to play an equal role in the conspiracy as another defendant or conspirator.    Some conspirators may play major roles, while others may play minor ones. Each member may perform separate and distinct acts and may perform them at different times. Even a single act may be sufficient to draw a Defendant within the circle of a conspiracy.    A person who intentionally joins an existing conspiracy is charged with the same responsibility as if he or she had been one of the originators or instigators of the conspiracy.

Thus, if you find that the conspiracy existed, and if you further find that a Defendant participated in it knowingly and intentionally, the extent or degree of his participation is not material.    The Government also need not prove that the Defendant actually committed the unlawful act or acts charged as the objective of the conspiracy.    Instead, the Government must

prove beyond a reasonable doubt only that the purpose of the conspiracy was to commit an act or acts that are unlawful.

I want to caution you, however, that a Defendant's mere presence at the scene of criminal activities, or at locations frequented by criminals, does not, by itself, make him a member of the conspiracy.    Similarly, mere association with one or more members of the conspiracy does not automatically make a Defendant a member.    A person may know or be friendly with a criminal without being a criminal himself.    Mere similarity of conduct or the fact that individuals may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I further caution you that mere knowledge or acquiescence without participation in the unlawful plan is not sufficient.    The fact that the acts of a Defendant merely happen to further the purposes or objectives of the conspiracy, without his knowledge, also does not make that Defendant a member. More is required under the law.    What is necessary is that a Defendant must have participated with knowledge of at least some of the unlawful purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the Defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally joined, engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking. The Defendant thereby becomes a knowing and willing participant in the unlawful agreement-that is to say, a conspirator.

The third element requires that the Government prove at least one overt act.    An overt act is any action intended to help the object of the conspiracy.    An overt act need not itself be a criminal act, but it must contribute to furthering the conspiracy.    It is not required that all of the overt acts alleged in the Indictment be proven or that the overt act was committed at precisely

38

the time alleged in the Indictment.    It is sufficient if you are convinced beyond a reasonable doubt that the overt act occurred at or about the time and place stated.    Similarly, you need not find that the Defendants themselves committed the overt act.    It is sufficient for the Government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy, since, in the eyes of the law, such an act becomes the act of all of the members of the conspiracy.

Co-conspirator Statements

Counts One and Three against the Defendants allege that they participated in conspiracies. In that regard, I admitted into evidence against each Defendant the acts and statements of others because these acts and statements were committed by persons who, the Government charges, were also co-conspirators of the Defendants on trial.

The reason for allowing this evidence to be received against each Defendant has to do with the nature of the crime of conspiracy.    As I previously explained, a conspiracy is often referred to as a partnership in crime.    As in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy, and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements, and omissions.

Thus, if you find beyond a reasonable doubt that a Defendant was a member of a conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy at the time those acts were committed or statements were made may be considered against that Defendant so long

39

as the acts or statements were reasonably foreseeable to the Defendant.    This is so even if such acts were done and statements were made in a Defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a Defendant's guilt, you must first determine that the acts and statements were made during the existence of, and in furtherance of, the unlawful scheme.    If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy, or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against a Defendant.

<u>Authority</u>

Adapted from <u>Full Play</u> and <u>Hilliard</u>; Sand, § 19.01, Instructions 19-3, 19-4, 19-6.

REQUEST NO. 21

COUNT ONE: CONSPIRACY TO ACT AS ILLEGAL AGENTS
OF A FOREIGN GOVERNMENT

Count One of the Indictment charges that all three Defendants—MICHAEL MCMAHON, ZHENG CONGYING and ZHU YONG, also known as "Jason Zhu"—with conspiring against the United States, in violation of Title 18, United States Code, Section 371. Section 371 provides, in relevant part, that:

> If two or more persons conspire . . . to commit any offense against the United States . . . in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be [guilty of an offense against the United States].

The Government alleges that the object of the conspiracy was for MICHAEL MCMAHON, ZHENG CONGYING or ZHU YONG, also known as "Jason Zhu," to act in the United States as an agent of a foreign government without first notifying the Attorney General, in violation of federal law.    Specifically, the Indictment reads as follows:

> In or about and between September 2016 and December 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants . . . MICHAEL MCMAHON, . . . ZHENG CONGYING and ZHU YONG, also known as "Jason Zhu," together with others, did knowingly and willfully conspire to act in the United States as agents of a foreign government, to wit: the [government of the People's Republic of China, or "China"], without prior notification to the Attorney General of the United States, as required by law, contrary to Title 18, United States Code, Section 951(a).

I have already instructed you on the general definition of conspiracy, which, as I said, is an agreement among two or more people to commit a crime.   Here, the alleged crime charged in Count One is acting in the United States as an agent of a foreign government, specifically the People's Republic of China, without notifying the Attorney General.   I also

41

previously instructed you on the law pertaining to acting as an illegal agent of a foreign government in relation to Count Two, and you should apply those instructions here.

As a reminder, the Government need not prove that each respective Defendant actually committed the unlawful act charged as the object of the conspiracy in Count One. Rather, if you find that the Defendant knowingly and intentionally agreed to commit this crime, then you should find the Defendant guilty of Count One.

I remind you that the crime of conspiracy—an agreement—to violate a law is an independent offense.    It is separate and distinct from the actual violation of any specific law. Accordingly, you may find the Defendants guilty of the offenses charged in Count One even if you find that there was no violation of the law prohibiting acting in the United States as an agent of a foreign government without notifying the Attorney General.

As I previously mentioned, the conspiracy charged in Count One requires proof of at least one overt act.    I will not read the overt acts charged in the Indictment, but you will have a copy of the Indictment that you can review during your deliberations.    As a reminder, it is not required that all of the overt acts alleged in the Indictment be proven or that any overt act was committed at precisely the time alleged in the Indictment, nor do you need to find that the defendant himself committed the overt act.    It is sufficient for the Government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy.

<u>Authority</u>

Adapted from <u>Full Play</u> and <u>Hilliard</u>.

REQUEST NO. 22

COUNT THREE: CONSPIRACY TO ENGAGE IN INTERSTATE STALKING

The Indictment alleges in Count Three that the Defendants conspired against the United States, in violation of Title 18, United States Code, Section 371, which I have previously instructed you on.

The Government alleges that the object of the conspiracy was for the Defendants, together with others, to travel in interstate and foreign commerce, with the intent to harass and intimidate, and place under surveillance with the intent to harass and intimidate certain individuals—[John Doe-1], [Jane Doe-1], and [Jane Doe-2]—in violation of federal law. Specifically, Count Three of the indictment charges that:

> In or about and between September 2016 and December 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants . . . MICHAEL MCMAHON, . . . ZHENG CONGYING and ZHU YONG, also known as "Jason Zhu," together with others, did knowingly and willfully conspire to travel in interstate and foreign commerce, with the intent to harass and intimidate, and place under surveillance with the intent to harass and intimidate, one or more persons, to wit: [John Doe-1, Jane Doe-1, and Jane Doe-2] and in the course of, and as a result of, such travel, to engage in conduct that would cause, would attempt to cause and would be reasonably expected to cause [John Doe-1, Jane Doe-1, and Jane Doe-2] substantial emotional distress, contrary to Title 18, United States Code, Section 2261A(l)(B).

I have already instructed you with respect to the law of conspiracy.    Those same principles apply here.    I also previously instructed you on the law pertaining to interstate stalking, and you should apply those instructions here as well.

As I explained with regard to the conspiracy charged in Count One, the Government need not prove that each respective Defendant actually committed the unlawful act charged as the object of the conspiracy in Count Three.    Rather, if you find that the defendant knowingly and

43

intentionally agreed to commit this crime, then you should find the defendant guilty of Count Three.

As I also just reminded you with regard to Count One, the crime of conspiracy charged in Count Three is separate and distinct from the actual violation of any specific law, and therefore you may find the Defendants guilty of the offense charged in Count Three even if you find that there was no violation of the law prohibiting interstate stalking.

Finally, as I previously mentioned with regard to Count One, the conspiracy charged in Count Three requires proof of at least one overt act.   I will not read the overt acts charged in the Indictment, but you will have a copy of the Indictment which you can review during your deliberations.    My prior instructions about overt acts apply to Count Three as well.

<u>Authority</u>

Adapted from <u>Full Play</u> and <u>Hilliard</u>.

CONCLUSION

The Government respectfully requests that the Court include the foregoing in its instructions to the jury.   In addition, the Government requests the opportunity to submit further instructions or to amend those submitted, as appropriate.

Dated:          Brooklyn, New York
                May 1, 2023

                                        Respectfully submitted,


                                        BREON PEACE
                                        United States Attorney
                                        Eastern District of New York

                        By:      /s/
                                 Craig R. Heeren
                                 Meredith A. Arfa
                                 Irisa Chen
                                 Assistant U.S. Attorneys
                                 (718) 254-7000

                                 MATTHEW G. OLSEN
                                 Assistant Attorney General
                                 Department of Justice
                                 National Security Division

                        By:      /s/
                                 Christine Bonomo
                                 Trial Attorney


cc:       Clerk of Court (PKC) (By ECF)
          Defense Counsel (By ECF)


45