# Exhibit 1

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

⁻ᴬ⁻  JUL 20 2022  ★

ᴿOOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
UNITED STATES OF AMERICA,

        - against -

DAVIS BURGOS-COLLAZO,

        Defendant.
--------------------------------------------------------X

**JURY INSTRUCTIONS**
20-CR-492 (S-1) (PKC)

PAMELA K. CHEN, United States District Judge:

Ladies and gentlemen of the jury, now that you have heard all the evidence in the case as well as the arguments of the lawyers, it is my duty to give you instructions as to the law applicable in this case. We are all grateful to you for the close attention you have given to this case thus far. I ask that you continue to do so as I give you these instructions.

As you know, the Defendant Davis Burgos-Collazo is charged with distribution of child pornography, access with intent to view child pornography, and attempted sexual exploitation of a child for the purpose of creating child pornography. The Defendant has pleaded not guilty to all charges.

My instructions will be in three parts:

First, I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case such as this.

Second, I will instruct you as to the particular crimes charged in this case and the specific elements that the Government must prove with respect to each crime.

Third, I will give you some general rules regarding your deliberations.

1

COURT'S
EXHIBIT NO. 1
IDENTIFICATION/EVIDENCE
DKT.# 20CR492
DATE: 7/19/22
PENGAD 800-631-6989

## I.    GENERAL INSTRUCTIONS: ROLE OF THE COURT AND JURY

Let me start by restating our respective roles as judge and jury.

Your duty, as I mentioned in my opening instructions, is to find the facts from all of the evidence in this case. You are the sole judges of the facts, and it is for you and you alone to determine what weight to give the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence.

My job is to instruct you on the law. You must apply the law, in accordance with my instructions, to the facts as you find them. I remind you of your sworn obligation to follow the law as I describe it to you, whether you agree with it or not. You should not be concerned about the wisdom of any rule of law that I state. Regardless of any opinion you may have about what the law may be—or should be—it would be a violation of your oaths as jurors to base your verdict upon any other view of the law than the one given to you in these instructions.

If any of the lawyers have stated a legal principle that differs from any that I state to you in my instructions, you must be guided solely by what I instruct you about the law. You should not single out any one instruction as alone stating the law, but should consider my instructions as a whole.

Since it is your job—not mine—to find the facts, I have neither expressed nor attempted to intimate an opinion about how you should decide the facts of this case. You should not consider anything I have said or done in the course of the trial, including these instructions, as expressing any opinion about the facts or the merits of this case. For example, on occasion, I may have asked questions of a witness. You should attach no special significance to these questions simply because they were asked by me.

### A.    FUNCTION OF THE INDICTMENT AND WHAT IS NOT IN EVIDENCE

The Defendant has been charged in an Indictment with violating federal laws. The Indictment is merely a statement of the charges against the Defendant. The Indictment is not itself evidence nor does it create an inference of guilt. As previously stated, the Defendant has entered a plea of not guilty to the charges against him in the Indictment.

### B.    THE DEFINITION OF EVIDENCE AND MEANING OF OBJECTIONS

You must determine the facts in this case based solely on the evidence presented, or those inferences which can reasonably be drawn from the evidence presented. Evidence has been presented to you in the form of sworn testimony from the witnesses and documentary exhibits that have been received in evidence by me.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

Certain things are not evidence: the Indictment; statements by the Court; arguments, statements, or summations by the lawyers; objections to the questions or to the offered exhibits; and any testimony that has been excluded, stricken, or that you have been instructed to disregard.

## C.    DIRECT AND CIRCUMSTANTIAL EVIDENCE

As I mentioned in my opening instructions, there are, generally speaking, two types of evidence: direct and circumstantial.  You may use both types of evidence in reaching your verdict in this case.  There is no distinction between the weight to be given to these two types of evidence.  You must base your verdict on a reasonable assessment of all of the evidence in the case.

**Direct evidence** is testimony from a witness about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched, tasted, or heard.

The other type of evidence—**circumstantial evidence**—is proof of a chain of circumstances that point to the existence or nonexistence of certain facts.  A simple example of circumstantial evidence is as follows: Suppose you came to court on a day when the weather was clear, sunny, and dry.  However, after several hours in the courtroom where there are no windows, you observe a person come in wearing a wet raincoat and another person shaking a wet umbrella.  Without you ever looking outside, you would not have direct evidence that it rained, but you might infer from these circumstances that while you were sitting in court, it rained outdoors.

That is all there is to circumstantial evidence.  On the basis of reason, experience, and common sense, you infer the existence or nonexistence of a fact from one or more established facts.

You are permitted to draw, from the facts that you find to have been proved, such reasonable inferences as would be justified in light of your experience.  Inferences are deductions or conclusions that reason and common sense lead you, the jury, to draw from the facts that have been established by the evidence in the case.  Use your common sense in drawing inferences; however, you are not permitted to engage in mere guesswork or speculation.

There are times when differing inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  Perhaps the Government asks you to draw one, and the

4

Defendant ask you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

No significance should be attached to the fact that a document, other exhibit, or witness testimony was introduced by one party rather than by the other.  Any party is entitled to the benefit of any evidence tending to establish its contentions, even though such evidence may have come from witnesses or documents introduced by another party.

### D.    WITNESS CREDIBILITY

In deciding what the facts are in this case, you must consider all of the evidence that has been offered.  In doing this, you must decide which testimony to believe and which testimony not to believe.  You are the sole judges of credibility of the witnesses and the weight their testimony deserves.  Your determination of the issue of credibility very largely must depend upon the impression that a witness made upon you as to whether or not that witness was telling the truth or giving you an accurate version of what occurred.  You may choose to disbelieve all or part of any witness's testimony.  In deciding whether and to what extent to believe a witness's testimony, you may take into account any number of factors, including the following:

- The witness's opportunity to see, hear, and know about the events he or she described;

- The witness's ability to recall and describe those things;

- The witness's manner in testifying—was the witness candid and forthright or did the witness seem as if he or she was hiding something, being evasive, or suspect in some way;

- How the witness's testimony on direct examination compared with how the witness testified on cross-examination;

- The reasonableness of the witness's testimony in light of all of the other evidence in the case;

- Whether the witness had any possible bias, any relationship to a party, any motive to testify falsely, or any possible interest in the outcome of the trial; and

- Whether the witness's testimony was contradicted by his or her other testimony, by what that witness said or did on a prior occasion, by the testimony of other witnesses, or by other evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. In weighing the effects of a discrepancy, you should consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

If you find that any statement made by a witness on the stand is false, in whole or in part, you may disregard the particular part you find to be false or you may disregard his or her entire testimony as not worthy of belief.

### E.    TESTIMONY OF THE DEFENDANT

The Defendant did not testify in this case. Under our Constitution, the Defendant has no obligation to testify or to present any other evidence because it is the Government's burden to prove his guilt beyond a reasonable doubt. You may not attach any significance to the fact that the Defendant did not testify. Nor may you draw any adverse inference against the Defendant because he did not take the witness stand. In your deliberations in the jury room, you may not consider this decision against the Defendant in any way.

### F.    TESTIMONY OF LAW ENFORCEMENT OFFICERS

During the trial, you heard testimony from law enforcement officers. The fact that a witness is or was employed as a law enforcement official does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. It is for you to decide, after weighing all the evidence and in light of the instructions I have given you about the factors relevant to determining the credibility of any witness, whether to

accept the testimony of a law enforcement witness, and what weight, if any, that testimony deserves.

### G.    WITNESS INTERVIEWS

There was testimony at trial that the attorneys for the parties interviewed witnesses when preparing for and during the course of the trial.  There is nothing inappropriate about such meetings.  Attorneys have an obligation to prepare their case as thoroughly as possible and, in the discharge of that responsibility, to interview witnesses.  However, you may consider the frequency and duration of these preparation sessions, and the impact they may have had on the witness's testimony, in evaluating the credibility of the witness.

### H.    ALL EVIDENCE NEED NOT BE PRODUCED

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned during the course of the trial.

### I.    EVIDENCE OBTAINED PURSUANT TO SEARCHES

You have heard testimony about evidence seized from searches of social media accounts and from other locations.  Evidence obtained from the searches was properly admitted in this case and may be considered by you.  Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the Defendant's guilty beyond a reasonable doubt.

### J.     REDACTION OF EVIDENTIARY ITEMS

Some of the exhibits received in evidence are redacted.  "Redacted" means that part of the document was taken out.  You are to concern yourself only with the part of the item that has been admitted into evidence, unless you heard testimony about or describing the redacted portions.  You should not consider any possible reason why the other part of it has been deleted.

### K.     PRIOR INCONSISTENT STATEMENTS

You may have heard evidence that a witness or witnesses made a statement on an earlier occasion that counsel argues is inconsistent with the witness's trial testimony.  If the prior inconsistent statement was given under penalty of perjury, it may be considered as affirmative evidence to establish the fact that is the subject of the statement.  If the prior inconsistent statement is unsworn, however, you may consider it only for the limited purpose of helping you to decide whether to believe the trial testimony of the witness who is claimed to have contradicted himself or herself.  If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all of the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much weight, if any, to give to the inconsistency in determining whether to believe all or part of the witness's testimony.

## L.    CHARTS AND SUMMARIES

The parties presented certain evidence in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

However, the charts and summaries used in closing arguments are not in evidence unless specifically admitted into evidence. These charts and summaries were shown to you in order to make the evidence more meaningful and to aid you in considering the evidence. They are no better than the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based. It is for you to decide whether the charts, schedules, or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules, and summaries if you find they are of assistance to you in analyzing the underlying evidence.

## M.    STIPULATIONS OF FACT

A stipulation is an agreement among the parties that a certain fact is true. The attorneys for the Government and the attorneys for the Defendant have entered into a number of stipulations concerning facts that are relevant to this case. As you may recall, those were read into the record during the trial. When the attorneys on both sides stipulate and agree as to the existence of a fact, you must accept the stipulation as evidence, and regard that fact as proved.

## N.    NO SYMPATHY, FEAR, PREJUDICE, OR BIAS

In reaching your verdict, you are to be guided solely by the evidence in this case, and not be swayed by sympathy, fear, prejudice, or bias for one side or the other. The crucial question that

you must ask yourselves as you sift through the evidence is: Has the Government proven the guilt of the Defendant beyond a reasonable doubt?

It is for you alone to decide whether the Government has met that burden as to each element of the crime charged, solely on the basis of the evidence before you and the law as I charge you. If you should find that the Government has met its burden of proving the Defendant's guilt beyond a reasonable doubt, you may render a verdict of guilty without concern for sympathy or any other reason. On the other hand, if you have a reasonable doubt as to the Defendant's guilt, you should not hesitate because of sympathy, fear, prejudice, or bias for or against anyone to find the Defendant not guilty.

In reaching your decision as to whether the Government has sustained its burden of proof, you may not consider any personal feelings you may have about the Defendant's race, ethnicity, national origin, sex, or age, or that of any witness or anyone else involved in this case. All persons charged with a crime are entitled to the same presumption of innocence. The Government has the same burden of proof with respect to all persons. Accordingly, the Defendant's status does not lessen or increase the Government's burden of proof. As with any other individual charged with a crime, the issue is whether the Government has met its burden of demonstrating each and every element of the offense beyond a reasonable doubt as to the Defendant.

## O.  EQUALITY OF THE GOVERNMENT AND THE DEFENSE BEFORE THE COURT

The fact that this prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to a litigation. By the same token, the Government is also entitled to no less consideration. All parties, whether the Government or individuals, are equal before the law.

## P.    PUNISHMENT

The question of possible punishment of a defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing a sentence on a particular defendant in the event of a conviction rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the Defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow consideration of the punishment that may be imposed upon the Defendant, if he is convicted, to influence your verdict in any way, or to enter into your deliberations in any sense.

## Q.    PRESUMPTION OF INNOCENCE, BURDEN OF PROOF

I will now give specific instructions regarding the presumption of innocence and the burden of proof in this case.

As I have previously instructed you, the Defendant is before you today because he has been charged in an Indictment with violating federal law.  The Indictment is merely a statement of the charge and is not itself evidence.  The Defendant is therefore presumed to be innocent of the charges against him, and that presumption alone, unless overcome, is sufficient to acquit him.

To convict the Defendant, the burden is on the Government to prove the Defendant's guilt as to each element of the charges beyond a reasonable doubt.  The law never imposes upon a Defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The legal presumption of innocence remains in force until such time, if ever, that you as a jury are satisfied that the Government has proven the guilt of the Defendant as to each element of the particular crime charged beyond a reasonable doubt.  Your task in deliberations is not to decide between guilt and innocence; it is to decide between guilty and not guilty based on the evidence or lack of evidence.  Indeed, the presumption of innocence alone requires you to acquit the

Defendant of the charge you are considering unless you are unanimously convinced that the Government has proven that he is guilty of that charge beyond a reasonable doubt.

### R.    REASONABLE DOUBT

You may be wondering what constitutes a "reasonable doubt." The words almost define themselves. It is doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence or lack of evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of the highest importance in his or her life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy. The law does not require that the Government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the guilt of the Defendant as to a particular charge, you should find Defendant guilty of that charge. On the other hand, if after fair and impartial consideration of the evidence or lack of evidence concerning a particular charge, you have a reasonable doubt as to the Defendant's guilt, you must find the Defendant not guilty of the charge.

## II.    INSTRUCTIONS RELATING TO THE ALLEGED CRIMES

I will now turn to the second part of my instructions and instruct you as to the legal elements of the criminal counts the Government has alleged.

## A.    VENUE

Venue refers to the location of the charged crimes.  As to each of the charged crimes, you must consider whether any act in furtherance of the crime occurred within the Eastern District of New York.  The Eastern District of New York encompasses Brooklyn, Queens, and Staten Island in New York City, and Nassau and Suffolk Counties on Long Island.  To establish that venue for a charged crime is appropriate in the Eastern District of New York, the Government must prove that some act in furtherance of the crime occurred in this District.

While the Government's burden as to everything else in the case is proof beyond a reasonable doubt, a standard that I have already explained to you, venue need be proved only by the lesser standard of "preponderance of the evidence."  To prove something by a preponderance of the evidence means simply to prove that the fact is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more convincing.  If the evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve this question against the Government.

I emphasize that this lesser standard applies only where I specifically mention it in these instructions.  If you find that the Government has failed to prove by a preponderance of the evidence that any act in furtherance of the count you are considering occurred within the Eastern District of New York, you must find the Defendant not guilty of that count.

## B.    DATES APPROXIMATE

The Indictment charges "in or about" and "on or about" and "between" certain dates.  The proof need not establish with certainty the exact date of an alleged offense.  It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the dates alleged.

## C.    KNOWLEDGE AND INTENT

Because each count in the Indictment implicates the concepts of knowledge and intent, I will instruct you at the outset about these principles.

As a general rule, the law holds persons accountable only for conduct they intentionally engage in. Thus, before you can find a Defendant guilty, you must be satisfied that the Defendant was acting knowingly and intentionally.

### 1.    Knowingly

A person acts "knowingly" when he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether a Defendant acted knowingly may be proven by his words and conduct and by all of the facts and circumstances surrounding the case.

### 2.    Intentionally

A person acts "intentionally" when he acts deliberately and purposefully. That is, a Defendant's acts must have been the product of his conscious, objective decision rather than the product of a mistake or an accident.

To act "knowingly" or "intentionally," a Defendant need not have been aware of the specific law that his conduct may have violated.

These issues of knowledge and intent require you to make a determination about the Defendant's state of mind, something that rarely can be proven directly. A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a determination as to the state of mind of the Defendant. Indeed, in your everyday affairs you frequently are called upon to determine a person's state of mind from his or her words and actions in a given circumstance. You are asked to do the same here.

14

### D.    THE CHARGES IN THE INDICTMENT

The Defendant Davis Burgos-Collazo is formally charged in a Superseding Indictment, which I will simply call the Indictment.  As I instructed you at the beginning of this case, an indictment is a charge or accusation.  You will not be provided a copy of the Indictment during your deliberations because the Indictment is merely a statement of the charges and is not itself evidence.

The Indictment in this case contains ten counts currently before you for consideration. Each count is a separate offense or crime.  You must consider each count separately, and you will be called upon to render a separate verdict on each count.  Two counts in the Indictment charge the Defendant with distributing child pornography; one count in the Indictment charges the Defendant with having access with an intent to view child pornography; and seven counts charge the Defendant with attempted sexual exploitation of a child.

Whether you find Mr. Burgos-Collazo guilty or not guilty as to one count should not affect your verdict as to the other counts charged.

*   *   *

I will now explain to you the law that applies to each count of the indictment

### E.    COUNTS ONE AND TWO: DISTRIBUTION OF CHILD PORNOGRAPHY

Each of Counts One and Two alleges that the Defendant distributed child pornography.

Specifically, those Counts read as follows:

On or about the dates set forth below, within the Eastern District of New York and elsewhere, the Defendant DAVIS BURGOS-COLLAZO . . . did knowingly and intentionally distribute one or more visual depictions, to wit: the digital videos and images depicted in the following electronic files:

| COUNT | FILE | DATE |
|---|---|---|
| ONE | File Name: direct_shares_34028236684 1710300949128123999772138308_2922 0643075672373_973266573819904000.mp4 | March 12, 2020 |

15

| TWO | Instagram Video ID: 2859331944187939 | April 12, 2020 |

using a means and facility of interstate and foreign commerce, and which visual depictions had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions were of such conduct.

Both Counts charge the Defendant with violating Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1). Section 2252(a)(2), in relevant part, makes it a crime:

to knowingly . . . distribute[], any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct.

To meet its burden of proof under Counts One and Two, the Government is required to prove each of the following elements beyond a reasonable doubt:

First, that the Defendant knowingly distributed a visual depiction, as I will explain that term to you;

Second, that the visual depiction was transported in or affecting interstate or foreign commerce, or the visual depiction was produced using materials that had been transported in or affecting interstate or foreign commerce;

Third, that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrays that minor engaged in that conduct; and

Fourth, that the Defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrayed a minor engaged in that conduct.

### First Element – Distributing

As to the first element, the Government must prove beyond a reasonable doubt that the Defendant knowingly distributed a visual depiction.

A "visual depiction" includes any photograph, video, data stored on computer disc or by electronic means which is capable of conversion into a visual image or data that is capable of conversion into a visual image that has been transmitted by any means. A visual depiction includes a digitally recorded photograph or video.

I have already explained the meaning of "knowingly," and that instruction applies here.

To "distribute" something means to disseminate or transfer possession to another person.

### Second Element – Visual Depiction Actually Moved in Interstate Commerce

As to the second element, the Government must prove beyond a reasonable doubt that the visual depiction was mailed or transported in or affecting interstate or foreign commerce. The indictment alleges that the visual depiction was transported in or affecting interstate or foreign commerce. This means that the Government must prove that the visual depiction crossed between one state and another or between the United States and a foreign country. Transmission of photographs or video by means of the Internet constitutes transportation in or affecting interstate commerce. However, you must find beyond a reasonable doubt that the specific depiction in question was actually transmitted by means of the Internet.

### Third Element – Visual Depiction of Sexually Explicit Conduct

As to the third element, the Government must prove beyond a reasonable doubt that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as I will explain that term to you, and portrays that minor engaged in that conduct.

A "minor" is defined as a real person under the age of eighteen. Again, the Government does not have to prove the identity of the minor or the exact age of the minor. You may consider all the evidence, including your viewing of the depiction, in determining whether the depiction portrayed an actual person under the age of eighteen engaging in sexually explicit conduct.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

The term "lascivious exhibition" means a depiction that displays the genitals or pubic area of a person under the age of 18 in order to excite lustfulness or sexual stimulation in the viewer. Not every exposure of the genitals or pubic area constitutes lascivious exhibition. In deciding whether a particular visual depiction constitutes a lascivious exhibition, you should consider the following questions:

- Whether the focal point of the visual depiction is of the child's genitals or pubic area, or whether there is some other focal area;

- Whether the setting of the visual depictions makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexual activity;

- Whether the child is displayed in an unnatural pose or in inappropriate attire, considering the age of the child;

- Whether the child is fully or partially clothed or nude, although nudity is not in and of itself lascivious;

- Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

- Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

It is not required that a particular visual depiction involve all of the factors that I have listed for you. The importance you give to any one factor is up to you to decide. However, the

Defendant's subjective intent alone is not sufficient to find the content lascivious. In other words, the last of the six factors listed above—whether the visual depiction was designed to elicit a sexual response in the viewer—should only be considered to the extent that it is relevant to your analysis of the other five factors and the objective elements of the image or video.

### Fourth Element – Defendant Acted Knowingly

The fourth element that the Government must prove beyond a reasonable doubt is that the Defendant knew both that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and that it portrayed a minor engaged in that conduct.

As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

For this element, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of actual minors engaged in that sexually explicit conduct.

The Government must show that the Defendant had knowledge of the general nature of the contents of the material. The Defendant need not have specific knowledge as to the identity or actual age of the minor depicted, but the Defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct. Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the Defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts. Furthermore, the Defendant's belief as to the legality or illegality of the material is irrelevant.

### F.    COUNT THREE: ACCESS WITH INTENT TO VIEW CHILD PORNOGRAPHY

Count Three alleges that the Defendant accessed, with intent to view, child pornography.

Specifically, Count Three in the indictment reads as follows:

In or about and between August 2020 and September 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DAVIS BURGOS-COLLAZO . . .did knowingly and intentionally access with intent to view matter which contained one or more visual depictions, to wit: images accessed using an Apple iPhone with serial number F2LVMMX0JCLY, that had been mailed, and had been shipped and transported using one or more means and facilities of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which were produced using materials which had been mailed and so shipped and transported, by any means including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions having been of such conduct, and one or more such visual depictions involved a prepubescent minor and a minor who had not attained 12 years of age.

Count Three alleges a violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2). Section 2252(a)(4)(B) makes it a crime to:

knowingly access, with intent to view, one or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct.

In order to prove that the Defendant accessed child pornography with the intent to view, the Government must establish the following elements beyond a reasonable doubt:

First, that the Defendant knowingly accessed, with intent to view, matter containing one or more visual depictions;

Second, that the visual depiction(s) had been transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or the visual depiction was produced using materials that had been transported in interstate or foreign commerce;

Third, that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrayed that minor engaged in that conduct;

Fourth, that the Defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction portrayed a minor engaged in that conduct; and

Fifth, that the visual depiction involved a minor who had not yet reached the age of puberty or was less than 12 years old.

### First Element – Access with Intent To View

The first element that the Government must prove beyond a reasonable doubt is that the Defendant knowingly accessed matter containing one or more visual depictions, and did so with the specific intent to view them. I have already explained the meaning of the terms "knowingly" and "visual depiction," and those instructions apply here. To "access" means to use, enter, or open.

### Second Element – Visual Depiction Actually Moved in Interstate Commerce

The second element that the Government must prove beyond a reasonable doubt is that the visual depiction had been mailed or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or produced using materials which had been transported in interstate or foreign commerce. The Government may prove this element in several ways.

The Government may prove the second element by showing that the specific images or video in question were transmitted by means of the Internet.

The Government may also prove this second element by showing that the materials used to produce the visual depiction had previously moved from one state to another or between the United States and another country. "Producing" a visual depiction includes copying, transferring, storing, or saving the visual depiction to a computer or to any electronic disc or drive. The

21

Government does not have to prove that the Defendant personally transported the computer equipment across a state line, that the Defendant knew that the computer equipment had previously crossed a state line, or that the computer equipment was used to create the visual depictions in the first instance.

### Third Element – Visual Depiction of Sexually Explicit Conduct

The third element that the Government must prove beyond a reasonable doubt is that the production of the visual depictions involved the use of a minor engaging in sexually explicit conduct, and portrayed that minor engaged in that conduct.

As I previously instructed you, a "minor" is defined as a real person under the age of eighteen. Again, the Government does not have to prove the identity of the minor or the exact age of the minor. You may consider all the evidence, including your viewing of the depiction, in determining whether the depiction portrayed an actual person under the age of eighteen engaging in sexually explicit conduct.

I have already explained the meaning of "sexually explicit conduct" and "lascivious exhibition," and those instructions apply here.

### Fourth Element – Defendant Knew the Visual Depiction Involved the Use and Portrayal of a Minor Engaged in Sexually Explicit Conduct

The fourth element that the Government must prove beyond a reasonable doubt is that the Defendant knew both that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and that it portrayed a minor engaged in that conduct.

As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake, or some other innocent reason. For this element, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the

knowledge that the visual depictions were in fact of actual minors engaged in that sexually explicit conduct.

The Government must show that the Defendant had knowledge of the general nature of the contents of the material.  As with Counts One and Two, the Defendant need not have specific knowledge as to the identity or actual age of the of the actual person under the age of eighteen, but the Defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct.  Such knowledge may be shown by direct or circumstantial evidence, or both.  Eyewitness testimony of the Defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts.  Furthermore, the Defendant's belief as to the legality or illegality of the material is irrelevant.

### Fifth Element – Age of Minor

The fifth element that the Government must prove beyond a reasonable doubt is that the visual depiction involved a minor who had not yet reached the age of puberty or was less than 12 years old.  The Government does not have to prove the identity of the minor or the exact age of the minor.  You may consider all the evidence, including your viewing of the depiction, in determining whether the depiction portrayed an actual person under the age of twelve engaging in sexually explicit conduct.

### G.    COUNTS FOUR THROUGH TEN: ATTEMPTED SEXUAL EXPLOITATION OF A CHILD

Each of Counts Four through Ten alleges that the Defendant attempted to sexually exploit a minor.

Specifically, those Counts in the indictment reads as follows:

On or about and between the dates set forth below, all dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant

23

DAVIS BURGOS-COLLAZO, did knowingly and intentionally attempt to employ, use, persuade, induce, entice and coerce one or more minors, as identified below, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using one or more means and facilities of interstate and· foreign commerce and which would be in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depictions were actually transported and transmitted using one or more means and facilities of interstate and foreign commerce and in and affecting interstate and foreign commerce.

| COUNT | DATES | MINOR |
|-------|-------|-------|
| Four | March 10, 2020 to May 17, 2020 | Jane Doe 1 (Cecilia) |
| Five | March 12, 2020 to April 23, 2020 | Jane Doe 2 (Jaiden) |
| Six | March 12, 2020 to May 12, 2020 | Jane Doe 3 (Kamai) |
| Seven | March 18, 2020 | Jane Doe 4 (Preslee) |
| Eight | March 18, 2020 to March 30, 2020 | Jane Doe 5 (Zy-Neah) |
| Nine | April 14, 2020 to April 20, 2020 | John Doe 1 (K-Rese) |
| Ten | April 23, 2020 to April 25, 2020 | Jane Doe 6 (Zanilla) |

Each Count charges the Defendant with violating Title 18, United States Code, Section 2251(e). That section provides, in relevant part, that:

Any individual who . . . attempts to violate [Title 18, United States Code, Section 2251] shall be [guilty of a crime]

In order to prove the defendant's guilt, the Government must prove two elements as to each of Counts Four through Ten beyond a reasonable doubt:

First, that the Defendant intended to commit the crime of sexual exploitation of a child. I will explain the elements of that crime to you in just a moment; and

Second, that the Defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

I will now explain to you what is required to prove that a defendant committed the crime of sexual exploitation of a child. The Defendant here is charged with attempting to sexually exploit a child and not with sexually exploiting a child. Although I am about to explain the elements of

24

sexual exploitation of a child to you, in order find the Defendant guilty of the crimes charged in Counts Four through Ten, you do not need to find that he committed this crime and fulfilled each of the elements I am about to describe to you. You need only find that he <u>intended</u> to commit the crime of sexual exploitation of a child and took a substantial step in an effort to bring that about. I will explain the underlying substantive crime of sexual exploitation of a child so you can determine whether it was the Defendant's intent to commit that crime, not whether he in fact committed that crime.

Title 18, United States Code, Section 2251(a), the substantive crime of sexual exploitation of a child, provides in relevant part:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct ..., shall be [guilty of a crime], if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

The substantive crime requires proof of three elements:

<u>First</u>, that the victim was under the age of 18;

<u>Second</u>, that the Defendant used, employed, persuaded, induced, enticed or coerced the victim to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct; and

<u>Third</u>, that the visual depiction was mailed or actually transported or transmitted in or affecting interstate or foreign commerce, or that the Defendant knew or had reason to know that the visual depiction would be mailed or transported or transmitted in or affecting interstate or

foreign commerce, or that the visual depiction was produced using materials that had been mailed or transported in or affecting interstate or foreign commerce.

As to the first element, the Government must prove beyond a reasonable doubt that the victim was younger than 18 years old at the time of the acts alleged in the indictment. The Government does not need to prove that the Defendant knew that the victim was younger than 18 years old.

As to the second element, the words "persuade," "induce" and "entice" are, in effect, synonyms that convey the idea of leading or moving another person, by persuasion or influence, to some action, state of mind, etc., or to bring about, produce or cause. The word "coerce" means to compel by force, intimidation, or authority, without regard for individual desire or volition. Otherwise, I instruct you that the words "used," "employed," "persuaded," "induced," "enticed" and "coerced" are words of common usage, and I instruct you to interpret these words by using your own common sense. The Government must prove only that the Defendant took one of those actions and not that the Defendant did each and all of these things. Put another way, if the Defendant "used," or "employed," or "persuaded," or "induced," or "enticed" or "coerced" a minor, any one of those terms is sufficient to satisfy this element of the crime.

I have already explained the meaning of "visual depiction," "sexually explicit conduct," and "lascivious exhibition," and those instructions apply here.

As to the third element of sexual exploitation of a child, there are three alternative ways in which that element may be satisfied. To satisfy the third element, the Government must prove only one of the following beyond a reasonable doubt.

The first way the Government may satisfy its burden as to the third element is by proving beyond a reasonable doubt that the visual depiction was actually transported or transmitted in or

affecting interstate or foreign commerce. This means that the visual depiction crossed between one state and another or between the United States and a foreign country. Transmissions of photographs or videos by means of the Internet constitutes transportation in interstate commerce.

The second way the third element may be satisfied is by proving beyond a reasonable doubt that the Defendant knew or had reason to know that the visual depiction would be transported or transmitted in or affecting interstate or foreign commerce.

In order to prove the third element in this manner, the Government must prove that the Defendant knew or had reason to know that the visual depiction would be transported or transmitted in or affecting interstate or foreign commerce or that the Defendant had reason to know that the transportation or transmission would occur because it was reasonably foreseeable that the Defendant's activities would result in the depiction's transportation or transmission in or affecting interstate commerce.

"Interstate or foreign commerce" means simply, movement between one state and another or between the United States and a foreign country. Transmissions of photographs or videos by means of the Internet constitutes transportation in interstate commerce.

The third and final way the third element of sexual exploitation of a child may be satisfied is by proving beyond a reasonable doubt that the visual depiction was produced using materials that had been mailed or transported or transmitted in or affecting interstate or foreign commerce.

Simply stated, the phrase "transported in interstate or foreign commerce" means that the materials used to produce the visual depiction had previously moved from one state to another or between the United States and another country. If the device or devices were manufactured outside the state of New York, that is sufficient to satisfy this element. A defendant need not personally

transport the device or devices across a state line, or know that the device or devices had previously crossed a state line.

Whether or not a minor consented to engage in sexually explicit conduct is irrelevant, as the consent or voluntary participation of a minor is not a defense to the charge.

I remind you that the Defendant here is charged with attempting to sexually exploit a child and not with sexually exploiting a child. In order to find the Defendant guilty of attempted sexual exploitation of a child, you must find that the Defendant intended to commit the crime of sexual exploitation of a child, which I just described to you, and that the Defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt. In order to convict the Defendant of an attempt, you must find beyond a reasonable doubt that the Defendant intended to commit the crime charged—sexual exploitation of a child—and that he took some action which was a substantial step toward the commission of that crime. A substantial step is an act adapted to, approximating, and which in the ordinary and likely course of things, will result in the commission of the particular crime. A substantial step may be less than the last act necessary before the actual commission of the substantive crime, and thus you may give weight to that which has already been done as well as that which remains to be accomplished before commission of the substantive crime.

In determining whether the Defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of devising, obtaining, or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt. The acts of a person who intends

to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

## III.    CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements that must be proved beyond a reasonable doubt.  In a few minutes you will retire to the jury room for your deliberations.  I will now give you some general rules regarding your deliberations.  Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

By way of reminder, I instruct you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you, and your verdict must be based solely on this evidence and law, not on anything else.

### A.    FOREPERSON

For your deliberations to proceed in an orderly fashion, you must have a foreperson.  The custom in this courthouse is for Juror No. 1 to act as the foreperson.  However, if, when you begin deliberations, you decide that you want to elect another foreperson, you are entitled to do so.  The foreperson will be responsible for signing all communications to the court and for handing them to the Deputy Marshal during your deliberations, but, of course, his or her vote is entitled to no greater weight than that of any other juror.

### B.    COMMUNICATION WITH THE COURT

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching on this case.  There is only one exception to this rule.  If it becomes necessary during your deliberations to communicate with me, you may send a

29

note, through the Deputy Marshal, signed by your foreperson. No member of the jury should attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching upon the merits of the case other than in writing, or orally here in open court.

### C.    YOUR RECOLLECTION GOVERNS / REQUESTS FOR TRIAL TESTIMONY

Your recollection governs. Nobody else's. If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you should find yourself in doubt concerning my instructions to you on the law, you may request that a witness's or witnesses' testimony, or portions thereof, be sent back to you in the jury room. Again, you may make such a request by a note to the Deputy Marshal. I suggest, however, that you be specific to avoid receiving testimony that you do not want or need. Describe as best and precisely as you can what you want to hear and be patient because it sometimes takes a while to find the testimony in the record.

To the extent possible, the exhibits that were admitted as evidence during the trial will be sent back to you for your deliberations. The one exception is the images and videos of the alleged child pornography. If you wish to view those exhibits during your deliberations, you should send me a written note indicating which exhibits you wish to review, and they will be shown to you in this courtroom.

### D.    DELIBERATIONS AND UNANIMOUS VERDICT

Your duty is to reach a fair conclusion from the law as I have given it to you and the evidence that has been presented in this case. This duty is an important one. When you are in the jury room, listen to each other, and discuss the evidence and issues in the case amongst yourselves. It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual

judgment and conscience. While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and while each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper deference to, and regard for, the opinions of your fellow jurors.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong. However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict. The decision you reach must be unanimous; you must all agree.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate what the verdict is. In no communication with the court should you give a numerical count of where the jury stands in its deliberations.

Remember in your deliberations that the Government's charges against the Defendant are no passing matter. The parties and the Court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jurors—to well and truly try the issues of this case and render a true verdict.

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

☆  JUL 2 0 2022  ☆

UNITED STATES OF AMERICA,

**BROOKLYN OFFICE**

**JURY INSTRUCTIONS**

- against -

20-CR-492 (S-1) (PKC)

DAVIS BURGOS-COLLAZO,

Defendant.

---------------------------------------------------------X

PAMELA K. CHEN, United States District Judge:

I gave you general instructions before your deliberations on Counts One through Ten.

Because those instructions are fresh in your mind, I will not re-read all of those instructions

now, but I instruct you that my instructions from the first phase prior to your deliberations also

apply to your deliberations in this second phase, and you should refer to those instructions as

necessary during your deliberations. Do not assume that because I am not re-reading those

instructions, that they are not important or that they are not applicable to this phase.

## COUNT ELEVEN: OFFENSE BY A REGISTERED SEX OFFENDER

In this part of the case, the Defendant is charged with one count. Count Eleven charges

the Defendant, under Title 18, United States Code, Section 2260A, with committing a felony

offense involving a minor under Title 18, United States Code, Section 2251, while being

required by federal or other law to register as a sex offender. Section 2260A reads in relevant

part, as follows:

Whoever, being required by Federal or other law to register as a sex offender,
commits a felony offense involving a minor under section . . . 2251 . . . shall be
[guilty of an offense against the United States].

Now that you have found the Defendant guilty of committing a felony offense involving

a minor under Title 18, United States Code, Section 2251, by finding him guilty of Counts 4,

1



5, 6, 9, and 10, you must determine whether the Defendant was required by federal or other law to register as a sex offender at the time he committed any one of those offenses. You must consider the time period for each of Counts 4, 5, 6, 9, and 10, and determine whether the Defendant was required to register as a sex offender at the time that he committed any of those offenses.

If you unanimously find beyond a reasonable doubt that the Defendant was required by federal or other law to register as a sex offender at the time of one of those underlying offenses, he is guilty of Count Eleven. If you do not find the Government has proven beyond a reasonable doubt that the Defendant was required by federal or other law to register as a sex offender at the time of any of the offenses of which the Defendant was convicted in Counts 4, 5, 6, 9, and 10, you must find him not guilty of Count Eleven.