# Exhibit 10

1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,                 Case No.  19-cr-00621-EMC-1

8                    Plaintiff,
                                               **CLOSING JURY INSTRUCTIONS**
9            v.

10   AHMAD ABOUAMMO,

11                   Defendant.

12

13

14

15

16                          **CLOSING JURY INSTRUCTIONS**

17

18

19

20

21

22

23

24

25

26

27

28

# JURY INSTRUCTION NO. 1

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, opinions, prejudices, sympathy, or bias, including unconscious biases, influence you. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community. Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 2

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits which are received in evidence; and

(3)    any facts to which the parties agree.

# JURY INSTRUCTION NO. 3

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# JURY INSTRUCTION NO. 4

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 5

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

    (1)  the witness's opportunity and ability to see or hear or know the things testified to;

    (2)  the witness's memory;

    (3)  the witness's manner while testifying;

    (4)  the witness's interest in the outcome of the case, if any;

    (5)  the witness's bias or prejudice, if any;

    (6)  whether other evidence contradicted the witness's testimony;

    (7)  the reasonableness of the witness's testimony in light of all the evidence; and

    (8)  any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 6

### STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

# JURY INSTRUCTION NO. 7

## STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 8

## IMPEACHMENT EVIDENCE, WITNESS

You have heard evidence that witnesses may have made a prior statement that is not consistent with his or her testimony at trial.  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

# JURY INSTRUCTION NO. 9

## OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from certain witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 10**

**DUAL ROLE TESTIMONY**

You have heard testimony from witnesses, who testified to both facts and opinions and the reasons for his/her opinions.

Fact testimony is based on what the witness saw, heard or did. Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 11

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**JURY INSTRUCTION NO. 12**

**CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE**

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 13

### DEFENDANT'S DECISION TO NOT TESTIFY

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

1

2

3

**JURY INSTRUCTION NO. 14**

**CHARGE AGAINST DEFENDANT NOT EVIDENCE – PRESUMPTION OF**

**INNOCENCE – BURDEN OF PROOF**

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 15**

**ACTIVITIES NOT CHARGED**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

**JURY INSTRUCTION NO. 16**

**SEPARATE CONSIDERATION OF MULTIPLE COUNTS – SINGLE DEFENDANT**

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

**JURY INSTRUCTION NO. 17**

**REASONABLE DOUBT DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

# JURY INSTRUCTION NO. 18

## ON OR ABOUT – DEFINED

The indictment charges that the offenses alleged in each Count were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

**JURY INSTRUCTION NO. 19**

**COUNT ONE**

**ACTING AS AGENT OF FOREIGN GOVERNMENT WITHOUT PRIOR NOTICE TO ATTORNEY GENERAL (18 U.S.C.§ 951)**

The defendant is charged in Count One with the crime of acting as an agent of a foreign government without prior notice to the Attorney General.  In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant acted as an agent of a foreign government or official, specifically of the Kingdom of Saudi Arabia and the Saudi Royal Family, by using his position at Twitter to access, monitor, and convey nonpublic information held in the accounts of Twitter users to the government or an official of the Kingdom of Saudi Arabia and the Saudi Royal Family;

Second, the defendant failed to notify the Attorney General that he would be acting as an agent of the government or an official of the Kingdom of Saudi Arabia and the Saudi Royal Family in the United States prior to so acting;

Third, the defendant acted knowingly;

Fourth, the defendant acted, at least in part, as an agent for the government or an official of the Kingdom of Saudi Arabia and the Saudi Royal Family in the United States; and

Fifth, the defendant was not a diplomatic or consular officer or attaché.

The term "foreign government" includes any person or group of persons exercising sovereign de facto or de jure political jurisdiction over any country, other than the United States, or over any part of such country, and includes any subdivision of any such group or agency to which such sovereign de facto or de jure authority or functions are directly or indirectly delegated.

The term "agent of a foreign government" means an individual who agrees to operate within the United States subject to the direction or control of a foreign government or official.

Simply acting in accordance with foreign interests does not make a person an "agent of a foreign government."  To be an "agent of a foreign government," a person must do more than act in parallel with a foreign government's interests or pursue a mutual goal.  The government must

United States District Court
Northern District of California

prove both that the defendant acted pursuant to an agreement to operate subject to the direction or control of KSA, and that a KSA official directed or controlled the defendant's actions. A foreign government or official's involvement in the relationship does not need to be that of an employer of the defendant – a lesser degree of control is sufficient. A person who agrees to operate subject to a more hands-off form of direction would also be operating as an "agent of a foreign government."

To find the defendant guilty of this offense, you must find that the defendant knew that he was acting as an agent of the government or an official of the KSA and knew that he had not provided prior notification to the Attorney General. It is not necessary, however, for the government to prove that the defendant knew that he was required to provide notification to the Attorney General.

**JURY INSTRUCTION NO. 20**

**KNOWINGLY - DEFINED**

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 21

## AIDING AND ABETTING

A defendant may be found guilty of acting as an agent of a foreign government without prior notice to the attorney general, or wire fraud, or honest services wire fraud, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of acting as an agent of a foreign government without prior notice to the attorney general, or wire fraud, or honest services wire fraud by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else acted as an agent of a foreign government without prior notice to the attorney general, or committed wire fraud, or committed honest services wire fraud;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of the charged offense;

Third, the defendant acted with the intent to facilitate acting as an agent of a foreign government without prior notice to the attorney general, or wire fraud, or honest services wire fraud; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit acting as an agent of a foreign government without prior notice to the attorney general, or wire fraud, or honest services wire fraud.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

///

///

23

1       The government is not required to prove precisely which defendant actually committed the

2 crime and which defendant aided and abetted.

**JURY INSTRUCTION NO. 22**

**COUNT TWO**

**CONSPIRACY TO COMMIT WIRE FRAUD AND HONEST SERVICES WIRE FRAUD**

**(18 U.S.C.§ 1349)**

The defendant is charged in Count Two of the Indictment with conspiring to commit wire fraud and honest services fraud in violation of Sections 1343 and 1346 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt.

First, beginning on or about November 20, 2014, and ending on or about December 3, 2015, there was an agreement between two or more persons to commit one of the charged wire fraud or honest service wire fraud crimes as charged in the Indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit wire fraud and honest services fraud as alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not

United States District Court
Northern District of California

become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 23

## CONSPIRACY – KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1)     the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2)     the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3)     the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

# JURY INSTRUCTION NO. 24

## MULTIPLE CONSPIRACIES

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were.  If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

United States District Court
Northern District of California

1
2
3

**JURY INSTRUCTION NO. 25**

**COUNTS THREE, FOUR, FIVE, SIX, SEVEN AND EIGHT**

**WIRE FRAUD (18 U.S.C. § 1343)**

4    The defendant is charged in Counts Three through Eight of the indictment with wire fraud

5  in violation of Section 1343 of Title 18 of the United States Code. In order for the defendant to be

6  found guilty of that charge, the government must prove each of the following elements beyond a

7  reasonable doubt:

8       First, the defendant knowingly devised or participated in a scheme or plan to

9    defraud Twitter, or a scheme or plan for obtaining property of Twitter by means of false or

10    fraudulent pretenses, representations, or promises, or omitted facts.  Deceitful statements

11    of half-truths may constitute false or fraudulent representations;

12       Second, the statements made or facts omitted as part of the scheme were material;

13    that is, they had a natural tendency to influence, or were capable of influencing, a person or

14    entity to part with money or property;

15       Third, the defendant acted with the intent to defraud, that is, the intent to deceive

16    and cheat; and

17       Fourth, the defendant used, or caused to be used, an interstate wire communication

18    to carry out or attempt to carry out an essential part of the scheme.

19    In determining whether a scheme to defraud exists, you may consider not only the

20  defendant's words and statements, but also the circumstances in which they are used as a whole.

21    To convict the defendant of wire fraud based on omissions of material facts, you must find

22  that defendant had a duty to disclose the omitted facts arising out of a relationship of trust. That

23  duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in

24  which one party acts for the benefit of another and induces the trusting party to relax the care and

25  vigilance which it would ordinarily exercise.

26    A wiring is caused when one knows that a wire will be used in the ordinary course of

27  business or when one can reasonably foresee such use.

28    It need not have been reasonably foreseeable to the defendant that the wire communication

*United States District Court*
*Northern District of California*

29

would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 26

### INTENT TO DEFRAUD

An intent to defraud is an intent to deceive and cheat.

You may determine whether a defendant had an honest, good faith belief in the truth of the specific misrepresentations alleged in the indictment in determining whether or not the defendant acted with intent to defraud. However, a defendant's belief that the victim of the fraud will be paid in the future or will sustain no economic loss is no defense to the crime.

# JURY INSTRUCTION NO. 27

## COUNTS THREE, FOUR, FIVE, SIX, SEVEN AND EIGHT

## WIRE FRAUD – HONEST SERVICES (18 U.S.C.§§ 1343 and 1346)

Defendant is charged in Counts Three through Eight with the crime of honest services fraud by wire communication in interstate commerce. In order for the defendant to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly devised or participated in a scheme or plan to deprive Twitter, Inc. ("Twitter") of its right of honest services;

Second, the scheme or plan consisted of a bribe in exchange for the defendant's services. The "exchange" may be express or may be implied from all the surrounding circumstances;

Third, the defendant owed a fiduciary duty to Twitter.

Fourth, the defendant acted with the intent to defraud by depriving Twitter of the right of honest services;

Fifth, the defendant's act was material; that is, the act had a natural tendency to influence, or was capable of influencing, a person's or entity's acts; and

Sixth, the defendant transmitted, or caused to be transmitted, any writing, signal, or sound by means of a wire communication in interstate commerce.

### 1.  The Scheme or Plan to Deprive Honest Services

The first element that the government must prove is that the defendant knowingly devised or participated in a scheme or plan to deprive Twitter of its right to his honest services. A "scheme" is any plan or course of action formed with the intent to accomplish some purpose. Thus, to find the defendant guilty of this offense, you must find that the defendant devised or participated in a plan or course of action involving bribes given or offered to the defendant.

### 2.  The Bribe in Exchange for Services

The second element that the government must prove is that the scheme or plan consisted of a bribe in exchange for the defendant's services. Bribery involves the exchange of a thing or

things of value for services by a fiduciary, in other words, a quid pro quo (a Latin phrase meaning "this for that" or "these for those").

The defendant and the payor need not state the quid pro quo in express terms. Rather, the intent to exchange may be established by circumstantial evidence, based upon the defendant's words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

It is not a defense that the offer or promise of anything of value was made to the defendant in exchange for a service or act that is actually lawful, desirable, or even beneficial to his employer. Also, it is not necessary for the government to prove that the scheme actually succeeded. What the government must prove is that the defendant knowingly devised or participated in a scheme or artifice to defraud Twitter of its right to defendant's honest services through bribes.

"Anything of value" includes things possessing intrinsic value, whether tangible or intangible, that the person giving or offering or the person soliciting or receiving considers to be worth something.

Undisclosed conflicts of interest, secret payments or undisclosed self-dealing alone, is not sufficient to constitute honest services fraud.

### 3.  The Fiduciary Duty

A "fiduciary" duty exists whenever one entity places special trust and confidence in another person–the fiduciary–in reliance that the fiduciary will exercise his discretion and expertise with the utmost honesty and forthrightness in the interests of the entity, such that the entity relaxes the care and vigilance that it would ordinarily exercise, and the fiduciary knowingly accepts that special trust and confidence and thereafter undertakes to act on behalf of the other entity based on such reliance.

The mere fact that a business relationship arises between two persons does not mean that either owes a fiduciary duty to the other. If one person engages or employs another and thereafter directs, supervises, or approves the other's actions, the person so employed is not necessarily a fiduciary. Rather, as previously stated, it is only when one party places, and the other accepts, a

33

special trust and confidence—usually involving the exercise of professional expertise and discretion—that a fiduciary relationship exists.

### 4. Intent to Defraud

The fourth element the government must prove is that the defendant acted with the intent to defraud by depriving Twitter of the right of honest services. The intent to defraud is defined in Jury Instruction 45.

### 5. Materiality

The fifth element that the government must prove is that the defendant's act or actions were material; that is, it had a natural tendency to influence, or was capable of influencing, a person's or entity's acts

### 6. Wire or Radio Communications in Interstate Commerce

The final element that the government must establish is that the defendant used a wire communication in interstate or foreign commerce to carry out or to attempt to carry out the scheme or plan. To "use a wire communication in interstate commerce" means to send information across state lines by means of wire, including telephone or telegraph lines, or radio communication. It can include email, electronic communications, internet communications, or the electronic transfer of funds, by wire.

# JURY INSTRUCTION NO. 28

## CONSPIRACY – LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of wire fraud or honest services wire fraud as charged in Counts Three through Eight of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a person named in Counts Three Four, Five, Six, Seven, and Eight of the indictment committed the crime of wire fraud or honest services wire fraud as alleged in that count;

Second, the person was a member of the conspiracy charged in Count Two of the indictment;

Third, the person committed the crime of wire fraud or honest services wire fraud in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offense charged in Counts Three, Four, Five, Six, Seven, Eight was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**JURY INSTRUCTION NO. 29**

**COUNTS NINE AND TEN**

**TRANSPORTING OR ATTEMPTING TO TRANSPORT MONETARY INSTRUMENTS FOR THE PURPOSE OF LAUNDERING (18 U.S.C. § 1956(a)(2)(B)(i))**

The defendant is charged in Counts Nine and Ten of the indictment with transferring money for the purpose of laundering in violation of Section 1956(a)(2)(B) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant transported, transmitted, or transferred money to a place in the United States from or through a place outside the United States;

Second, the defendant knew that the money represented the proceeds of a specified unlawful activity, that is, wire fraud; and

Third, the defendant knew the transfer was designed in whole or in part to conceal or disguise the nature, source, or ownership of the proceeds of wire fraud.

**JURY INSTRUCTION NO. 30**

**COUNT ELEVEN**

**OBSTRUCTION OF JUSTICE – ALTERATION OR FALSIFICATION OF RECORDS IN FEDERAL INVESTIGATIONS AND BANKRUPTCY (18 U.S.C. § 1519)**

The defendant is charged in Count Eleven of the indictment with obstruction of justice in violation of Section 1519 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly altered, destroyed, concealed or falsified a record or document; and

Second, the defendant acted with the intent to impede, obstruct or influence an actual or contemplated investigation of a matter within the jurisdiction of any department or agency of the United States.

**FINAL JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 31**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  You will recall that you took an oath promising to do so at the beginning of the case.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.  Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 32

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 33

### USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of fellow jurors.

**JURY INSTRUCTION NO. 34**

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for these crimes is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 35
## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict. Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**JURY INSTRUCTION NO. 36**

**VERDICT FORM**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**JURY INSTRUCTION NO. 37**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendants, until after you have reached a unanimous verdict or have been discharged.