# Exhibit 11

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

*FILED*

OCT 7   2014

JUDGE ELAINE E. BUCKLO
UNITED STATES DISTRICT COURT

UNITED STATES OF AMERICA  )
                          )
        v.                )   **No.  13 CR 572**
                          )
C. GREGORY TURNER         )


## JURY INSTRUCTIONS

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. Each of you has a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

Jury Instruction No. 1

The charge against the defendant is in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant committed the crime of conspiring to act as an agent of the Republic of Zimbabwe, knowingly acting as an agent of the Republic of Zimbabwe, and willfully conspiring to provide services to Specially Designated Nationals Robert Mugabe, Gideon Gono and other Zimbabwe officials.

The indictment is simply the formal way of telling the defendant what crime he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

Defendant denies the allegations in the indictment.

Jury Instruction No. 2

The defendant is presumed innocent of the charge. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

Jury Instruction No. 3

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Jury Instruction No. 4

Give the evidence whatever weight you believe it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

Jury Instruction No. 5

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Jury Instruction No. 6

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

Jury Instruction No. 7

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that the defendant did not testify. You should not even discuss it in your deliberations.

Jury Instruction No. 8

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the age of the witness;

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness's demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- inconsistent statements or conduct by the witness.

Jury Instruction No. 9

You should not speculate why any other person whose name you may have heard during the trial is not currently on trial before you.

Jury Instruction No. 10

It is proper for an attorney to interview any witness in preparation for trial.

Jury Instruction No. 11

You have heard recorded conversations. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any difference between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned.

I am providing you with the recordings and a device with instructions on its use. It is up to you to decide whether to listen to the recordings during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

If, during your deliberations, you wish to have another opportunity to view the transcripts as you listen to the recording, send a written message to the court security officer and I will provide you with the transcripts.

Jury Instruction No. 12

A summary exhibit was admitted into evidence. You may use that summary exhibit as evidence.

The underlying documents have also been admitted so that you may determine whether the summary exhibit is accurate.

Jury Instruction No. 13

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

Jury Instruction No. 14

In deciding your verdict, you should not consider the possible punishment for the defendant who is on trial. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

Jury Instruction No. 15

Count One of the indictment charges the defendant with conspiracy to act as an agent of the Republic of Zimbabwe without prior notification to the Attorney General.

In order to establish the offense of conspiracy, the government must prove these elements beyond a reasonable doubt:

1.    The conspiracy as charged in each count existed;

2.    The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy; and

3.    One of the conspirators committed an overt act in an effort to advance the goal of the conspiracy.

An overt act is any act done to carry out the goal of the conspiracy. The government is not required to prove all of the overt acts charged in the indictment. The overt act may itself be a lawful act. At least one overt act must have been carried out after August 27, 2008.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

Jury Instruction No. 16

A conspiracy is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if the goal was not accomplished.

In deciding whether the charged conspiracies existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

Jury Instruction No. 17

To be a member of a conspiracy, the defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goal of the conspiracy was to be accomplished. The government must prove beyond a reasonable doubt that the defendant was aware of the illegal goal of the conspiracy and knowingly joined the conspiracy.

A defendant is not a member of the conspiracy just because he knew or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.

In deciding whether the defendant joined the charged conspiracy, you must base your decision only on what the defendant did or said. To determine what the defendant did or said, you may consider the defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

Jury Instruction No. 18

Count Two of the indictment charges the defendant with knowingly acting in the United States as an agent of a foreign government without prior notification to the Attorney General.

In order to establish a violation of Count Two, the government must prove the following propositions:

First: that the defendant acted in the United States as an agent of a foreign government, in this case, the Republic of Zimbabwe;

Second: that the defendant failed to notify the Attorney General of the United States that he would be acting in the United States as an agent of the Republic of Zimbabwe prior to so acting; and

Third: that the defendant acted knowingly.

Fourth: that the defendant acted, at least in part, as an agent for the Republic of Zimbabwe in the Northern District of Illinois, which includes Chicago, during the time period alleged in the indictment.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of those propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

Jury Instruction No. 19

The term "agent of a foreign government" means an individual who agrees to act within the United States subject to the direction or control of a foreign government or official.

.

Jury Instruction No. 20

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

Jury Instruction No. 21

The government does not need to prove that the defendant knew of the requirement to notify the Attorney General.

Jury Instruction No. 22

Count Two of the indictment charges the defendant with being an agent of a foreign government during the time period alleged in the indictment.

In order to convict the defendant of that offense, you do not need to find that the defendant was an agent during the entire time period specified in the indictment. If all jurors agree that it has been shown beyond a reasonable doubt that the defendant was an agent of the Republic of Zimbabwe at any time within that period, and the government has proven beyond a reasonable doubt all other elements of the offense as set forth in these instructions, then you must find the defendant guilty of Count Two of the Indictment.

Jury Instruction No. 23

Count Three of the indictment charges the defendant with willfully conspiring to provide services on behalf of and for the benefit of certain Specially Designated Nationals, specifically Robert Mugabe, Gideon Gono, Simon Khaya Moyo, or Samuel Simbarashe Mumbengegwi without first having obtained a license from the United States Department of the Treasury.

U.S. persons, wherever located, are prohibited from providing services on behalf of, or for the benefit of, a Specially Designated National without first having obtained a license from the Department of the Treasury. Services include legal, accounting, financial, brokering, freight forwarding, transportation, public relations, or other services.

To find the defendant guilty of the crime charged in Count Three, you must find that the government has proven each of the following elements beyond a reasonable doubt:

1.      That two or more U.S. persons agreed to provide services on behalf of, or for the benefit of, a Specially Designated National;

2.      That the defendant knowingly and willfully became a member of the conspiracy with the intent to further its unlawful purpose;

3.      That one or more of the conspirators knowingly committed at least one overt act for the purpose of furthering the conspiracy charged in Count Three, after August 27, 2008; and

4.      That the charged conspiracy existed on or after the date any of the above named persons were designated as Specially Designated Nationals, and that the defendant was a member of the conspiracy on or after that date.

5.      None of the co-conspirators obtained a license from the Department of the Treasury to provide services on behalf of, or for the benefit of, the Specially Designated Nationals mentioned above.

Jury Instruction No. 24

The term United States person or U.S. person means any United States citizen, permanent resident alien, or any person in the United States.

Jury Instruction No. 25

As used in Count Three, the defendant acted willfully if he acted intentionally and purposely, with the intent to do something the law forbids, that is with bad purpose to disobey or to disregard the law. The defendant need not be aware of the specific law or rule that his conduct would violate. In other words, the defendant does not have to know that his conduct would violate a particular law, Executive Order, or federal regulation, but he must act with the intent to do something the law forbids.

Jury Instruction No. 26

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted.

Jury Instruction No. 27

A verdict form has been prepared for you. You will take this form with you to the jury room.

Read the verdict form.

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

Jury Instruction No. 28

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

Jury Instruction No. 29