# Exhibit 12

```
 1   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2   ---------------------------------------x
     UNITED STATES OF AMERICA,
 3

 4
              versus                                10 cr 511(JBW)
 5
     CHARLES NAGEL,
 6
                         DEFENDANT.         U.S. Courthouse
 7                                          Brooklyn, New York
     ---------------------------------------x
 8                                          November 5, 2010
                                            9:30 a. m.
 9

10

11                   TRANSCRIPT OF TRIAL

12      Before the HONORABLE JACK B. WEINSTEIN, USDJ

13                        APPEARANCES

14   Representing the Government:   Loretta E. Lynch
                                    United States Attorney
15                                  Eastern District of New York
                                    271 Cadman Plaza East
16                                  Brooklyn, New York 11201
                                    BY:  ALLON LIFSHITZ, ESQ.
17                                       CELIA COHEN, ESQ.
                                         MARGO BRODIE, ESQ.
18

19   Representing the defendant:    ROBERT DATNER, ESQ.
                                    340 N. Lansdowne Avenue
20                                  Lansdowne, Pennsylvania  19050

21

22   REPORTED BY:

23   Lisa Schmid, CCR, RMR
     225 Cadman Plaza East
24   Brooklyn, New York 11201
     Phone:  718-613-2644 Fax:  718-613-2379
25   Proceedings recorded by mechanical stenography.  Transcript
     produced by computer-aided transcription.
                    LISA SCHMID, CCR, RMR
```

LIFSHITZ/SUMMATIONS

1          Where is your client?

2          Take this down, would you, please?

3          MR. LIFSHITZ:  Yes.  (Complies.)

4          (Pause in proceedings.)

5          (Jury enters.)

6          THE COURT:  Be seated, please.  Now, you'll read that
7   set instructions along with me, so don't read up ahead.

8          I'm going to instruct you now on the law, ladies and
9   gentlemen, and you'll be able to carry these instructions -- is
10  it can you hear me?  Can you hear me now?

11         JURORS:  (All answered affirmatively.)

12         THE COURT:  Thank you.

13         Ladies and gentlemen, I'm going to tell you what the
14  law is.  Do not read ahead.  Read the instructions along with
15  me.  You'll take the instructions into the room where you'll
16  deliberate.

17         I have no view of the guilt or innocence of this
18  defendant.  Nothing I have said or done should be used by you,
19  in inferring that I have such a view.  It's you who will decide
20  the case, and you will decide it on the evidence before you, or
21  the lack of he evidence, and according to the law.

22         You can assume that any evidence before you was
23  obtained legally.  It's the Court's responsibility, not the
24  jury's, to decide on punishment, should you find the defendant
25  guilty of any crime.

LISA SCHMID, CCR, RMR

JURY CHARGE

1         You will have a list of documents and materials that
2    were admitted.  And any of the testimony that you wish to have
3    before you, I will either call you in to hear it read back, or
4    send you a transcript, should you request that.
5         Of course, try to be as limited as you can be in what
6    you request, so we don't have to go over the whole trial again.
7    But whatever you want, we'll try to get for you, and then when
8    you have heard enough, you can raise your hand or if you have
9    the transcript, you can stop reading.
10        And you can have any of the physical evidence sent
11   into you.  The audio, of course, will have to be looked at,
12   should you want the look at it in court.
13        And should you require any further instruction on the
14   law, you can, as in any other instance, send in a note to the
15   Marshal who will be guarding you.
16        You're not to discuss this case with anyone except
17   within the jury room, when all 12 jurors are present.
18        During the trial, there were objections made and
19   rulings made.  Draw no inferences from them.  If an objection
20   was made and sustained to a question, you'll disregard the
21   question.  And an unanswered question has no bearing
22   whatsoever.  I gave limiting instructions in a few instances,
23   and you'll follow those instructions.
24        The fact that the prosecution is brought in the name
25   of the United States does not entitled the government to any

JURY CHARGE

```
 1   greater consideration than the defendant.  Everybody is equal
 2   in this court.  No one is entitled to any sympathy or favor.
 3   The issue is whether the government has proved the defendant
 4   guilty beyond a reasonable doubt of either or both of the
 5   crimes charged.
 6           You'll have to give the evidence the weight you think
 7   it deserves.  You'll analyze that evidence dispassionately and
 8   rationally, without prejudice or emotion, and you can draw
 9   reasonable inferences from the evidence.
10           The defendant is on trial only for the crimes charged.
11   And each of these crimes must be decided separately.
12           If the defendant is not proven guilty beyond a
13   reasonable doubt of the crime charged, do not find him guilty
14   because you think he or someone else may have done something
15   bad which was not charged or that he harmed someone other than
16   Ms. Erbe.
17           The evidence of the reactions of Ms. Erbe's daughter,
18   brother, former husband or anyone else were introduced only to
19   show the state of mind of the defendant towards Ms. Erbe and
20   her state of mind.  Those are the key factors in the case,
21   states of mind.
22           The exact dates of the offense don't have to be
23   proven.  It's approximate.
24           The testimony from the witnesses and exhibits are
25   evidence, and your inferences are important.
```

JURY CHARGE

Lawyers' questions, as I indicated, without answers, arguments and opening and closing statements are not evidence. And that chart that was used by the government is argument and therefore, will not go into the jury room.

You're going to have to decide which testimony to believe and which testimony not to believe. Consider the witness' demeanor, the manner of testifying, his or her opportunity to see, hear, know about the events described, the witness' ability to recall and describe those things, the reasonableness of the testimony in the light of all of the other evidence in the case, and the interest of the witness in the outcome of the trial.

Consider whether part of a witness' testimony was contradicted or supported by other evidence, testimony or exhibits by what the witness said or did on a prior occasion, and by any other evidence in the case.

If you find that a witness has willfully testified falsely as to an important matter, you may disregard the entire testimony of that witness, or you may accept part of the testimony and disregard what you find to be false. A witness may have been mistake on may even have lied with respect to part of the testimony, but be reliable as to other parts.

The attorneys, of course, interview witnesses outside of court and prepare for trial by use of people who do investigations.

LISA SCHMID, CCR, RMR

                              JURY CHARGE

 1              You've heard evidence concerning what people outside
 2   the courtroom have said about events.  You're entitled to
 3   consider these statements as evidence.  In evaluating them,
 4   remember they were not cross-examined before you, in some
 5   instances, and therefore, in considering the probative value or
 6   force of those statements who have not testified, you're going
 7   to have to apply indirectly the same credibility tests that you
 8   apply with respect to individuals who have testified.
 9              The defendant had a right, constitutionally, not to
10   testify, and not to have this held against him.  He did
11   testify.  You should evaluate his testimony just as you would
12   the testimony of any witness with an interest in the outcome of
13   the case.
14              The attorneys and the defendant entered into
15   stipulations, that is, a stipulation should be accept as true.
16              There's no legal requirement that the government prove
17   its case through any particular means.
18              An indictment is an accusation in writing.  It is not
19   evidence of guilt.  It is entitled to no weight in your
20   judgment of the facts.
21              The government is the only party that bears a burden
22   of proof.  That burden is to prove guilt beyond a reasonable
23   doubt with respect to each element of the crime charged.  The
24   burden never shifts.  The defendant never has a burden of
25   proving anything.  If the government fails to carry its burden

JURY CHARGE

1  of proof as to any element of an offense, you must find the
2  defendant not guilty of that offense.
3         Whenever I say the government must prove something, I
4  mean it must prove it beyond a reasonable doubt.  When I say
5  you must find something, you must find it beyond a reasonable
6  doubt.
7         A reasonable doubt is the kind of doubt that would
8  cause a reasonable person to hesitate to act in matters of the
9  most importance in his or her own affairs.  Proof beyond a
10 reasonable doubt is proof of such a convincing character that a
11 reasonable person would not hesitate to rely and act upon it in
12 the most important of his or her affairs.
13        A defendant is presumed to be innocent.  That
14 presumption remains with him throughout the trial, and must be
15 considered by you in your deliberations.
16        A jury's decision must be unanimous.  All of you must
17 agree on a verdict.
18        There are two counts or charges.  First, interstate
19 stalking and travel.  The charge is that, "On or about and
20 between July 15th, 2008 and March 24th, 2010, both dates being
21 approximate and inclusive, within the Eastern District of New
22 York and elsewhere -- and the Eastern District includes all of
23 Long Island, Brooklyn, Queens and Staten Island -- the
24 defendant, Charles Nagel, also known as "Chaz Rose," "Cindy
25 Momberger," "Miranda S." and "Angela Paterson," did knowingly

JURY CHARGE

1   and intentionally travel in interstate commerce, with the
2   intent to harass another person, to wit:  Kathryn Erbe, and in
3   the course of and as a result of such travel, did cause
4   substantial emotional distress to Kathryn Erbe."
5            The relevant statute criminalizes traveling in
6   interstate or foreign commerce -- here, interstate commerce --
7   with the intent to harass another person, which results in
8   substantial emotional distress to that person.
9            The statute reads: "Whoever traveled in interstate
10  commerce with the intent to harass another person, and in the
11  course of or as a result of such travel, causes substantial
12  emotional distress to that person is guilty of a crime."
13           To prove guilt, the government must prove each of the
14  following three elements.  First, that between those dates,
15  July 15th, 2008 and March, 24th, 2010, approximately, the
16  defendant knowingly and intentionally traveled in interstate
17  commerce, as charged in the indictment.
18           To act intentionally is to act deliberately and
19  purposefully.  To act knowingly is to act intentionally and
20  voluntarily to commit a criminal action, and to commit that
21  action not because of ignorance, mistake, accident or
22  carelessness.
23           Travel in interstate commerce means travel between two
24  states.  Philadelphia is in Pennsylvania.  Other incidents
25  occurred, according to the testimony, in New York.

LISA SCHMID, CCR, RMR

JURY CHARGE

1      Second, that the defendant traveled with the intent to
2 harass Kathryn Erbe.  Harass means to annoy persistently, or to
3 create an unpleasant or hostile situation, especially by
4 uninvited and unwelcomed verbal or physical conduct.
5      What starts out as an intent to become friendly or
6 even a lover may turn to harassment.
7      Some interstate commerce must take place with the
8 intent to harass.  There were two trips.  The first one was not
9 relied on.  It's the second trip that's relied on in this
10 count.  You understand that?
11     JURORS:  (All answered affirmatively.)
12     THE COURT:  The ultimate fact of intent, through
13 subjective, may be established by circumstantial evidence.
14 That is, by drawing inferences based on the defendant's outward
15 manifestations, words, conduct, acts and all the surrounding
16 circumstances disclosed by the evidence, and the rational.
17 logical inferences that may be drawn from them.
18     Third, that in the course of or as a result of such
19 travel, the defendant caused substantial emotional distress to
20 Kathryn Erbe.
21     To establish substantial emotional distress, the
22 government must prove that as a result of the defendant's
23 conduct during or after the travel in interstate commerce with
24 intent to harass Kathryn Erbe, suffered substantial emotional
25 distress and that an ordinary and reasonable person in Ms.

JURY CHARGE

1  Erbe's position would have experienced substantial emotional
2  distress under those circumstances.
3       The term "substantial emotional distress" has its
4  ordinary meaning.  Substantial means important enough to be of
5  consequence and concern to a reasonable person.  Emotion means
6  of the mind, that is, feelings, spirit or psyche.  Distress
7  means greatly troubled mind, mental stress or strain or mental
8  anxiety.
9       The second charge is interstate stalking by a
10 communication facility of interstate commerce.
11      Count 2 charges the defendant with using the mail or
12 other communication facilities such as the internet, email or
13 Facebook with the intent to harass and cause substantial
14 emotional distress to another person.
15      It reads:  "On or about and between July 15th, 2008,
16 and March 24th, 2010, approximately, within the Eastern
17 District of New York and elsewhere, the defendant, Charles
18 Nagel, also known as "Chaz Rose," "Cindy Momberger," "Miranda
19 S.," and "Angela Patterson," with the intent to harass and
20 cause substantial emotional distress to a person in another
21 state, to wit:  Kathryn Erbe, did knowingly and intentionally
22 use the mail and interactive computer service and a facility of
23 interstate commerce to engage in a course of conduct that
24 caused substantial emotional distress to Kathryn Erbe."
25      The statute reads.  "Whoever, with intent to harass or

LISA SCHMID, CCR, RMR

JURY CHARGE

1    cause substantial emotional distress to a person in another
2    state, uses the mail any interactive computer service or any
3    facility of interstate commerce to engage in a course of
4    conduct that causes substantial emotional distress to that
5    person shall be guilty of a crime." And there are four elements
6    in that crime.
7             First, that between those dates listed, the defendant
8    communicated while he was in one state with a person in
9    another, with intent to harass Kathryn Erbe.
10            Second, that the defendant communicated through the
11   mails or an interactive computer service or a facility of
12   interstate commerce, intending to harass Kathryn Erbe.
13            Use of mails means that the communication was
14   deposited in the mail for delivery by the United States Postal
15   Service.
16            Transmission of a communication by means of the
17   telephone or internet constitutes transportation in a facility
18   of interstate commerce, and it does not depend upon whether the
19   communication actually crossed a state line.  That is, it can
20   be within one state.
21            The specific communication in question must have been
22   transmitted by mail, internet or other facility I've described.
23            And interactive computer service is any information
24   service system or access software provider that provides or
25   enables computer access by multiple users to a computer server,

JURY CHARGE

1   including a service assistant that provides access to the
2   internet.
3       Third, that the defendant engaged in a communication
4   such as I've described during a course of conduct while he
5   specifically intended to harass Kathryn Erbe.  A course of
6   conduct means a pattern of conduct composed of two or more
7   acts, evidencing a continuity of purpose to harass Kathryn
8   Erbe.
9       The purpose needs to extend over an appreciable time
10  span, but may be for only a portion or part of the period
11  charged in the indictment.
12      I've already defined to you the term "harass."
13      And fourth, that as a result of that course of
14  conduct, Ms. Erbe experienced substantial emotional distress.
15  And I've described that to you already.
16      Now, those are the crimes.
17      You have at the back of the charge a verdict sheet.
18  You indicate your unanimous verdict when you reach it.  On each
19  of the two counts, you can reach a verdict of not guilty or
20  guilty.  If you cannot reach a unanimous verdict, you will
21  report that to the Court in writing.
22      Do not communicate with anyone else outside the jury
23  room except the Court, through the Marshal, with respect to
24  this case.  The written communication should be signed by your
25  foreperson, asking for assistance on the law or the evidence.

LISA SCHMID, CCR, RMR

JURY CHARGE

```
 1              If you are divided, cannot reach a unanimous verdict,
 2     tell me in the note.  Do not tell me in the note what the
 3     division is.  If you have reached a verdict, don't indicate in
 4     your report what the verdict is, because that will be announced
 5     in the court.
 6              You're to render your verdict without fear, without
 7     favor, without prejudice and without sympathy.
 8              Now, it's a simple verdict sheet:  Interstate
 9     stalking, travel, Count 1, not guilty or guilty.  Interstate
10     stalking communication facility through interstate commerce,
11     Count 2, not guilty or guilty.
12              Do the parties wish to see me at the sidebar?
13              MR. LIFSHITZ:  No, Your Honor.
14              MR. DATNER:  No, Your Honor.
```

LISA SCHMID, CCR, RMR