# RENEE M. WONG, ESQ.

Attorney at Law
401 Broadway, suite 306
New York, New York 10013
(917) 701-0792
(212) 966-0588
Email: Renee@Wonglaw.net

May 4, 2023

<u>*VIA ECF*</u>

Honorable Pamela K. Chen
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. McMahon, et al.*
Docket No. 21-265

Your Honor:

Counsel for Defendant Congying Zheng respectfully submits this opposition by letter to the government's motion to take the deposition of witness ▆▆▆▆▆, also known as ▆▆▆▆▆ pursuant to Rule 15 of the Federal Rules of Criminal Procedure. [Doc. No. 202].[1]

Although the government has only recently learned of ▆▆▆▆▆ pregnancy, this instant trial has been scheduled to commence on May 30, 2023 since the Court's June 13, 2022 Order. Jury selection was subsequently advanced pursuant to the Court's November 8, 2022 Order, and the trial commencement dates were subsequently confirmed in the Court's March 22, 2023

---

[1] The Government has conferred with counsel with respect to the requested Rule 15 deposition of ▆▆▆▆▆ During these communications defense counsel for Zheng and McMahon have not agreed to stipulate to conducting and using a Rule 15 deposition, subject to the court's consent. Rather, undersigned counsel has communicated to the government that it intends to communicate Mr. Zheng's position to the Court directly after a review of the government's moving papers.

Order. By Order dated May 4, 2023, trial was subsequently stated to commence on May 31, 2023. Presently, jury selection is scheduled to begin on May 22, 2023.

Under Rule 15(a), a district court may permit a party to depose a witness for use at trial "because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). The party seeking a Rule 15 deposition bears the burden of demonstrating that exceptional circumstances exist. United States v. Vilar, 568 F. Supp. 2d. 429, 437 (S.D.N.Y.).

To demonstrate "exceptional circumstances," the movant must show that "(1) the prospective witness is unavailable for trial, (2) the witness'[s] testimony is material, and (3) the testimony is necessary to prevent a failure of justice." United States v. Cohen, 260 F.3d 68, 78 (2d Cir. 2001).

## ARGUMENT

### THE GOVERNMENT HAS NOT DEMONSTRATED "EXCEPTIONAL CIRCUMSTANCES"

I.     The Government has not made a Timely Good-Faith Effort to Produce ▮▮▮ at Trial

"Unavailability" is evaluated "according to the practical standard of whether under the circumstances the government has made a good-faith effort to produce the person to testify at trial." United States v. Johnpoll, 739 F.2d 702, 709 (2d Cir. 1984).

Appended to the government's motion is a doctor's note stating that ▮▮▮ should not travel after 32 weeks in her pregnancy. The doctor's note contains no other indications that ▮▮▮ pregnancy is high risk or has any complications. It merely states that her due date is July 7, 2023, and that she is permitted to cease work after June 9, 2023.

The American Congress of Obstetricians and Gynecologists state:

"For healthy pregnant women, occasional air travel is almost always safe. Most airlines allow pregnant women to fly domestically until about 36 weeks of pregnancy."

(https://www.acog.org/womens-health/faqs/travel-during-pregnancy#).

The defense submits, that ▓▓▓ failure to travel from California to New York for the trial is a preference, and not a medical necessity. The government has failed to meet their burden that ▓▓▓ is unavailable, as ▓▓▓ doctors note shows that she can work and thus likely travel by air through June 9, 2023. But see, United States v. Dumas, No. Crim. 91-00321-01, 1991 U.S. Dist. LEXIS 18289, 1991 WL 274857 (E.D. Pa. Dec. 17, 1991) (permitting a Rule 15(a) deposition for a pregnant witness **_with documented complications_**).

The government acting in good-faith to produce ▓▓▓, could assist her by finding a local OBGYN in New York. As the trial starts on May 31st, ▓▓▓ could be called as witness and be back in California before 36 weeks in her pregnancy on June 9, 2023. As such the government has failed to meet their burden that ▓▓▓ is unavailable.

II.   ▓▓▓ testimony is Material, but Cumulative of other Evidence

The Court's materiality analysis considers whether the testimony would be "admissible and non-cumulative of other evidence." United States v. Alexandre, 2022 U.S. Dist. LEXIS 189241, *9 2022 WL 9843495 (S.D.N.Y. 2022),

The government has proffered that ▮ testimony is material to its case. The government states that ▮ is one of the several victims of the conspiracy to engage in interstate stalking, charged in Count Three. ▮ parents are wanted by the Chinese government due to their alleged participation in corruption activities in China. Based upon other disclosures, ▮ *parents* are the victims and the government has the opportunity to call her parents as witnesses at trial.

The government further proffers that ▮ created video footage used by the Federal Bureau of Investigation ("FBI"), which was later disseminated to a confidential human source to and to Rong Jing. The defense submits that ▮ testimony is cumulative of other witnesses and thus not material to the creation and dissemination of these FBI recorded materials. The government can call the FBI agents, the confidential human source, and other witnesses regarding the production and dissemination of these videos.[2]

Finally, the government proffers that ▮ testimony will include that in or around September 2018, an account associated with the name "Tony Lee" sent messages on Facebook to her and others.

First, the government provides no connection between any of the named defendants at trial and the Facebook user "Tony Lee." The government's motion states that the messages are related to ▮ parents' purported corruption activities in China. "Tony Lee" is not a defendant in this action, and his statements are inadmissible hearsay and presumptively unreliable. ▮ does not have personal knowledge regarding messages sent by "Tony Lee" and received by third parties.

---

[2] Defense counsel for Zheng would be willing to discuss an appropriate stipulation stating that ▮ created the aforementioned videos with the assistance and at the direction of an undercover FBI operation.

It does not appear that ▆ has personal knowledge of the identity of "Tony Lee," but to the extent that the government can identify this person it may do so through a government agent or other means.

The government's statement that this Facebook messaging conduct was "likewise part of the criminal scheme, directed by the PRC" is speculative. The evidence is likely to show that ▆. ▆ parents have defrauded many and are defendants in lawful civil actions. The government does not connect the charged defendants with these specific Facebook messages, other than specifying it contain references to ▆ parents' unlawful activities in China.

III.   ▆ Testimony is Not Necessary to Prevent a Failure of Justice, and Substantial Countervailing Factors exist Militating against Taking the Deposition

Criminal defendants have a right to physical, face-to-face confrontation at trial, and the Supreme Court precedents confirm that this right can only be subverted at trial where the denial of such confrontation is "necessary to further an important public policy and only where the reliability of the testimony is otherwise assured." Maryland v. Craig, 497 U.S. 836, 850 (1990).

Countervailing factors to a Rule 15 deposition include, among other things, any "undue expense to the non-moving party and significant delays in trying the matter." United States v. Alexandre, 2022 U.S. Dist. LEXIS 189241, 2022 WL 9843495 (S.D.N.Y. 2022), quoting, United States v. Al Kassar, 582 F. Supp. 2 498 (S.D.N.Y. 2008).

As the Court is fully aware, the parties are set for jury selection commencing on May 22, 2023. ▆ is in California, and logistically it is almost nearly insurmountable for all parties to

coordinate a pretrial date to attend this deposition.³ Additionally, the Court is aware that all parties are preparing for trial, and that the last-minute travel to California will disrupt trial preparations. The government had the full opportunity to request this deposition at a much earlier date, and this late request significantly prejudices all defendants.

Defendant Zheng opposes the government's Rule 15(a) deposition request. To the extent that a deposition is granted, the defendants and counsel request that the Court direct the government pay expenses defendants and counsels' travel to California pursuant to Fed. R. Crim. P. 15(d).

Respectfully submitted,

S/

Renee M. Wong, Esq.

---

³ The government has previously proposed May 17th, May 18th, or May 19th to all defense counsel. Undersigned counsel is only available on May 19th due to pre-existing criminal hearings on other matters. Defense counsel for McMahon and Zhu are unavailable on May 19th.