

Lawrence S. Lustberg
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4731 Fax: 973-639-6285
llustberg@gibbonslaw.com

May 5, 2023

**VIA ECF**
Honorable Pamela K. Chen, United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    ***United States v. McMahon, et al.***
               **Docket No. 21-cr-265**

Dear Judge Chen:

      This Firm represents defendant Michael McMahon in the above-captioned matter. We write, as required by the Court's text order of yesterday, which stated:

> ORDER as to Zhu Yong, Michael McMahon, Congying Zheng: The Government has moved [202] for authorization to take a Rule 15 deposition before the start of trial. In its application, the Government advises that "[a]t the time of this filing, counsel have stated that the defendants take no position as to the government's motion seeking authorization for the deposition of [the witness] pursuant to Rule 15 of the Federal Rules of Civil Procedure." (Dkt. 201 at 1, n. 1.) By 12:00 p.m. on 5/5/2023, Defendants shall advise the Court of their position on the motion, and if they oppose it, the grounds for that opposition. Ordered by Judge Pamela K. Chen on 5/4/2023. (KW)

      Before setting forth his position, Mr. McMahon wishes to correct, or at least complete, the record: prior to the Government seeking this Rule 15 deposition, on Tuesday, April 25, 2023, it requested the Defendants' position with regard to its anticipated request. On behalf of Mr. McMahon, we responded that we would provide that position when we had received and had the opportunity to review the pertinent material under 18 U.S.C. § 3500; we requested that the Government, which had previously agreed that it would provide that information by Monday, May 1, 2023, produce it just a few days earlier so that we could promptly address the request. The Government declined to do so, instead providing a very brief summary of the witness's testimony.[1] Eventually, the Government provided the § 3500 material late Tuesday night, May 2, 2023; it became available to the defense, after uploading, early Wednesday morning, May 3, 2023. We have now reviewed it and hereby advise the Court that we must respectfully oppose the Government's application, for the following reasons:

      *First*, even assuming that the Government has borne its burden of showing the witness's unavailability, *see United States v. Morales-Campos*, No. 91-CR-1405 (DRH), 1992 WL 281035, at *2

---

[1] In accordance with the Government's prior submissions, and order to protect the witness's privacy, she will be referenced herein as "the witness."

GIBBONS P.C.

Hon. Pamela K. Chen, U.S.D.J.
May 5, 2023
Page 2

(E.D.N.Y. Oct. 2, 1992),[2] a matter which is—as co-defendant Congying Zheng has shown—perhaps a matter of some debate, the proffered testimony does not meet the "exceptional circumstances" test of Federal Rule of Criminal Procedure 15(a), which requires that "the movant must show that '(1) the prospective witness is unavailable for trial, (2) the witness'[s] testimony is material, and (3) the testimony is necessary to prevent a failure of justice.'" *United States v. Alexandre*, No. 22 CR. 326 (JPC), 2022 WL 9843495, at *2 (S.D.N.Y. Oct. 17, 2022) (quoting *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001)). Here, the Government fails that test: based upon its current proffer, the witness's testimony is certainly not "necessary to prevent a failure of justice." Rather, as described by the Government, it bears very little on the Defendants here on trial, whom (based on discovery) the witness never met, observed, or communicated with. To the contrary, the Government contends that the witness ███████████████████████████████████████████████████████████████████████████████████████████████ But this occurred months after Mr. McMahon's last involvement in the case, and thus has little to do with this prosecution; even if somehow admissible as the acts of a co-conspirator—a dubious proposition given the timing and location of these acts—it is not so essential as to justify the extraordinary relief of a deposition, on the eve of trial, rather than the in-court testimony that is the hallmark of criminal trials. *See United States v. Donziger*, No. 11-CV-691 (LAK), 2020 WL 4747532, at *2 (S.D.N.Y. Aug. 17, 2020) ("[I]t is true that '[t]here is a strong preference for live testimony' at trial[.]" (quoting *United States v. Int'l Bus. Machines Corp.*, 90 F.R.D. 377, 381 (S.D.N.Y. 1981))); *see also Coy v. Iowa*, 487 U.S. 1012, 1017 (1988) ("[T]here is something deep in human nature that regards face-to-face confrontation between accused and accuser as 'essential to a fair trial in a criminal prosecution.'" (quoting *Pointer v. Texas*, 380 U.S. 400, 404 (1965))). Similarly, the witness is expected to testify ███████████████████████████████████████ ███████████████████████████████████████ But again, these actions extremely remote from the allegations against the defendants here, and therefore certainly not provide the "exceptional circumstances" necessary to justify the relief sought.

Nor does this testimony satisfy the materiality prong of the Rule 15(a) analysis. "The Court's materiality analysis considers whether the testimony would be 'admissible and non-cumulative of other evidence.'" *Alexandre*, 2022 WL 9843495, at *4 (quoting *United States v. Abu Ghayth*, No. S14 Crim. 1023 (LAK), 2014 WL 144653, at *2 (S.D.N.Y. Jan. 15, 2014)). Here, much of what the Government proffers is inadmissible hearsay and other of it is truly cumulative. Thus, for example, the argument that the witness's testimony ██████████████████████████████████████████████████████████████████ discussed above is based

---

[2] It should be noted that the Government mis-cites the current version of Rule 15(a) in its brief. *Compare* Fed. R. Crim. P. 15(a) ("A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged including any book, paper, document, record, recording, or data."), *with* Gov't May 3, 2023 Letter, Ex. 1 at 2 ("Whenever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial, the Court may upon motion of such party and notice to the parties order that testimony of such witness be taken by deposition . . . .).

GIBBONS P.C.

Hon. Pamela K. Chen, U.S.D.J.
May 5, 2023
Page 3

upon what, by the Government's own proffer, she "learned"—not, apparently, on her personal knowledge. It is, then, inadmissible hearsay. Even more obviously, the testimony that is proffered is cumulative. Thus, the proffered testimony ███████████████████████████████████ ████████████████████████████████ which ██████████ is obviously available through either the FBI agents, ██████████, or through Rong Jing, who appears on the Government's witness list. Similarly, the Government's contention that ████████████████████████████████ █████████████ are matters about which, based upon discovery, the witness had absolutely no personal knowledge, and will apparently be proven by emails and the like; the witness's testimony about them will neither be admissible nor non-cumulative. For this reason, this testimony fails the Rule 15 test.

Indeed, the Government's primary argument in favor of allowing this deposition appears to be that she is a victim of the offenses here alleged. Gov't May 3, 2023 Letter, Ex. 1 at 1, 3. But that argument reveals the real reason why the Government wishes her to be a witness—not because she herself has relevant, probative evidence, but in order to present a sympathetic witness to the jury, ████████ ████████████████████████ But that does not justify this request and indeed, shows why it should be denied.

*Second*, this is particularly so given the late date of the notice provided as to this issue: even assuming that the Government could not, upon the exercise of due diligence, know about the circumstances at issue here ████████████████████████████████████████████████████████████████████ ████████████████. The law here is clear: "[t]here can be no question that both the moving party's diligence and the timing of the prospective depositions are relevant considerations to be weighed under Rule 15(a)." *United States v. Drogoul*, 1 F.3d 1546, 1556 (11th Cir. 1993). Thus, "'[a]n obviously important factor is whether a deposition will expedite, rather than delay, the administration of criminal justice.'" *Id.* (quoting Fed. R. Crim. P. 15 advisory committee's note on 1974 amendment). Here, this request is made on the eve of trial, with sufficiently little notice that arranging a time for the deposition has become truly problematic, given both the schedules of counsel and the other demands of trial preparation in this matter (for example, voluminous § 3500 material and pre-marked exhibits have just been made available over the last two days). *See United States v. Abu Ghayth*, 17 F. Supp. 3d 289, 300 (S.D.N.Y. 2014) ("The district court need not grant a motion under Rule 15 that is made after unexcused delay or on the eve of trial."); *see also United States v. Robinson*, No. 99 CR. 1007, 1999 WL 1254436, at *1 (2d Cir. Dec. 1, 1999) ("The district court may deny the motion to take depositions if it is made after unexcused delay or on the eve of trial[.]"); *United States v. Whiting*, 308 F.2d 537, 541 (2d Cir. 1962) ("It is within the discretion of the trial court to deny the motion if it is made after 'unexcused delay,' . . . or on the 'eve of trial[.]'" (quotation omitted)). Indeed, "[t]he Second Circuit has upheld the denial of motions made even several weeks before trial." *Abu Ghayth*, 17 F. Supp. 3d at 300; *see United States v. Vargas*, 279 F. App'x 56, 60-61 (2d Cir. 2008) (upholding the district court's denial of a Rule 15 motion where the "motion came a year after discovery commenced and approximately three weeks before the scheduled start of the trial"); *United States v. Chusid*, No. 00 CRIM. 0263 LAK, 2000 WL 1449873, at *1 (S.D.N.Y. Sept. 27, 2000) (motion denied where it was filed six months after case was pending and with less than five weeks before trial). For this reason, too, the Government's motion should be denied.

GIBBONS P.C.

Hon. Pamela K. Chen, U.S.D.J.
May 5, 2023
Page 4

*Finally*, in its motion, the Government proposes holding the deposition, "in-person, and with videoconference capabilities as well, so defendants and counsel could participate remotely, if preferred." Defendant McMahon would propose a different alternative should the court find that the Government has met its burden of showing "exceptional circumstances," one which resolves any scheduling problems, treats all parties equally and renders the testimony a part of the trial, conducted under the supervision of the Court. That solution is that the witness appear by video at the trial, a process that has been approved by other courts in this Circuit. Thus, "[w]hile '[c]losed-circuit television should not be considered a commonplace substitute for in-court testimony by a witness . . . [u]pon a finding of exceptional circumstances . . . a trial court may allow a witness to testify via two-way closed circuit television when this furthers the interests of justice.'" *United States v. Buck*, 271 F. Supp. 3d 619, 622 (S.D.N.Y. 2017) (citation omitted). To be sure, it has been recognized that testimony conducted through two-way video "afford[s] greater protection of [the defendant's] confrontation rights than would have been provided by" a transcript of witness testimony permissible under Rule 15 of the Federal Rules of Criminal Procedure. *United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999). The same is true of remote deposition testimony under Rule 15.

Alternatively, if the Court allows the deposition sought by the Government, Mr. McMahon, who is otherwise unable to afford it, hereby requests that the Government pay his and counsel's travel expenses to attend the deposition in California under Federal Rule of Criminal Procedure 15(d) ("If the deposition was requested by the government, the court may—or if the defendant is unable to bear the deposition expenses, the court must—order the government to pay: (1) any reasonable travel and subsistence expenses of the defendant and the defendant's attorney to attend the deposition; and (2) the costs of the deposition transcript.").

If the Court wishes further information or briefing or desires argument on this issue, we will certainly provide it. Thank you for your kind consideration of this matter.

Respectfully submitted,

s/ Lawrence Lustberg
Lawrence S. Lustberg
Counsel for Defendant Michael McMahon

cc: All counsel of record