UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -                                                        No. 21-CR-265 (S-1) (PKC) (CLP)

MICHAEL MCMAHON,
ZHENG CONGYING and
ZHU YONG,
    also known as "Jason Zhu,"

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DEFENDANT CONGYING ZHENG MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S MOTIONS IN LIMINE TO ADMIT CERTAIN EVIDENCE AND PRECLUDE CERTAIN EVIDENCE AND ARGUMENTS AT TRIAL

                                                            Respectfully submitted,

                                                            Renee M. Wong, Esq.
                                                            Attorney for Defendant
                                                            Congying Zheng
                                                            401 Broadway, Suite 306
                                                           New York, NY 10013

## PRELIMINARY STATEMENT

Defendant Congying Zheng respectfully submits this memorandum of law in opposition to the Government's motion in limine, specifically objecting to the admission of statements among and between broader co-conspirators.

## RELEVANT BACKGROUND

Mr. Zheng is charged that he, together with others, has conspired to, and did, act as an agent of the People's Republic of China ("PRC") without notifying the Attorney General, as required by law, in violation of 18 U.S.C. §§ 371 and 951(a), and has conspired to, and did, engage in interstate stalking, in violation of 18 U.S.C. §§ 371 and 2261A(1)(B). Based upon a review of the government's disclosures, there are appears to be two distinct conspiracies that the government intends to prove at trial.

The first, being a broader conspiracy being between defendants Michael McMahon and Yong Zhu, that includes co-conspirators ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ (hereinafter referred to as "Conspiracy One"). These defendants and co-conspirators operated on or about April 2017.

The second is a much narrower conspiracy between Congying Zheng, Kuang Zebin, and unindicted co-conspirator Chaohong Chen (hereinafter referred to as "Conspiracy Two"). The government has not provided any disclosure to demonstrate an overlap between members of these two conspiracies. This narrower conspiracy operated during a very limited time frame in

August and September 2018. The only common ties are the victims' residential address in New Jersey.[1]

Information regarding Conspiracy Two is found within a December 16, 2021, FD-302, █████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████. Further, his participation ceased completely upon removing the note from the residence on September 5, 2023.

The government has provided no materials to show that Mr. Zheng agreed to join the broader conspiracy alleged against those participants in Conspiracy One. There is no overlap between co-conspirators in either conspiracy. Defendant Congying Zheng did not have information that the activities he was engaging in was directed by the People's Republic of China. ████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████. For that reason, he did not have a common goal with the other co-conspirators to act as an agent of the

---

[1] Defense counsel has only been able to determine that the Government is seeking to prove distinct conspiracies charged as one broad conspiracy after the March 31, 2023 and May 2, 2023 government productions. Considering the overwhelming quantity of evidence against members of the first conspiracy, and the likelihood of severe prejudicial spillover, the Court may consider a severance of defendants pursuant to Fed. R. Crim. P. 14(a).

PRC. The statements show conclusively that the members of Conspiracy Two were not acting at the direction of the PRC.

Defendant Zheng contends that the evidence will only be sufficient to show, at most, that he agreed to join only a narrower conspiracy, which the government has charged as the conspiracy to conduct interstate stalking. Although members of Conspiracy One and Conspiracy Two are both charged with conspiracy to commit interstate stalking, there is no indication that these were not wholly separate conspiracies.

There is serious of danger of prejudice to Mr. Zheng where the Court has charged a broad conspiracy but will only be able to prove a collection of narrower ones. Thus, the jury will be exposed to a separate conspiracy in which Mr. Zheng did not participate.

<u>LEGAL ANALYSIS</u>

A.     THE GOVERNMENT SHOULD NOT BE ABLE TO ADMIT STATEMENTS BY CO-CONSPIRATORS OUTSIDE OF THE CONSPIRACY AGAINST MR. ZHENG

The government is seeking to admit statements that were made by certain conspirators that were made during and in furtherance of the conspiracy. A statement is not hearsay if "the statement is offered against an opposing party and... was made by the party's co-conspirator during and in furtherance of the conspiracy." *Fed. R. Evid. 801(d)(2)(E)*. To admit such statements, a court must find by a preponderance of the evidence that (i) "there was a conspiracy"; (ii) "its members included the declarant and the party against whom the statement is offered"; and (iii) "the statement was made during the course of and in furtherance of the conspiracy." *United States v. Gupta*, 747 F.3d 111, 123 (2d Cir. 2014).

The government is not going to be able to prove by a preponderance of the evidence that Mr. Zheng was a member or has any knowledge of any acts committed by the co-conspirators in Conspiracy One.

Where there are multiple conspiracies, co-conspirator statements are only admissible against defendants who are proven, by a preponderance of the evidence, to have joined the specific conspiracy that the co-conspirator statements allegedly furthered. *See United States v. Cambindo Valencia*, 609 F.2d 603, 635 n.25 (2d Cir. 1979). Here the government has charged two conspiracies that do not involve interlapping members and did not occur during the same time period.

### B. CO-CONSPIRATORS STATEMENTS MADE PRIOR TO MR. ZHENG JOINING THE CONSPIRACY ARE INADMISSIBLE HEARSAY AS AGAINST MR. ZHENG

To the extent that the Court finds that the government has shown by a preponderance that Mr. Zheng was a participant in the broader conspiracies, it should still not admit co-conspirator statements against him made prior to his joining of the conspiracy. The communications that the government is seeking to admit were made prior to Mr. Zheng joining any conspiracy in August 2018.

The Second Circuit follows the *Gypsum* rule regarding admitting co-conspirator statements prior to the defendant joining the conspiracy. This rule provides that co-conspirator statements are admissible against defendants who joined the alleged conspiracy later, so long as, those defendants were "generally aware" of what the alleged co-conspirators had been doing and saying on behalf of the alleged conspiracy. *United States v. Best, 2022 U.S. Dist. LEXIS 158847,*

*39, 2022 WL 4008087* (D. Conn 2022). There is no indication that Mr. Zheng was generally aware of any alleged co-conspirators activities prior to August 2018.

## CONCLUSION

For the foregoing reasons, Defendant Congying Zheng requests that the Court deny the relevant motions in limine sought by the government.

Dated: New York, New York
May 15, 2023

Respectfully submitted,

S/ *Renee M. Wong*

Renee M. Wong, Esq.