

Lawrence S. Lustberg
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4731 Fax: 973-639-6285
llustberg@gibbonslaw.com

June 1, 2023

**VIA ECF**
Honorable Pamela K. Chen, United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *United States v. McMahon, et al.*
     <u>Docket No. 21-cr-265</u>

Dear Judge Chen:

   Per the Court's direction during the final pretrial conference on May 30, 2023, *see* May 30, 2023 Text Order, defendant Michael McMahon here sets forth in writing those few additional excerpts of his post-arrest statement, beyond those that the Government has indicated it will introduce, that he should be permitted to introduce pursuant to the Rule of Completeness, Federal Rule of Evidence 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time."). There are only three such excerpts, which are brief but are "necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." *United States v. Elmaani*, No. 20-cr-661 (CM), 2023 WL 2770742, at *7 (S.D.N.Y. Apr. 4, 2023) (quoting *United States v. Johnson*, 507 F.3d 793, 796 (2d Cir. 2007)).

   By way of very brief context, one of the passages that the Government seeks to admit (and the only one as to which Mr. McMahon requests the Court to allow brief additional content) is a passage in which Mr. McMahon says that the purpose of those who were directing his efforts was to get John Doe 1 to return to China "so they could prosecute him." ECF No. 228, Ex. 2 at 4:21-33 ("MCMAHON: Yeah. I think he had mentioned to me that they were trying to get him to come back to China. DOJ AGENT: Right. AGENT MCCARTHY: Okay. DOJ AGENT: So that makes sense. MCMAHON: So they could prosecute him. AGENT MCCARTHY: Okay. If that's what they said that's what they said."). As the Court knows, Mr. McMahon's defense is that he understood that he was not acting as an agent of China but as a private investigator attempting to locate – and to locate assets of – John Doe 1. The Government's view, of course, is that the use of the word "prosecute" made it clear to Mr. McMahon that he was working on a criminal matter, for the Chinese government, and not a civil one for a private party that had been aggrieved. But, as the Court well understands, even utilizing the dictionary definition, the word "prosecute" is

GIBBONS P.C.

Hon. Pamela K. Chen, U.S.D.J.
June 1, 2023
Page 2

ambiguous and can apply to civil as well as criminal cases, at either the trial level or on appeal. *See, e.g.*, *Miller v. Arab Bank, PLC*, No. 18-2192 (HG) (PK), 2023 WL 2731681, at *10 (E.D.N.Y. Mar. 31, 2023) (discussing the need for certain discovery to "prosecute" a civil action); *In re CPI Aerostructures S'holder Derivative Litig.*, No. 20-2092 (ENV) (CLP), 2023 WL 2969279, at *5 (E.D.N.Y. Feb. 14, 2023) (discussing the requirement that the representative plaintiff in a shareholder derivative action "vigorously prosecute the corporate claim"); *Nationstar Mortg. LLC v. Henry*, No. 20-39 (WFK) (LB), 2023 WL 1767579, at *1 (E.D.N.Y. Jan. 18, 2023) (discussing failure to "prosecute" a civil case under Rule 41(b)).[1]

In order to "explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion," Mr. McMahon respectfully requests leave to introduce the following three (3) short passages, at the very least during cross-examination of the witness through whom Mr. McMahon's statement will be admitted:

- First, in answer to the Government's questions about whether Mr. McMahon was informed by those who had retained him that this was a criminal case (page 62, lines 42-43), Mr. McMahon said, during his post-arrest statement that "I thought it was a civil case, he stole money from the company and that was it, we were just trying to –"(page 63, lines 3-6), at which point he was cut off. Including the excerpt that the Government has provided, without this one, would be extraordinarily unfair, as it would distort the meaning of Mr. McMahon's post-arrest statement, taken as a whole. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 155 (1988) ("[W]here misunderstanding or distortion can be averted only through presentation of an additional portion of a document the material required for completeness is necessarily relevant and admissible.").

- Second, and relatedly, Mr. McMahon, in an excerpt that the Government excludes from its version of Mr. McMahon's post-arrest statement, states (on page 23, lines 25-31), that he understood that the people with whom he was meeting – the same people who were, according to the Government, known by Mr. McMahon to be working for the Chinese government – were a "part of the construction company," further explaining Mr. McMahon's view that he was working on behalf of a private company seeking to recover its losses and not on behalf of China's interests in bringing a criminal case.

---

[1] In fact, the criminal connotation of the term "prosecute" is not even its primary meaning. *Prosecute*, Black's Law Dictionary (11th ed. 2019) ("1. To commence and carry out (a legal action) <because the plaintiff failed to prosecute its contractual claims, the court dismissed the suit>. 2. To institute and pursue a criminal action against (a person) <the notorious felon has been prosecuted in seven states>. 3. To engage in; carry on <the company prosecuted its business for 12 years before going bankrupt>.").

GIBBONS P.C.

Hon. Pamela K. Chen, U.S.D.J.
June 1, 2023
Page 3

- Finally, although perhaps somewhat less explanatory of Mr. McMahon's use of the word "prosecute," Mr. McMahon said he was told (page 10, lines 32-35) that he was trying to "locate an individual who stole money or a couple million dollars from a construction company in China," which at least implies that his role was to recover those losses, and not to assist with a criminal prosecution.

These passages serve to vindicate the Rule of Completeness and to assure that the Government's selection of passages, however careful, is also fair, and that it accurately reflects what was actually said on the topic. For these reasons, the additional passages specified above should be included in the Government's excerpts of Mr. McMahon's post-arrest statements or, alternatively, Mr. McMahon should be permitted to elicit those excerpts from the Government witness who will be introducing them.

Respectfully submitted,

s/ Lawrence Lustberg
Lawrence S. Lustberg

cc: All counsel of record (via ECF)