## RENEE M. WONG, ESQ.
Attorney at Law
401 Broadway, suite 306
New York, New York 10013
(917) 701-0792
(212) 966-0588
Email: Renee@Wonglaw.net

June 5, 2023

<u>*VIA ECF*</u>

Honorable Pamela K. Chen
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    RE: *United States v. Congying Zheng*
       Docket No. 21-CR-265 (PKC)
       Letter request for reconsideration regarding civil lawsuit preclusion

Your Honor:

  This letter is submitted to reconsider the Court's Order dated May 30, 2023, granting the Government's motion to preclude cross-examination regarding a civil litigation (Doc. 209). On or about April 24, 2018, a civil action was brought seeking damages and other relief against John Doe #1, Jane Doe #1, Jane Doe #3 and a corporate entity for fraudulent transfer, tortious interference with contractual interference and conspiracy to do the same, conversion and conspiracy to commit conversion, and breach of fiduciary duties under PRC contract law.

  On or about May 27, 2021, a New Jersey Superior Court judge granted a motion to stay the civil matter, pursuant to a motion from the United States Attorney's Office for the Eastern District of New York. John Doe #1 and Jane Doe #1 have requested assistance from the Government with the pending civil litigation. In their moving papers, the Government stated that

the victims have not received any benefit from the Government regarding the civil litigation. The defense submits that the victims have already received a benefit by the stay of the civil action, or in the alternative, the victims have the subjective perception of a current or future benefit that bears upon the witness' credibility or reliability.

The Supreme Court has made clear that "'the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.'" *Delaware v. Van Arsdall*, 475 U.S. 673, 678-79, (1986) (quoting *Davis v. Alaska*, 415 U.S. 308, 316-17(1974)). To that end, a criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby "to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness." *Id*. at 680 (quoting *Davis*, 415 U.S. at 318).

In *United States v. Vasquez*, this Court denied a Rule 16 application for discovery of "correspondence and filings related to a civil case currently pending by stayed in the United States District for the Southern District of Florida." 2021 U.S. Dist. LEXIS 101137, *10, 2021 WL 2186224 (E.D.N.Y. May 27, 2021). The Court held that these documents were not discoverable pursuant to Rule 16, and the movant's request pursuant to *United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1203 (C.D. Cal. 1999) ("The motive behind an accomplice's witness's agreement to testify may range from a simple quid pro quo to an earnest desire to disclose the truth. The defense cannot distinguish between such motives unless the government reveals information about the negotiation leading to the agreement.").

In this instant matter, the Government has not provided any correspondence or filings made by the Government in connection with the civil matter. In *Vasquez*, this Court determined that such matter was not discoverable pursuant to Rule 16, however, it was not addressed whether the correspondence and filings constitute a *Giglio* disclosure. The correspondence and filings from the Government are relevant to the credibility determination of John Doe #1's motivation to testify, as well as his personal interests.

Precluding cross-examination of the victim's subjective perceived benefits about the availability of assistance in the civil case violates the Defendants' rights to confront an adverse witness. John Doe #1 and Jane Doe #1 have both requested assistance for both their immigration cases and the civil case. During this prosecution, the Government has assisted by staying both their immigration matters and has intervened to stay the civil lawsuit.

Denying cross-examination of the witness's subjective beliefs of perceived benefits is a violation of the right to cross-examine. *See Briggs v. Hedgpeth*, 2013 U.S. Dist. LEXI 8641, *43-44, 2013 WL 245190 (N.D. Cal January 22, 2013), *quoting Ortiz v. Yates,* 704 F.3d 1026 (9th Cir. 2012). In Briggs, the District Court held that the state court violated the defendant's right to cross-examination by precluding examination of the victim about the availability of immigration benefits discussed with the state officers. In that matter, the victim had a perceived benefit that the State would assist with a U-Visa application, although it did not prepare such application at the time of her testimony or formalized an agreement to do so. The victim's subjective perception of the benefits of her testimony "sufficiently bore upon the witness'[s] reliability or credibility such that a jury might reasonably have questioned it." *Id.*, *quoting United States v. Blanco*, 392 F.3d 382, 387 (9th Cir. 2004).

Perceived benefits sufficiently bare upon the witness' reliability or credibility such that a jury might reasonably have the bias and motivation for the victims to testify. The jury should be informed of the benefits that the witnesses may receive in exchange for their testimony, regardless of the Government's motivation. Although the Government may argue that the civil case was stayed because of the ongoing investigation, it does not diminish the subjective perceived benefit received by the witness. The Government can have dual purposes for making a motion to stay the civil case, but the witness still receives the benefit. As an example, a witness that receives an S-Visa application in connection with testifying as a Government witness gives both the Government and the witness a benefit. That witness is still subject to cross-examination regardless of the Government's motive for witness availability.

The civil litigation has been stayed through Government intervention. The victims may have subjective beliefs that the Government has aided already or will aid with the civil case. The 3500 material provided regarding John Doe #1 demonstrates that there have been substantial discussions about the substance of underlying civil case with the Government.

Staying in the civil litigation is a benefit to the victims because they are not currently required to defend the action. John Doe filed a motion to dismiss the civil action and that was denied by the Superior Court Judge. When the Government intervened to stay the action, the witnesses no longer had to pay for legal fees to defending the action. The witness may have subjective beliefs about the outcome of the civil litigation based upon the testimony provided in this criminal case, and the jury is entitled to draw inferences regarding John Doe #1's testimony.

Wherefore, it is respectfully requested that the Government produce all correspondence and filings related to the civil lawsuit as *Giglio* material. It is further requested that cross-examination be permitted regarding civil lawsuit as impeachment.

Respectfully submitted,

S/ *Renee M. Wong*

Renee M. Wong, Esq.

RMW/aw