UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> v.<br><br>MICHAEL MCMAHON,<br>ZHENG CONGYING and<br>ZHU YONG,<br>  also known as "Jason Zhu,<br><br>    Defendants. | Case No. 1:21-cr-00265 (PKC) (S-1)<br><br>*Filed electronically* |

## DEFENDANT MICHAEL MCMAHON'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

       **GIBBONS P.C.**
       One Gateway Center
       Newark, New Jersey 07102
       (973) 596-4500
       *Attorneys for defendant Michael McMahon*

       Lawrence S. Lustberg, Esq.
       Genna A. Conti, Esq.

<u>PRELIMINARY STATEMENT</u>

Defendant respectfully requests that the Court include the attached instructions in its charge to the jury. In addition, Mr. McMahon also requests leave to offer amended or additional instructions as may become appropriate.

<u>REQUEST NO. 1</u>

**MULTIPLE CONSPIRACIES**

In this case, the defendants contend that the government's proof fails to show the existence of only one overall conspiracy. Rather, they claim that there were actually several separate and independent conspiracies with various groups of members.

Whether there existed a single unlawful agreement, or many such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I am about to give you.

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes.

Proof of several separate and independent conspiracies is not proof of the single, overall conspiracy charged in the indictment, unless one of the conspiracies proved is the single conspiracy described in the indictment.

You may find that there was a single conspiracy despite the fact that there were changes in either personnel, or activities, or both, so long as you find that some of the co-conspirators continued to act for the entire duration of the conspiracy for the purpose(s) charged in the indictment. The fact that the members of a conspiracy are not always identical does not necessarily imply that separate conspiracies exist.

On the other hand, if you find that the conspiracy charged in the indictment did not exist, you cannot find any defendant guilty of the single conspiracy charged in the indictment. This is so even if you find that some conspiracy other than the one charged in this indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership.

Similarly, if you find that a particular defendant was a member of another conspiracy, and not the one charged in the indictment, then you must acquit the defendant of the conspiracy charge.

Therefore, what you must do is determine whether the conspiracy charged in the indictment existed. If it did, you then must determine the nature of the conspiracy and who were its members.

<u>Authority</u>

L. Sand et al., Modern Federal Jury Instructions (hereinafter "Sand") § 19.01, Instruction 19-5.

<u>REQUEST NO. 2</u>

**MISSING WITNESS NOT EQUALLY AVAILABLE TO DEFENDANT**

You have heard evidence about a witness, Greg Finning, who has not been called to testify. The defense has argued that the witness could have given material testimony in this case and that the government was in the best position to produce this witness.

If you find that this uncalled witness could have been called by the government and would have given important new testimony, and that the government was in the best position to call him, but failed to do so, you are permitted, but you are not required, to infer that the testimony of the uncalled witness would have been unfavorable to the government.

In deciding whether to draw an inference that the uncalled witness would have testified unfavorably to the government, you may consider whether the witness's testimony would have merely repeated other testimony and evidence already before you.

<u>Authority</u>

> Sand § 6.04, Instruction 6-5. *See United States v. Caccia*, 122 F.3d 136, 138 (2d Cir. 1997) ("The most appropriate version of a 'missing witness' instruction, where the facts warrant it, permits the jury to draw an adverse inference against a party failing to call a witness when the witness's testimony would be material and the witness is peculiarly within the control of that party."); *see also United States v. Salomon*, 53 F. App'x 576, 577 (2d Cir. 2002) ("[T]he defense was presented with the choice of having him testify under immunity, introducing excerpts of his grand jury testimony, or receiving a missing witness instruction. The defense opted for the witness instruction, and, given its own decision, cannot now complain.").

Respectfully submitted,

By:     <u>/s/ Lawrence S. Lustberg</u>
        Lawrence S. Lustberg, Esq.
        Genna A. Conti, Esq.

*Attorneys for Defendant
Michael McMahon*

Date: June 12, 2023