# KEVIN KERVENG TUNG, P.C.
Attorneys and Counselors at Law

Writer's direct email:
Kevin K. Tung, Esq.
ktung@kktlawfirm.com
Admitted in NY and NJ

Queens Crossing Business Center
136-20 38th Avenue, Suite 3D
Flushing, New York 11354
Tel: (718) 939-4633
Fax: (718) 939-4468

www.kktlawfirm.com

October 21, 2023

**VIA ECF**
Honorable Pamela K. Chen
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   United States v. McMahon, et al.
      Docket No. 21-265

Dear Honorable Pamela K. Chen:

As you know, I am one of the counsels for the defendant, Yong Zhu. I am writing to reply some of the points raised by government in its opposition to post trial motion for a judgment of acquittal or for a new trial pursuant to Federal Rules of Criminal Procedure 29 and 33.[1]

## DEFENDANT YONG ZHU'S CONVICTION IS ENTIRELY BASED ON CIRCUMSTANTIAL EVIDENCE

The Court should take notice that Defendant Yong Zhu's conviction was based almost entirely on circumstantial evidence as government recognizes in its opposition brief. Almost in all circumstances, there were competing evidence. Government urged that this Court shall not disturb the conviction because the jury had made a choice among the competing evidence already. But if the entire case against Defendant Yong Zhu was based circumstantial evidence, this Court should really consider if the government has met its burden to eliminate other possibilities and has proved its beyond reasonable doubt.

## NO STRATEGIC DECISION NOT TO OBJECT A CO-DEFENDANT'S RACIST ATTACK ON YONG ZHU

During a trial, a judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, or engage in harassment, including but not limited to bias, prejudice or harassment on the bases of race, and shall not permit court staff, court officials or others subject

---

[1] Our motion erroneously stated that Mr. Zhu is 64 years old. He is in fact 67 years old.

1

to the judge's direction and control to do so. It "is unnecessary to prove actual prejudice on the part of the court . . . rather 'the mere appearance of bias may require disqualification' so long as the belief of unfairness is 'objectively reasonable.'" *Chandok v. Chandok*, 406 N.J. Super. 595, 603-04, 968 A.2d 1196 (App. Div. 2009) (quoting Panitch, 339 N.J. Super. at 67). In *Caperton v. Massey Coal Co., Inc.*, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009), the Supreme Court of the United States adopts this objective standard that do not require proof of actual bias.

Therefore, it does not matter whether the defense counsel for defendant Yong Zhu had objected or not when co-defendant's counsel made racial remarks against defendant Yong Zhu. The standard is objective. Whether an average juror would be influenced by the racial remarks is the key to determine. In this case, it is a very sensitive matter that the media or general public had already perceived this case as a case US v. China. Therefore, any xenophobia or racial remarks will influence the jury's decision to some degree. Defendant Yong Zhu was prejudiced by the racial remarks of the co-defendant's counsel.

Even the government realized the prejudice, the government argued that defense counsel for defendant Yong Zhu in the subsequent closing argument urged the jury to disregard those improper remarks. "We cannot assume that everyone who is Chinese origin, such as Yong Zhu, is automatically an agent of [the] Chinese government." (Tr. 588:24-589:2) Thus, under the circumstances, the jury may have been influenced by the racial remarks. Defendant Zhu should be entitled to a new trial.

## MOTION TO WITHDRAW

Pursuant to the Court's Order at the July 11 conference, I have remained in this case to assist CJA counsel until the post-trial motion is complete. As the motions are now fully briefed, I respectfully request that the Court permit the undersigned to withdraw as counsel for the defendant Yong Zhu.

I have been informed by CJA counsel that Mr. Zhu would consent to this request. Further, CJA counsel Benjamin Silverman, who the Court appointed on July 13, has been up to the speed. Mr. Silverman informs me that he does not oppose this request and he does not believe that my withdrawal at this time will delay further proceedings, including any sentencing. He has actively participated in the preparation of the post-trial motion.

Should you have any question, feel free to contact the undersigned.

Respectfully submitted,

*/s/ Kevin K. Tung*
Kevin K. Tung