# GOLDBERGER & DUBIN, P.C.

ATTORNEYS AT LAW

401 BROADWAY, NEW YORK, NY 10013

(212) 431-9380

FAX (212) 966-0588

E-MAIL: GND401@AOL.COM

**www.goldbergerdubin.com**

PAUL A. GOLDBERGER†
LAWRENCE A. DUBIN†*
EDGAR L. FANKBONNER†

†MEMBER OF NY BAR
*MEMBER OF NJ BAR

March 25, 2025

***VIA ECF***

Honorable Pamela K. Chen
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *United States v. Congying Zheng,*
Letter Motion for Release Pending Appeal

Your Honor:

Defendant Congying Zheng has appealed from his conviction and sentence. *Notice of Appeal*, ECF 347. On appeal, he will argue, among other things that the convictions were based upon multiple conspiracies charged in a singular indictment and the improper curtailing of cross-examination. Because this appeal raises substantial questions that, if resolved in his favor, would require acquittal, a new trial, or a noncustodial sentence, and because he is demonstrably neither a flight risk nor a risk to the safety of others, Mr. Zheng respectfully requests that this Court order him released on bail pending appeal, subject to the same conditions under which he has been released without incident for over four years. *See Bail Order*, ECF 31.

## I.    LEGAL STANDARD

The Bail Reform Act provides that a court "shall order the release" of "a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal" if it finds that four conditions are met. 18 U.S.C. 3143(b):

- ***First***, "the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released." *Id.* § 3143(b)(1)(A).

- ***Second***, "the appeal is not for the purpose of delay." *Id.* § 3143(b)(1)(B).

- ***Third***, the appeal "raises a substantial question of law or fact," *Id.*, meaning a question "of more substance than would be necessary to a find that it was not frivolous," or "a 'close' question or one that very well could be decided the other way," *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

- ***Fourth***, that question, if determined favorably to the defendant on appeal, is "likely to result in" reversal, new trial, a noncustodial sentence, or a sentence that is less than time served plus the expected duration of the appeal. 18 U.S.C. § 3143(b)(1)(B); *see also Randell*, 761 F.2d at 125 ("If a court does find that a question raised on appeal is 'substantial,' it must then consider whether that question is so integral to the merits of conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." (quotation marks omitted)).

Although the defendant must establish by clear and convincing evidence that he or she is not a flight risk or risk of safety of others or the community, he needs establish the other three factors by only a preponderance of the evidence. 18 U.S.C. § 3143(b)(1(A); *United States v. Galanis*, 695 F. Supp. 1565, 1566 (S.D.N.Y. 1988); *see also United States v. Affleck*, 765 F.2d 944, 953 n.15 (10th Cir. 1985). If the defendant demonstrates that these conditions are satisfied, the court must order him released pending appeal. *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004).

Significantly, to establish that he warrants bail pending appeal, the defendant need not persuade the "trial court to certify that it is likely to be reversed." *Randell*, 761 F.2d at 125 (quotation marks omitted). Indeed, the court does not need to "predict the probability of reversal" at all. *United States v. Silver*, 203 F. Supp. 3d 370, 376-77 (S.D.N.Y. 2016); *see also United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985). Instead, bail pending appeal requires only that the defendant clear the relevant low bar of identifying a "close" or debatable appellate issue. *See Randell*, 761 F.2d at 125.

## II.    DISCUSSION

Congying Zheng readily satisfies each of these four criteria.

### A.    FACTOR ONE: MR. ZHENG IS NOT A FLIGHT OR SAFETY RISK

The record in this case clearly and convincingly establishes that Mr. Zheng poses neither a realistic risk nor flight nor a threat to the safety of others or the community.

As to flight risk, Mr. Zheng has surrendered his travel documents and has been placed on electronic monitoring. Fleeing would render him unable to challenge his convictions on appeal, which he is committed to doing. *See Ortega-Rodriguez v. United States*, 507 U.S. 234, 239 (1993). There is no reason to believe that Mr. Zheng poses any flight risk.

Mr. Zheng has neither fled the country, nor posed any danger to others despite being released on bail since his initial arrest in November 2020. If anything, Mr. Zheng's release pending appeal poses fewer concerns because he has since received a sentence of imprisonment of 16 months. Such a sentence is substantial, but is meaningly shorter than what was sought by the Government. *Government sentencing brief* ECF 337 (requesting 33 months' imprisonment).

## B.    FACTOR TWO: MR. ZHENG'S APPEAL IS NOT TAKEN FOR THE PURPOSE OF DELAY

Mr. Zheng does not take this appeal for the purpose of delay. Mr. Zheng has vigorously defended himself against the Government's charges. As described in the following section, he asserts substantial appellate arguments that, if accepted, will likely require acquittal or, at a minimum, a new trial. Those arguments were preserved and are being raised on appeal in good faith. There are accordingly no grounds for concern that Mr. Zheng is merely attempting "to delay the inevitable." *United States v. Hart*, 906 F. Supp. 102, 105 (N.D.N.Y. 1995).

Nor does the record provide "evidence of dilatory tactics" by the defense. *See United States v. Archer*, 813 F. Supp. 2d. 339, 344 (E.D.N.Y. 2010). Following the release of the Presentence Investigation Report, Mr. Zheng's counsel and the government agreed on an expeditious schedule for filing sentencing briefs. Mr. Zheng has not engaged in a pattern of dilatory defense tactics or show any extrinsic evidence of an intent to delay. Mr. Zheng has also satisfied this second factor.

## C.    FACTOR THREE: MR. ZHENG'S APPEAL PRESENTS SUBSTANTIAL QUESTIONS OF LAW AND FACT

On appeal, Mr. Zheng will raise multiple non-frivolous challenges to his convictions and sentence. For purposes of this motion, however, it is enough to conclude by a preponderance that *at least one* of those challenges is *more likely that not* to present a *debatable* question. For the reasons that follow, Mr. Zheng readily clears that relatively low bar.

### *THIS APPEAL PRESENTS A SUBSTANTIAL ISSUE REGARDING THE EXISTENCE OF MULTIPLE CONSPIRACIES*

Mr. Zheng contends that his conviction for conspiracy to commit interstate stalking was based upon multiple conspiracies charged in the indictment. The first and much larger conspiracy, is one led by PRC officials which was extricable intertwined with the circumstances leading to the convictions of Yong Zhu and Michael McMahon. The second conspiracy involved Mr. Zheng and his co-defendant Kuang who were purportedly acting on behalf of a Macau based gang.

Whether the government's proof shows a single conspiracy or multiple conspiracies "is a question of fact for a properly instructed jury." *United States v. Johansen*, 56 F.3d 347, 350 (2d Cir. 1995). "In order to prove a single conspiracy, the government must show that each alleged member agreed to participate in what he knew to be a collective venture directed toward a common goal. The conspirators need not have agreed on the details of the conspiracy, so long as they agreed on the essential nature of the plan." *United States v. Maldonado-Rivera*, 922 F.2d 934, 963 (2d Cir. 1990) (internal citations omitted).

On appeal, Mr. Zheng intends to argue that no rational juror could have found that there was a singular conspiracy. During the 13-day trial, codefendant Kuang testified that he did not plead guilty to the crime of acting an agent of a foreign government because he did not believe that he was working for the PRC government. (Tr. 1291-92, 1303). Kuang also testified that Zheng told him that they were leaving notes on behalf of a "Dai Lo," or a gang leader from Macau (Tr. 1291).

Zheng submits that cross-examination was improperly curtailed regarding the victims' activities and background in the PRC. Although the government introduced evidence showing that the PRC was highly motivated to harass the victims, defense counsel was unable to cross-examine witnesses about persons or entities other than the PRC that would be motivated to harass the victims.

The government asked the jury to conclude that Zheng might have known about Operation Fox Hunt or China's repatriation efforts generally through social media. The government further argued that since the Chinese government runs the prisons in China, Zheng is communicating messages from the PRC itself. "Alone or together, this evidence is certainly no smoking gun." *Memorandum and Order* at 39, ECF 294.

The jury acquitted Mr. Zheng as acting and conspiring to act as an agent for PRC. The verdict in itself provides a credible, non-frivolous, argument that he was not a member of the larger PRC conspiracy.

### *THIS APPEAL PRESENTS A SUBSTANTIAL ISSUE REGARDING THE RIGHT OF CONFRONTATION*

This case presents a substantial question about whether this Court erred in excluding cross-examination of the government's witnesses. Evidentiary rules by the district court are reviewed under a deferential abuse of discretion standard, reversing only those determinations that are manifestly erroneous. *United States v. Torres*, 124 F.4 84, 99 (2d Cir. 2024). When evidentiary rules implicate the right of confrontation, the defendant must "be afforded a meaningful opportunity to cross examine witnesses against him." *Alvarez v. Ercole*, 763 F.3d 223, 230 (2d Cir. 2014).

Defense counsel was not permitted to inquire regarding the background of the government witnesses and the Court sustained all objections regarding the witnesses' conduct in the PRC. The Court determined that "what happened in China is irrelevant." *TR*. 142. The defense submits that this improperly foreclosed the defense from inquiring about facts necessary to present a defense. According to the 302's provided as *Giglio* material, John Doe #1 indicated

that he had disputes with construction companies located in Hong Kong and Macau. Defense counsel was unable to confront John Doe #1 about these disputes. Such disputes form a basis for the theory that there are multiple conspiracies in the trial indictment that were charged as a single conspiracy.

During closing the Government argued that Zheng must be conspiring to act on behalf of the Chinese Government because the Chinese Government administers the prisons in China. Ultimately, the jury did not agree and acquitted Mr. Zheng of conspiring to act and acting as a foreign agent of the PRC.

### D.     FACTOR FOUR: THESE ISSUES ARE INTEGRAL TO MR. ZHENG'S CONVICTIONS AND SENTENCE

Finally, these substantial issues are material because resolution of them in Mr. Zheng's favor would likely result in a judgment of acquittal or a new trial.

First, regarding multiple conspiracies, "[o]ne of the principal considerations in determining the existence of prejudice is the 'spill over effect' of permitting testimony regarding one conspiracy to prejudice the mind of the jury against the defendant who is not part of that conspiracy but another." *United States v. Harris*, 8 F.3d 943, 947 (2d Cir. 1993). Thus if the Second Circuit concludes that there was multiple conspiracies, rather than a singular conspiracy, a new trial would be ordered.

Second, the limitation on the scope of cross-examination was not a harmless error, or unimportant in relation to everything else the jury considered on the issue in question. *United States v. Vasquez*, 82 F.3d 574, 576 (2d Cir. 1996). If this question is resolved in Mr. Zheng's favor, then he would be entitled to a new trial, at a minimum.

### III.     CONCLUSION

For these reasons, Mr. Zheng respectfully requests that this Court order him released on bail pending appeal, subject to all current conditions of release.

Respectfully submitted,

Paul A. Goldberger, Esq.

PAG/aw

5