UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>            v.<br><br>HU JI,<br>LI MINJUN,<br>TU LAN,<br>ZHJU FENG,<br>    also known as "Johnny Zhu,"<br>KUANG ZEBIN<br>MICHAEL MCMAHON<br>ZHUAI YONGQIANG<br>ZHENG GONGYING AND<br>ZHU YONG<br>    also known as "Jason Zhu"<br><br>    Defendants | Case No.: 1:21-cr-00265-PKC<br><br>Hon. Judge Pamela K. Chen<br><br>**MOTION TO MODIFY SENTENCE** |

Defendant Yong Zhu, through his undersigned counsel, respectfully moves this Court pursuant to 18 U.S.C. § 3582(c)(1)(A) to modify his sentence of 24 months' imprisonment to home confinement, based on extraordinary and compelling reasons arising from his severe and deteriorating physical and mental health conditions.

1. On January 15, 2025, this Court sentenced Mr. Yong Zhu to 24 months' imprisonment for the following offenses:

    a. Count 1: Conspiracy to Act as an Agent of a Foreign Government Without Prior Notification to the Attorney General (18 U.S.C. § 371);

    b. Count 2: Acting as an Agent of a Foreign Government Without Prior Notification to the Attorney General (18 U.S.C. § 951(a));

    c. Count 3: Conspiracy to Engage in Interstate Stalking (18 U.S.C. § 371);

    d. Count 4: Stalking (18 U.S.C. § 2261A(1)).

1

2. The sentences were ordered to run concurrently, with a surrender date of April 15, 2025. Since sentencing, Mr. Zhu's health has significantly worsened, as detailed in his affidavit and supporting exhibits.

3. A defendant can seek sentence modification prior to incarceration in a federal facility and without first exhausting administrative remedies. See *United States v. Austin*, 468 F. Supp. 3d 641 (S.D.N.Y. 2020); *United States v. Thrower*, 495 F. Supp. 3d 132 (E.D.N.Y. 2020) See also *United States v. Reese*, No. 12-cr-629 (VM), 2022 U.S. Dist. LEXIS 178057, at *3 (S.D.N.Y. Sep. 29, 2022)

4. In *Austin* and *Thrower* the Court allowed the defendants' pre-incarceration motions for compassionate release to move forward only because of the "**narrow and exceptional situation[s] presented**," which were that (1) the defendants had already served the majority of their sentences; (2) were released for a period of time following successful challenges to their convictions under 28 U.S.C. Section 2255; but (3) had the remainder of their original sentences reinstated by the Second Circuit on appeal and were imminently due to return to federal custody. See *Austin*, 468 F. Supp. 3d at 642-43, 644; *Thrower*, 495 F. Supp. 3d at 140. Although Mr. Zhu's situation is different, the principle from these cases—that compassionate release can be considered in a narrow and exceptional situation—still applies.

**I. NARROW AND EXCEPTIONAL SITUATIONS**

5. ***With the respect to mental health conditions***, Mr. Zhu's severe physical and mental health conditions, combined with the BOP's likely inability to provide adequate care, constitute narrow and exceptional reasons for modifying his sentence:

6. Mr. Zhu has been diagnosed with bipolar disorder with severe depression and psychotic features (ICD-10: F31.5); post-traumatic stress disorder (ICD-10: 309.81); and

2

unspecified anxiety disorder (ICD-10: 300.00).

7. Symptoms include insomnia, anxiety, suicidal ideation, cognitive decline, and severe depression, as documented by Rendr Mental Health Services and Dr. Xiaochun Jin's evaluations (See Exhibits 2 and Exhibit 4 annexed to Mr. Zhu's Affidavit).

8. Assessments show a Mini-Mental State Examination (MMSE) score of 17/30 (severe impairment), a Beck Depression Inventory (BDI-II) score of 53 (severe depression), and a Beck Anxiety Inventory (BAI) score of 48 (severe anxiety).

9. He requires ongoing psychiatric care and medications (Lamotrigine 150 mg, Clonazepam 1 mg, Lithium 300 mg, Olanzapine 10 mg), which demand close monitoring unavailable in most prison settings.

10. ***With the respect to physical health conditions***, Mr. Zhu suffers from: liver fibrosis and chronic hepatitis B; and hypertension and diabetes; and severe mobility issues post-knee surgery (July 19, 2024) following a car accident (March 18, 2024), requiring a cane and wheelchair; and frequent urinary and bowel incontinence (13-14 urination and 5-6 bowel movements daily), necessitating adult diapers and assistance.

11. Medical records from Bay Ridge Orthopedic Associates (Exhibit 1 annexed to Mr. Zhu's Affidavit) and Rendr (Exhibits 2 and Exhibit 3 annexed to Mr. Zhu's Affidavit) confirm these conditions, noting significant physical decline since December 2024.

12. ***With respect to inadequate prison facilities***, the BOP may lack the resources to manage Mr Zhu's complex needs, including daily caregiving, specialized mental health treatment, and frequent medical interventions.

13. Psychological evaluations warn that incarceration could accelerate his mental and physical deterioration, posing a life-threatening risk given his fragile state.

3

**II. Sentencing Factors Under 18 U.S.C. § 3553(a)**

14.     Modifying Mr. Zhu's sentence to home confinement aligns with the § 3553(a) factors.

15.     *First*, the offenses, while serious, were non-violent, involving conspiracy and stalking without physical harm.

16.     *Second*, Mr. Zhu, a 68-year-old first-time offender, has no prior criminal history and suffers from severe health issues exacerbated by a traumatic past.

17.     *Third*, home confinement ensures access to his current medical team, critical for stabilizing his conditions.

18.     *Fourth*, Mr. Zhu poses no danger to the public, and proposed conditions (e.g., electronic monitoring) mitigate any risk.

19.     *Fifth*, the 24-month term can be served humanely via home confinement, fulfilling punishment while addressing his health crisis.

**III. Request for Expedited Consideration**

20.     Given Mr. Zhu's deteriorating health and the April 15, 2025, surrender date, he respectfully requests expedited review to prevent further harm. Delay could exacerbate his conditions, risking irreversible decline.

**IV. Conclusion**

21.     Mr. Zhu's severe health conditions—mental and physical—combined with the BOP's likely inability to provide adequate care, present narrow and exceptional situation reasons to modify his sentence to home confinement with the conditions posted by this court deems just and fair. This relief aligns with § 3553(a) factors and serves justice humanely

22.     Accordingly, via the undersigned counsel, Mr. Zhu respectfully requests that the

Court grant this motion and impose the proposed conditions.

Dated: April 1, 2025

                                            Respectfully Submitted,

                                            **J. Zhang and Associates, P.C.**
                                            *Attorney for Defendant, Yong Zhu*

                                            */s/ Jiyuan Zhang*
                                            Jiyuan Zhang, Esq
                                            3712 Prince Street, Ste 9C
                                            Flushing, NY 11354
                                            T: 718-701-5098
                                            contact@jzhanglaws.com

## AFFIRMATION OF SERVICE

I, Jiyuan Zhang, an attorney, certifies that on April 1, 2025, a true and correct copy of **MOTION TO MODIFY SENTENCE** was filed via the CM/ECF electronic filing system, thereby serving it upon all counsel of record and interested parties.

*/s/ Jiyuan Zhang*
Jiyuan Zhang