LAW OFFICE OF
# BENJAMIN SILVERMAN
224 WEST 30TH ST., SUITE 302
NEW YORK, NY 10001

TEL (212) 203-8074
FAX (646) 843-3938
Benjamin@bsilvermanlaw.com

April 4, 2025

**By ECF**
Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn NY 11201

      Re: *United States v. Zhu*, 21 Cr. 265 (PKC)

Your Honor:

      I write respectfully to request to be relieved as counsel for defendant Zhu Yong for purposes of proceedings in this Court. I believe that, because Mr. Zhu was sentenced and Judgment issued, my appointment may have already terminated. I make this application in an abundance of caution and to avoid confusion over responsibility for any continuing litigation on this docket sheet.

      Mr. Zhu was first appointed CJA counsel when he was arrested on October 28, 2020. Dkt. 15. Within two weeks, he and his family secured retained counsel, and he was represented by retained counsel for the next approximately three years through the end of his trial. *See* Dkts. 30, 49, 288, 289. Mr. Zhu was convicted on June 20, 2023, of four counts of stalking and acting as an unregistered agent. Following a subsequent conference with his retained counsel (*see* Minute Entry for July 11, 2023 conference), I was appointed as CJA counsel on July 13, 2023. Dkt. 271.  From October 23, 2023, through the January 15, 2025 sentencing, I acted as Mr. Zhu's sole counsel. Mr. Zhu has lived with and been subsidized by his son since his arrest, and he is scheduled to surrender on April 15, 2025.

      Pursuant to the "Duties" listed in Section VIII.B of the Eastern District of New York's CJA Plan, after Mr. Zhu was sentenced I promptly filed a notice of appeal on

Honorable Pamela K. Chen
April 4, 2025
Page 2

January 15, 2025 (Dkt. 340).[1] That provision in this Court's CJA plan provides that "[w]hen an appeal is taken, assigned trial court counsel shall continue to represent the appellant unless or until he or she has been notified that his or her services are no longer required." *Id.* Section VI.A in the Second Circuit's CJA plan similarly appears to contemplate that the district court may relieve an attorney, once appointed, of the obligation to handle the appeal only if another attorney is appointed in their place. It is not uncommon for district court CJA counsel to move, under Second Circuit Local Rule 4.1, to be substituted by appellate CJA counsel after filing a notice of appeal. As I am also a member of the Second Circuit's CJA panel, I generally do not move to be relieved on those grounds. I therefore continue to represent Mr. Zhu for purposes of his appeal.

      Earlier this week, retained counsel entered an appearance for Mr. Zhu in the district court only. Said retained counsel informs me that he will not handle the ongoing appeal, or any appellate litigation. There is now a pending motion before this Court. Dkt. 362. To avoid any confusion about responsibilities, I respectfully move to withdraw as Mr. Zhu's counsel before this Court as he has retained counsel and informed me in a phone call today that he wants to be represented by that retained counsel for purposes of the pending motion.

      For the foregoing reasons, I respectfully move to be relieved as his counsel for purposes of proceedings in this Court. If this motion is granted, I will continue to handle Mr. Zhu's appeal (unless later relieved by the Court of Appeals for some other reason). I am available to answer any questions. Thank you for your consideration.

                          Respectfully submitted,

                          /s/ Benjamin Silverman
                          Benjamin Silverman

cc: Zhu Yong (by SMS)
    AUSAs Meredith Arfa, Irisa Chen, and Christine Bonomo (by ECF)

---

[1] The same obligation is provided for in Section V.A of the Second Circuit's CJA Plan.