

U.S. Department of Justice

United States Attorney
Eastern District of New York

NJM:MAA/IC
F. #2017R00906

271 Cadman Plaza East
Brooklyn, New York 11201

April 11, 2025

By ECF

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Congying Zheng
                  Criminal Docket No. 21-265 (S-1) (PKC)

Dear Judge Chen:

      Pursuant to the Court's March 26, 2025 order, the government respectfully submits this letter opposing defendant Congying Zheng's motion for bail pending appeal (ECF No. 357). For the reasons set forth below, the Court should deny the defendant's motion in its entirety because the defendant has not presented a substantial question warranting release pending appeal.

I.      Background

      As this Court is well aware, and as the government demonstrated at trial, this case concerns the defendant's participation in an international campaign to threaten, harass, surveil, and intimidate Xu Jin, Liu Fang, and their adult daughter, Xu Xinzi (also known as "Sabrina Xu"). The goal was to coerce Xu Jin and Liu Fang to return from the United States to the People's Republic of China ("PRC"), as part of transnational repression programs known as "Operation Fox Hunt" and "Operation Sky Net." The defendant's role in the scheme began in September 2018, when he and co-defendant Vincent Kuang harassed and stalked Xu Jin and Liu Fang at the couple's home in New Jersey, which had been discovered by a co-conspirator and provided to the PRC government. Among other things, the defendant taped threatening notes to the front door of the victims' home, which said, "if you are willing to go back to China to serve a ten years prison . . . sentence, you wife and your children will be okay. That's the end of the matter."[1]

---

[1] Because the Court presided over the instant case for four years, including a jury trial, and has decided substantive motions, the government does not reiterate the facts adduced at trial. The government incorporates its response to the defendant's post-trial motion for a judgment of acquittal. *See* ECF No. 286.

On June 16, 2023, following a 13-day trial, the defendant was convicted of two counts of a superseding indictment charging him with conspiracy to engage in interstate stalking, in violation of 18 U.S.C. § 371 (Count Three), and interstate stalking, in violation of 18 U.S.C. § 2261A(1)(B) (Count Four).

On August 10, 2023, the defendant moved pursuant to Federal Rule of Criminal Procedure 29 to vacate the guilty verdicts, and pursuant to Federal Rule of Criminal Procedure 33, for a new trial.  ECF No. 278.  As relevant to the instant motion, the defendant argued that the government failed to meet its burden in proving a single interstate stalking conspiracy, as opposed to multiple conspiracies, and that the Court improperly curtailed cross-examination of the victim witnesses.  *Id.* at 8-12, 14-17.  On March 1, 2024, this Court denied the defendant's motion in a memorandum and order, holding that the "the government [had] adduced sufficient evidence of the existence of a single conspiracy to harass or intimidate the victims . . . and Zheng's knowing participation in that conspiracy."  ECF No. 294 at 37.  Further, the Court rejected the defendant's evidentiary challenge that he was not able to cross-examine regarding the victims' financial status, reasoning that such cross-examination was "not probative and unduly prejudicial."  *See id.* at 55.

On January 22, 2025, the Court sentenced Zheng to sixteen months' imprisonment on each count, which sentences were to run concurrently.  Jan. 22, 2025 Minute Entry; ECF No. 344.  On March 25, 2025, the defendant filed the instant motion for bail pending appeal.  ECF No. 357.

II.   Applicable Law

The defendant's request for bail pending appeal is governed by 18 U.S.C. § 3143(b)(1), which provides that a person convicted of an offense and sentenced to a term of imprisonment "shall" be detained pending an appeal "unless" the court finds that the person is "not likely to flee or pose a danger to the safety of any other person or the community" and the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1)(A), (B).  Ordinarily, there is a "presumption in favor of detention," and the defendant bears the burden to "rebut this presumption with clear and convincing evidence." *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004); *see also United States v. Hilliard*, No. 19-CR-358 (PKC), 2023 WL 3391016, at *1 (E.D.N.Y. May 11, 2023) ("Once a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it [absent] exceptional circumstances." (quoting *United States v. Miller*, 735 F.2d 19, 22 (3d Cir. 1985)).

2

As the Second Circuit has explained, under Section 3143(b)(1), to constitute a "substantial question," the question must be "one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985) (internal citations omitted). A substantial question "is one of more substance than would be necessary to a finding that it was not frivolous." *Id.* (internal citations omitted). Moreover, a substantial question "is a 'close' question or one that very well could be decided the other way," or is "fairly debatable." *Id*. (internal citations and quotations omitted). "If a court does find that a question raised on appeal is 'substantial,' it must then consider whether that question is 'so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" *Id.* (quoting *Miller*, 753 F.2d at 23); *see also United States v. Silver*, 203 F. Supp. 3d 370, 377 (S.D.N.Y. 2016) ("[T]he appeal must raise a substantial question that, if decided in defendant's favor, will likely result in a reversal or order for a new trial as to all counts for which a defendant has been sentenced to prison.").

With respect to all of these issues, "the burden of persuasion rests on the defendant." *Randell*, 761 F.3d at 125-26; *see United States v. O'Sullivan, et al.*, No. 20-CR-272 (PKC), 2023 WL 7110292, *2 (E.D.N.Y. Oct. 27, 2023) (denying motions for bail pending appeal because defendants failed to meet their burden to raise a substantial question); *Hilliard*, 2023 WL 3391016, at *5 (same).

III.  <u>Argument</u>

In his motion, the defendant argues there are two substantial questions for appeal: (1) the sufficiency of the evidence of a single interstate stalking conspiracy; and (2) whether this Court erred in limiting cross-examination with respect to the "victims' activities and background in the PRC." ECF No. 357 at 3-5. Neither of these issues presents a substantial question under Section 3143(b). Moreover, these challenges were already made by the defendant, and rejected by the Court, in the defendant's post-trial briefing.

With respect to the defendant's claim concerning the sufficiency of the evidence of a single interstate stalking conspiracy, the Second Circuit will evaluate that claim under the same standard of review applied by this Court in considering the defendant's post-trial motion. *See, e.g., United States v. Yannotti*, 541 F.3d 112, 120-21 (2d Cir. 2008) ("A defendant challenging his conviction on the basis of the insufficiency of the evidence bears a heavy burden." (internal quotations and citation omitted)). Specifically, the Second Circuit will reverse the defendant's convictions "only when there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *United States v. White*, 7 F.4th 90, 98 (2d Cir. 2021) (internal citations and quotations omitted). The appellate court must view the evidence "in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *Id.* (internal quotations omitted).

Given this standard – and as this Court previously found – the evidence presented at trial was more than sufficient to uphold the jury's verdict that the defendant participated in a single interstate stalking conspiracy. *See* ECF No. 294 at 36. As this Court previously held, there

was no reason to disturb the finding of the jury, which was instructed on the defendant's theory of multiple conspiracies:

> [I]t is clear to the Court that the actions taken by Zheng had the same singular objective as the actions taken by the other defendants and alleged co-conspirators – to coerce Xu Jin to return to China. . . . Zheng's knowledge of the harassing purpose of the conspiracy is evidenced, at a minimum, by the note that Zheng and Kuang taped on Xu Jin's door, as well as their unsolicited and unannounced appearance at Xu Jin's home, during which, according to Xu Jin, the men attempted to open the front door. The Court therefore finds that there was sufficient proof that the scope of the criminal enterprise proven fit[] the pattern of the single conspiracy alleged in the indictment.

*Id.* at 39 (internal quotation marks and citations omitted); *see also id.* at 37-38 ("The government, however, introduced evidence to support an inference that Zheng agreed to work in a hub-and-spoke conspiracy with a hub common to his co-defendants – *i.e.*, PRC officials."); *id.* at 38-39 ( finding that Zheng was aware of the harassing conspiratorial aim through social media and phone conversations with co-conspirators, in addition to the note that he attached to Xu Jin's door). The challenge to the sufficiency of the evidence is not novel or "fairly doubtful," and therefore, does not present a substantial question under Section 3143(b). *See Randell*, 761 F.2d at 125.

The defendant's effort to argue that an acquittal as to one charge casts doubt over the sufficiency of the evidence establishing his guilt as to another (Mot. at 4-5) – with distinct elements and evidence – should be dismissed out-of-hand. *See, e.g.*, *Hilliard*, 2023 WL 3391016, at *2 ("[T]he acquittals of Defendant on the witness tampering and witness harassment show nothing about whether the jury found that Defendant used threats, intimidation, or harassment [as required under the statute of conviction]….").

Finally, even if defendant were to prevail on this argument, bail would be inappropriate in light of the defendant's conviction and identical concurrent sentence for the substantive crime of interstate stalking. Accordingly, the Court need not decide whether there is a "substantial question" in relation to the sufficiency of the evidence on the conspiracy charge; either way, there is a charge providing an independent basis for the defendant's imprisonment.

With respect to the defendant's claim that the Court improperly curtailed cross-examination regarding the victim witnesses' conduct in the PRC, the parties agree that the Second Circuit will evaluate those claims under an abuse-of-discretion standard. *See* ECF No. 357 at 4 ("Evidentiary rul[ings] by the district court are reviewed under a deferential abuse of discretion standard, reversing only those determinations that are manifestly erroneous.") (citing *United States v. Torres*, 124 F.4th 84, 99 (2d Cir. 2024)). The defendant now claims that the Court's limitation of questioning into the victims' conduct in the PRC was improper because it prevented the defense from eliciting purported evidence that Xu Jin had "disputes with construction companies," which could have suggested a separate criminal conspiracy that did not involve Zheng. Mot. at 5. The defendant's argument is conjecture at best as there was no evidence introduced at trial, or

proffered, that the defendant was aware of any other dispute involving the victims, aside from attempts to repatriate the victims. Further, the defendant's argument is waived as the defendant never articulated its basis for cross-examining Xu Jin about his work in the PRC, despite a lengthy discussion at the Pretrial Conference, and during trial, about the admissibility of this evidence.

In any event, the defendant's challenge to the Court's evidentiary rulings during cross-examination of the victims fails, as questioning into the victims' "background" was not relevant and would have been unduly prejudicial and confusing to the jury. See United States v. Griffith, 284 F.3d 338, 351-52 (2d Cir. 2002) (upholding district court's limitation of cross-examination where the "subjects would not have been relevant because it would not have tended to make more or less probable any fact at issue in the case" (citing Fed. R. Evid. 401)). Notwithstanding the defendant's belated attempt to justify the proposed line of questioning, the Court properly rejected the defendant's challenges, holding that these cross-examination topics were irrelevant and that any potential probative value "would have been far outweighed by the potential prejudice." ECF No. 294 at 54-56. This evidentiary challenge is not "close" or a "fairly debatable" issue; and, given the deference to the Court's rulings on appeal, the sparse allegation in the defendant's motion does not raise a substantial question.

IV.  Conclusion

For the forgoing reasons, the government respectfully submits that the defendant's motion for bail pending appeal should be denied in its entirety.

                                                Respectfully submitted,

                                                JOHN J. DURHAM
                                                United States Attorney
                                                Eastern District of New York

By:    /s/
          Meredith A. Arfa
          Irisa Chen
          Assistant U.S. Attorneys
          (718) 254-7000

          SUE BAI
          Supervisory Official
          Department of Justice
          National Security Division

By:    /s/
          Christine Bonomo
          Trial Attorney

Cc:    Clerk of the Court (PKC) (by ECF and Email)
       Counsel of Record (by ECF)